MDR

1
2
3
4
5
6
7
8

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith Raniere, | No.    CV 22-00561-TUC-RCC |
| Plaintiff, | |
| v. | **ORDER** |
| Merrick Garland, et al., | |
| Defendants. | |

Plaintiff Keith Raniere, who is confined in the United States Penitentiary-Tucson (USP-Tucson) and is represented by counsel, filed a civil rights Complaint pursuant to 28 U.S.C. § 1331 (Doc. 1) and a Motion for Preliminary Injunction (Doc. 3) and paid the filing and administrative fees.  The Court will order Defendants to answer the Complaint and respond to the Motion for Preliminary Injunction.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity, regardless of whether the prisoner is represented by counsel.  28 U.S.C. § 1915A(a);  *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) ("District courts are required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel, as [§ 1915A] does not differentiate between civil actions brought by prisoners.").  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or

malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

## II.   Complaint

In his three-count Complaint, Plaintiff sues the following Defendants in their official capacities: United States Attorney General Merrick Garland, Bureau of Prisons Director Collette Peters, USP-Tucson Warden Unknown, and Lieutenant Anthony Gallion. Plaintiff seeks a declaratory judgment, prospective injunctive relief, and his attorney's fees and costs.

In **Count One**, Plaintiff alleges his First Amendment right of access to the courts includes "a reasonable opportunity to communicate in a contemporaneous manner with his lawyers."  He contends Defendants "have a pattern and practice of frustrating and interfering with Plaintiff's First Amendment right to communicate with his attorneys," which has frustrated and interfered with his right of access to the courts.  He also claims

Defendants "continue to frustrate and interfere" with his right of access to the courts by housing him in the Special Housing Unit (SHU) "without justification."  Plaintiff seeks "reasonable access to communicate with his attorneys and their agents" in person and "using contemporaneous telephonic methods," subject to limitations that have a reasonable relationship to legitimate penological interests.

In **Count Two**, Plaintiff alleges he was subjected to retaliation for exercising his First Amendment right of access to the courts.  He contends he exercised his First Amendment rights by (1) communicating with his power of attorney, paralegal, and legal manager (Chakravorty) to express "his wishes regarding his finances, legal affairs, and the conditions of confinement"; (2) communicating with his friend (Clyne) and his friend and business partner (Roberts) to express "his thoughts about his criminal case and conditions of confinement"; and (3) and his criminal defense attorneys and their agents to assist them in preparing a motion for new trial.  Plaintiff asserts that his right to communicate with Chakravorty, Clyne, and Roberts was denied "as retaliation for exercising his First Amendment rights."  He also claims that less than a day later after his criminal defense attorney filed the motion for new trial, Defendants "substantially . . . frustrated and impeded Plaintiff's ongoing ability to assist his criminal defense attorney by scrubbing his contact list of his contacts, including . . . Chakraborty."  He claims the short time between the filing of the motion and Defendants' adverse action "raises a substantial likelihood that Defendants['] actions were retaliatory."

In **Count Three**, Plaintiff alleges a violation of his Sixth Amendment rights.  He asserts Defendants have deliberately interfered with the confidential relationship between Plaintiff and his criminal defense attorney and this "substantially prejudices the Plaintiff by denying Plaintiff the ability to timely communicate with his counsel during the time [his motion for new trial] is pending."  He claims the "interference is not isolated," but "part of a pattern and practice of interference intended to deprive Plaintiff of effective assistance of counsel."

The Court will require Defendants to answer the Complaint.

### III.    Motion for Preliminary Injunction

In his Motion, Plaintiff seeks an "***urgent*** injunction allowing reasonable attorney visits and calls, and to prevent retaliatory transfer."  Specifically, Plaintiff requests the Court order that Chakravorty be "recognized as a legal professional for the purposes of communicating confidentially with Plaintiff" and that Plaintiff (1) "receive all legal calls and visits with attorneys that are requested by the attorney," (2) either be released from the SHU and returned to his original unit or remain in the SHU is a single cell, and (3) not be transferred to another prison.  The Court will required Defendants to respond to the Motion for Preliminary Injunction.

**IT IS ORDERED:**

(1)    Plaintiff must serve each Defendant.

(2)    If Plaintiff does not complete service of the Summons and Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(3)    Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(4)    Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

(5)     Within **21 days** of being served with the Complaint and Motion for Preliminary Injunction, Defendants must file a **response** to the Motion for Preliminary Injunction.  Plaintiff may file a **reply** within **10 days** of Defendants' response.

Dated this 3rd day of January, 2023.

Honorable Raner C. Collins
Senior United States District Judge