GARY M. RESTAINO
United States Attorney
District of Arizona
DENISE ANN FAULK
Assistant U.S. Attorney
State Bar No. 12700
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: (520) 620-7300
Email: denise.faulk@usdoj.gov
Attorneys for Warden Gutierrez

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Keith Raniere,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>Merrick Garland, et al.,<br><br>　　　　　　Defendants. | CV-22-00561-TUC-RCC<br><br>**WARDEN GUTIERREZ'S RESPONSE TO PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT JUDGMENT** |

Warden Gutierrez, acting in his official capacity by and through undersigned counsel, hereby responds to Plaintiff's Application for Entry of Default Judgment (Doc. 11). The Court should deny the application because it fails in all respects to establish the relief requested therein. This response is supported by the attached memorandum of points and authorities and accompanying exhibits.

**Memorandum of Points and Authorities**

**I.　Background**

**　A.　Plaintiff Keith Raniere**

A jury convicted Plaintiff Keith Raniere of Racketeering, Racketeering Conspiracy, Forced Labor Conspiracy, Wire Fraud Conspiracy, Sex Trafficking, Attempted Sex Trafficking and Sex Trafficking Conspiracy, and he was sentenced to 120 years in prison. *Raniere v. Garland*,[1] No. 22-CV-00212-RCC (D. Ariz. June 9, 2022), Dkt. 14 at 1, 14-2 at 3,

---

[1] Plaintiff previously brought an action against the same Defendants raising many of the same issues in *Raniere v. Garland*, No. 22-CV-00212-RCC (D. Ariz.). In that action,

16-17, 21-24.  Plaintiff's sentencing judge specifically ordered that Plaintiff "shall not associate in person, through mail, electronic mail or telephone with any individual *with an affiliation to* Executive Success Programs, Nxivm, DOS or any other Nxivm-affiliated organizations." *Id.* Dkt. 14-2 at 3, 29. (Emphasis added.)  Plaintiff is projected to be released from custody on June 27, 2120. *Id.* Dkt. 14-2 at 3.

### B.   Current Complaint

In December 2022, Plaintiff brought his second action against the same Defendants. (Doc. 1.)  Plaintiff again asserts First and Sixth Amendment claims based on two allegedly dropped legal calls with attorneys in May 2022, allegations of retaliatory conduct and the banning of three of Plaintiff's NXIVM affiliated people – two of whom have violated Bureau rules, including by being added to Plaintiff's contact list under a false name after having been banned and for transmitting messages to Plaintiff's co-defendant who is serving time in federal prison.  (*Id.*)  Notably, each of the claimed retaliatory events in the Complaint is alleged "on information and belief" except the purely speculative claim that "[t]he short time between" Plaintiff's attorneys filing a Rule 33 and the Bureau scrubbing his contact list of non-lawyers "raises a substantial likelihood that Defendants actions were retaliatory."[2]  (*Id*. at 35.)

The Complaint sought an injunction restraining Defendants and their agents from interfering with Plaintiff's telephonic communication with his attorneys and their employees and agents or Plaintiff's visiting with his attorneys, "subject only to modest limitations that are reasonably related to legitimate penological interests of Defendants."[3]  (Doc. 1 at 36.)

---

he unsuccessfully brought four motions for preliminary injunction and/or temporary restraining order seeking the relief he seeks in his motion for preliminary injunction. Defendants provided evidence refuting each of Plaintiff's allegations in that case.

[2] The docket in Plaintiff's criminal case belies his claim that he is being denied access to the court.  Plaintiff's criminal attorneys filed a Rule 33 motion, and Plaintiff filed one as well.  *United States v. Raniere*, Case No. 1:18-cr-00204-NGG-VMS, Dkt. 1169, 1178.

[3] Plaintiff also requests an injunction restraining Defendants from "[e]ngaging in other behavior that amounts to a non-frivolous frustration or interference with his First Amendment right to access the courts for the purpose of collaterally attacking his conviction and sentence." (Doc. 1 at 36.)  The request is too vague to determine what, if any, behavior Plaintiff is requesting to have restrained, possibly because Defendants have not engaged in any behavior which interferes with Plaintiff's access to courts or his collateral attack on his conviction, which is ongoing in New York District Court.

The Court screened the Complaint, ordered the Plaintiff to "serve each Defendant," and ordered that "Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure." (Doc. 6 at 4.)

### C.     Motion for Preliminary Injunction

Citing only the Complaint for "background" and providing no evidence, Plaintiff filed a motion for preliminary injunction, seeking four injunctions, that:

1. Plaintiff receive all legal calls and visits with attorneys that are requested by an attorney;
2. Plaintiff's power-of-attorney, Suneel Chakravorty, a non-attorney, be recognized as a legal professional for the purposes of communicating confidentially with Plaintiff;
3. Plaintiff be released from SHU and returned to his original unit, or, if Plaintiff has to stay in the SHU, that he be housed in a single cell; and
4. Plaintiff be designated to USP Tucson for the balance of his sentence.

(Doc. 3 at 12-13.)

The Court reviewed the Motion and ordered "Within **21 days** of being served with the Complaint and Motion for Preliminary Injunction, Defendants must file a **response** to the Motion for Preliminary Injunction." (Doc. 6 at 5.)

### D.     Plaintiff's Partial Service of the Complaint and Motion

Plaintiff filed an Affidavit of Service asserting that "[p]ursuant to F.R.Civ.P. 4(i)(2), on *12/20/2022*, I served the Complaint, Motion for Preliminary Injunction, *Screening Order*, and *Summons* in the matter of Case Number: 4:22-cv-00561-*JCH*-PSOT, upon Mark Gutierrez, the Warden of USP Tucson, at Mark Gutierrez Office of the Warden USP Tucson *9300 S Wilmot Rd Tucson, AZ 85756*, by certified mail – USPS tracking number 70212720000172446869, USPS.com shows this package was *delivered* January 12, 2023." (Doc. 9 at 1.) A glance at the docket shows some of the inaccuracies of the statement:

- ➢ The case number was changed on December 20, 2022, when Judge Collins was assigned to the case. (Doc. 4.)
- ➢ The Screening Order was not entered until January 4, 2023. (Doc. 6.)

> ➢ The Summonses were not issued until January 5, 2023. (Doc. 8.)

A review of the USPS.com tracking information provides further information:

> ➢ 70212720000172446869 was "delivered and is available at a PO Box at 10:08 am on January 12, 2023 in TUCSON, AZ 85756." (Ex. A, Tracking Information.)

Warden Gutierrez actually received the Summons and Complaint, Screening Order and Motion on January 17, 2023. (Ex. B, Mitchell Declaration, ¶ 4.) That would make the response to the Motion due Tuesday, February 7, 2023, at the earliest. (Doc. 6 at 5.)

Additionally, on its face, the Affidavit of Service fails to show service of the Complaint under Rule 4(i)(2), Fed. R. Civ. P. (*See* Doc. 9.)

### E.   Plaintiff's Application for Entry of Default Judgment

On Friday, February 3, 2023, Plaintiff filed the instant Application for Entry of Default Judgment (Doc. 11). Plaintiff asserts he is seeking default under Rule 55(a), (b)(2) & (d), Fed. R. Civ. P. (*Id.*) He asserts that he "has passed screening, therefore he has established a right to affirmative relief by *evidence* that satisfies the Court. Plaintiff has established that *Defendant Gutierrez has been served*, and *has failed to answer within the time ordered*." (*Id.* at 3.) (Emphasis added.)

## II.   Legal Discussion

Plaintiff has failed to serve the Complaint properly. Warden Gutierrez has at least until Tuesday, February 7, 2023, to respond to the Motion for Preliminary Injunction. He has at least until March 20, 2023, to respond to the Complaint. Moreover, Plaintiff has introduced no evidence and would not be entitled to default judgment even if the time for Warden Gutierrez to respond had expired.

### A.   Plaintiff failed to serve the Complaint properly.

Rule 4(i)(2), Fed. R. Civ. P. provides:

> (2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, *a party must serve the United States* and also send a copy of the summons and of the complaint by

> registered or certified mail to the agency, corporation, officer, or employee.

(Emphasis added.) A party serves the United States under Rule 4(i)(1), Fed. R. Civ. P., which provides:

> (1) *United States*. To serve the United States, a party must:
>
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Plaintiff's Affidavit of Service does not show service on the United States, as Rule 4(i)(1) and (2) require in order to serve an officer of the United States acting in his official capacity. (Doc. 9.) Accordingly, Plaintiff has failed to serve the Complaint properly.[4]

### B. Warden Gutierrez's time to respond to the Motion has not expired.

As shown above, Warden Gutierrez received the Summons and Complaint, Motion and Screening Order on Tuesday, January 17, 2023. (Ex. B, ¶ 4.) The Court directed him to respond to the motion "[w]ithin **21 days** of being served with the Complaint and Motion for Preliminary Injunction." (Doc. 6 at 5.) At a minimum, Warden Gutierrez has 21 days after the partial service of the Complaint and Motion to respond to the Motion. Accordingly, Warden Gutierrez has at least until Tuesday, February 7, 2023, to respond to the Motion for Preliminary Injunction.

### C. Warden Gutierrez's time to respond to the Complaint has not expired.

Rule 12(a)(1), Fed. R. Civ. P., provides:

---

[4] Plaintiff's failure to serve the Complaint properly is particularly problematic since the Court dismissed his prior action against the same Defendants for insufficient service of process. *See Raniere v. Garland*, 22-cv-00212-RCC (D. Ariz. Dec. 5, 2022), Dkt. 52 at 7.

> (2) *United States and Its Agencies, Officers, or Employees Sued in an Official Capacity.* The United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim *within 60 days after service on the United States attorney*.

(Emphasis added.)  Plaintiff's Affidavit of Service shows that he has served only Warden Gutierrez and not the United States Attorney or the Attorney General.  (Doc. 9.)  Accordingly, Warden Gutierrez's time to respond to the Complaint has not expired.

### D. Plaintiff is not entitled to default judgment.

Rule 55(a), Fed. R. Civ. P., provides:
> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Here, Warden Gutierrez's time to respond to the Complaint has not expired.  Accordingly, he has not failed to plead or otherwise defend, and default is not appropriate.

Additionally, Plaintiff asserts that default judgment is appropriate under Rule 55(d), which provides: "A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court."  (Doc. 11 at 6.)  Plaintiff asserts that having passed screening, "he has established a right to affirmative relief by evidence that satisfies the Court."  (*Id.*)  However, the Court's Order makes clear that Plaintiff only need plead a "plausible claim for relief" to pass screening.  (Doc. 6 at 2.)  Plaintiff has not, as yet, introduced a scintilla of evidence to back his allegations.

Plaintiff is not entitled to entry of default or default judgment.

### III. Conclusion

Based on the foregoing, Warden Gutierrez respectfully requests that this Court deny all relief Plaintiff requests in his application.

RESPECTFULLY SUBMITTED: February 7, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Denise Ann Faulk*
DENISE ANN FAULK
Assistant U.S. Attorney

Copy of the foregoing served via EM/ECF to

Stacy Scheff
LAW OFFICE OF STACY SCHEFF
P.O. Box 40611
Tucson, AZ 85717

*s/ Pamela Vavra*
*/ Resp to App for Default Judgment*