1
2
3
4
5
6           IN THE UNITED STATES DISTRICT COURT
7               FOR THE DISTRICT OF ARIZONA
8
9    Keith Raniere,                          No. CV-22-00561-TUC-RCC
10                Plaintiff,                  **ORDER**
11   v.
12   Merrick Garland, et al.,
13                Defendants.
14

Plaintiff asks the Court to enter default judgment against Defendant Mark Gutierrez. (Doc. 11.) Gutierrez filed a response (Doc. 12), Plaintiff did not file a reply. The Court will deny the motion.

Plaintiff's Application for Entry of Default Judgment claims he served Gutierrez on January 12, 2023, making the deadline for Gutierrez's response to the Motion for Preliminary Injunction (PI Motion) February 2, 2023. (Doc. 11 at 2.) Since was Gutierrez did not file a response until February 7, 2023, Plaintiff believes he is entitled to default judgment. (*Id.* at 3.) Gutierrez argues that Plaintiff's alleged service was not proper until January 17, 2023, and so he had until February 7, 2023 to respond to the PI Motion and until March 20, 2023 to respond to the Complaint. (Doc. 12 at 4.)

The Court's January 4, 2022 Screening Order required Plaintiff serve the Summons and the Complaint on Gutierrez and required Gutierrez to respond pursuant to Federal Rule of Civil Procedure 12(a). (Doc. 6 at 4.) The Screening Order also allowed Gutierrez to respond to the PI Motion within 21 days of being served both the Complaint and the PI

Motion. (*Id.* at 5.)

Plaintiff filed an affidavit of service the same day as the Court's Screening Order, claiming he served Gutierrez the Complaint, PI Motion, and Notice of Lawsuit and Request to Waive Service of a Summons on December 29, 2022. (Doc. 5.) Plaintiff filed a subsequent affidavit on January 25, 2023, alleging he served the Complaint, Motion for Preliminary Injunction, *Summons*, and the Court's Order on *December 20, 2022*, and that these documents were delivered by certified mail on January 12, 2023. (Doc. 9 at 1.) This is implausible, because the Clerk's Office did not issue the Summons until January 5, 2023. (Doc. 8-1 at 1.) Plaintiff claims he also served the Director of the Bureau of Prisons in Washington, D.C. on January 23, 2023, and Attorney General Merrick Garland in Washington, D.C. on January 24, 2023. (Doc. 9.)

Under Rule 4(i) of the Federal Rules of Civil Procedure:

> **(i)     Serving the United States and Its Agencies, Corporations, Officers, or Employees**
>
> > **(a) *Agency; Corporation; Officer or Employee Sued in an Official Capacity.*** To serve . . . a United States officer or employee sued only in an official capacity, a party *must serve the United States and also* send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer or employee.

Fed. R. Civ. P. 4(i)(2) (emphasis added). Service on the United States requires three steps.

To serve the United States, a party must:

> (A)
> > (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—*or* to an assistant United States attorney *or* clerical employee whom the United States attorney designates in a writing filed with the court clerk—*or*
>
> > (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

*Id.* at 4(i)(1)-(2) (emphasis added). "[A] United States officer or employee sued only in an official capacity must serve an answer to a complaint . . . within 60 days after service on the United States attorney." *Id.* at 12(a)(2).

   Plaintiff allegedly sent the Summons and Complaint by certified mail to Gutierrez on January 12, 2023 and to Attorney General Merrick Garland on January 24, 2023. However, there is no indication—nor does Plaintiff assert—that he served the Complaint, Summons, and the Court's Screening Order on the United States attorney for the District of Arizona, an assistant United States attorney, or a clerical employee or the civil-process clerk at the United States attorney's office. Thus, service on Gutierrez is not complete, regardless of whether Gutierrez received Plaintiff's documents through certified mail on January 12 or January 17, 2023.

   Accordingly, IT IS ORDERED Plaintiff's Application for Entry of Default Judgment—Warden Mark Gutierrez is DENIED. (Doc. 11.)

   Dated this 24th day of February, 2023.


_____
Honorable Raner C. Collins
Senior United States District Judge