GARY M. RESTAINO
United States Attorney
District of Arizona
DENISE ANN FAULK
Assistant U.S. Attorney
State Bar No. 12700
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: (520) 620-7300
Email: denise.faulk@usdoj.gov
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith Raniere,<br><br>              Plaintiff,<br><br>       vs.<br><br>Merrick Garland, et al.,<br><br>              Defendants. | CV-22-00561-TUC-RCC<br><br>**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** |

Defendants Garland, Peters, Gutierrez and Ulrich, acting in their official capacities by and through undersigned counsel, hereby move to strike Plaintiff's Reply in Support of Motion for Preliminary Injunction (Doc. 20). The Reply grossly exceeds the allowed page limits for a reply and impermissibly includes evidence not presented in the motion. This motion is supported by the attached memorandum of points and authorities and all matters of record.

**Memorandum of Points and Authorities**

**I.      Background**

In May 2022, Plaintiff filed a complaint against Defendants. *Raniere v. Garland*, No. 22-CV-00212-RCC, Dkt. 1 (D. Ariz. May 3, 2022). On December 5, 2022, this Court dismissed the action for insufficient service of process. *Id.* Dkt. 52 (D. Ariz. Dec. 5, 2022). Eleven days later, Plaintiff filed a new complaint against Defendants. (Doc. 1.) And, three days after that, Plaintiff filed a Motion for Preliminary Injunction. (Doc. 3.)

Instead of providing evidence supporting the requested relief, Plaintiff cited to the allegations in his Complaint. (*Id.* at 1-3.) Defendants responded, citing to a Declaration bringing the Court up to date since the filings in the prior case and otherwise attaching documents from the prior case for the Court's convenience. (Doc. 17.)

Plaintiff then filed an 18-page Reply and included 241 pages of exhibits and no exhibit list. (Doc. 20.) The majority of the exhibits appear[1] to predate the instant Complaint and Motion. (*Id.*) Exhibit 1 is a Declaration from Suneel Chakravorty dated February 24, 2023, that addresses his and Plaintiff's actions in New York before Plaintiff arrived at USP Tucson, and, thus, could have been submitted when the Motion was submitted. (Doc. 20-1 at 2-5.) Exhibit 3 is a Central Office Administrative Remedy Appeal, dated February 17, 2023, the week before the Reply was filed.[2] (Doc. 20-3 at 2.) Exhibit 5 is another Declaration from Suneel Chakravorty dated February 24, 2023, that addresses his and Plaintiff's actions before June 21, 2022, and, again, could have been submitted when the Motion was submitted. (Doc. 20-5 at 2-6.)

**II.    The Reply and Its Exhibits Should Be Stricken**

Rule 17.2(m)(1) provides that a motion to strike may be filed "if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." LRCiv 17.2(m)(1). Rule 17.2(e)(2) provides that "[u]nless otherwise permitted by the Court, a reply including its supporting memorandum may not exceed eleven (11) pages, exclusive of attachments." LRCiv 17.2(e)(2). Plaintiff's Reply is 18 pages, and Plaintiff failed to request permission to exceed the page limit.[3] (Docket, generally.)

Moreover, "[w]hen new material is raised in a reply brief, a district court has the

---

[1] For the most part, the exhibits are not properly authenticated. (Doc. 20.)
[2] Thus, it cannot show exhaustion of administrative remedies before the Complaint was filed.
[3] Additionally, when exhibits are filed, "[t]he first page of the attachment should be an index of the attached exhibits." District of Arizona Case Management/Electronic Case Filing Administrative Policies and Procedures Manual. II.N.1.c. Plaintiff's Reply includes numerous exhibits and fails to include an exhibit list.

discretion to strike that material." *McCoy v. U.S. Collections W., Inc.*, No. CV-14-0048-PHX-LOA, 2014 WL 3898088, 2020 WL 7027558, at *4 (D. Ariz. Aug. 11, 2014) (internal citations omitted); *see also Chalasani v. Paymentwall, Inc.*, No. CV-20-00460-PHX-DGC, *4 (D. Ariz. Nov. 30, 2020) (same); *Stud v. Cains*, No. CV-15-01045-PHX-DJH, 2018 WL 11352444, at *5 (D. Ariz. Apr. 20, 2018) ("New arguments, issues and evidence may not be raised in reply briefs absent leave of the court."); *Freitas v. Thomas*, No. CV-13-01364-PHX-SRB (ESW), 2016 WL 310718, at *4 (D. Ariz. Jan. 26, 2016) ("To the extent that a party raises a new argument or proffers new evidence and information in a reply brief, that argument or evidence is improper because the opposing party is deprived of an opportunity to respond."); *McCoy v. U.S. Collections West, Inc.*, No. CV-14-0048-PHX-LOA, 2014 WL 3898088, at *4 (D. Ariz. Aug. 11, 2014) (striking affidavit attached to reply when party had "not requested leave of the Court to file an untimely affidavit or provided any reason why he could not have raised the new information contained in his affidavit at an earlier time"); *Stickle v. SCI Western Market Support Center*, L.P. No. 08–083–PHX–MHM, 2009 WL 3241790, at *4 (D. Ariz. Sept. 30, 2009) ("The rule that a moving party must present all of its evidence or raise all of its legal arguments in a substantive brief, rather than in reply, is a rule rooted in the notion of fairness between parties."); *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n. 5 (9th Cir. 2003) (declining to consider an issue raised for the first time in a reply brief); *Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1273 (9th Cir. 1993) (striking portions of a reply brief that presented new information).

     Plaintiff filed a motion for preliminary injunction supported only by the bare allegations in his Complaint. (Doc. 3.) When faced with the complete dearth of evidence supporting his motion, he then filed a Reply that exceeded the page limits and included 241 pages of "evidence" that he failed to include in his motion. (Doc. 20.) Other than declarations produced post-motion addressing pre-motion events, the documents primarily appear to be documents that existed prior to the motion. Plaintiff, in addition to failing to request to exceed the page limit, failed to explain why the documents were not produced

with the motion. The Court should exercise its discretion to strike Plaintiff's Reply.

**III.     Conclusion**

Based on the foregoing, this Court should strike Plaintiff's Reply in Support of Motion for Preliminary Injunction (Doc. 20).

RESPECTFULLY SUBMITTED:  March 3, 2023.

>	GARY M. RESTAINO
>	United States Attorney
>	District of Arizona
>
>	*s/ Denise Ann Faulk*
>	DENISE ANN FAULK
>	Assistant U.S. Attorney

Copy of the foregoing served via EM/ECF to

Stacy Scheff
LAW OFFICE OF STACY SCHEFF
P.O. Box 40611
Tucson, AZ 85717

s/ *Pamela Vavra*
/ *MT Strike Reply – Violates All Rules*

- 4 -