Stacy Scheff
LAW OFFICE OF STACY SCHEFF
P.O. Box 40611, Tucson, AZ 85717-0611
(520) 471-8333 • FAX (520) 300-8033
stacy@ScheffLaw.com
State Bar No. 028364
*Counsel for Plaintiff*

## DISTRICT COURT FOR THE UNITED STATES
## DISTRICT OF ARIZONA

| | |
|---|---|
| Keith Raniere,<br><br>      Plaintiff,<br><br>v.<br><br>Merrick Garland, US Attorney General; Michael Carvajal, Director Federal Bureau of Prisons; Danon Colbert, Warden USP Tucson, Anthony Gallion (all in their official capacities),<br><br>      Defendants | Case No.: 4:22-cv-00561-RCC-PSOT<br><br>**MOTION TO EXCEED PAGES *NUNC PRO TUNC* AND RESPONSE TO MOTION TO STRIKE** |

Plaintiff, via counsel, seeks leave of Court to exceed the page limit for his Reply in Support of Preliminary Injunction at Doc. 20, and responds to Defendants' Motion to Strike it.

**I. Background.**

Plaintiff initiated this action for prospective relief only, claiming Sixth Amendment access to counsel, and First Amendment access to courts, and retaliation by Defendants. Docs. 1 & 3. In opposing Plaintiff's Motion for Preliminary Injunction, Defendants sought leave to exceed the page limit. Doc. 13. The reason given was that Plaintiff's Motion was supported by his Complaint, and therefore the defense needed additional pages to address Plaintiff's claims. *Id.* Defendants then filed a 28-page Response, exceeding the page limit by 11 pages. Doc. 14. Because of the length of

1

Defendants' Response, Plaintiff's bullet-pointed Reply was also necessarily long.

Defendants now seek to strike Plaintiff's Reply because it exceeds the allowable page limit by 7 pages.  Doc. 24.  In an effort to clearly address each point raised by Defendants in their Response, undersigned counsel formatted the Reply in numbered points, with bullet point responses to each.  Doc. 20.  This format allowed for greater visual ease of reading, but also extended the page limit of the document.

Defendants also complain that Plaintiff's Reply exceeds the scope of the Complaint and Motion, is "new material", and could have been submitted with the Motion.  Doc. 24.

Lastly, Defendants complain that Plaintiff did not include an Index of Exhibits.  Plaintiff is filing the Index concurrently with this Response.

**II. Law & Argument.**

As the word implies, Plaintiff's Reply *replies* to Defendants' Response.  In their Response, Defendants raised the issues that they now complain about, therefore it is proper for Plaintiff to address those issues in his Reply.  For example, Defendants complain about Suneel Chakravorty's affidavit regarding his actions in New York before Plaintiff arrived at USP Tucson.  Doc. 24, p.2.  However, in their Response, Defendants introduced and incorporated an entire section entitled, "Bureau Records on Mr. Chakravorty from New York."  Doc. 14, pp. 4-5.  The justification for banning Mr. Chakravorty from communicating with Plaintiff is that Mr. Chakravorty committed acts in New York that posed a threat to the institution. *Id.* Therefore Plaintiff may properly give evidence in support of Plaintiff's original contention that Mr. Chakravorty *did not*

pose any threat to any institution and the purported justification is a smokescreen for First Amendment retaliation.

Further, Defendants *chose* to expand the temporal scope of the matter to try to show justification for their actions, and therefore opened the door to Plaintiff's inclusion of evidence refuting the new arguments raised by Defendants.

> We have emphasized that "[w]here the defendant opens the door to an argument, it is fair advocacy for the prosecution to enter."

*U.S. v. Garcia-Guizar*, 160 F.3d 511, 522 (9th Cir. 1998) (citing *U.S. v. Williams,* 990 F.3d 507 (9th Cir. 1993)).  The same principle applies to civil cases.

Defendants cite *Cedano-Viera v. Ashcroft*, 324 F.3d 1062 (9th Cir. 2003) and *Tovar v. U.S. Postal Serv.* 3 F.3d 1271 (9th Cir. 1993) for the proposition that "when new material is raised in a reply brief, a district court has the discretion to strike that material."[1]  However, the cases clarify that it is only new *arguments* raised in the Reply that offend the procedure.  Evidence supporting the arguments raised in the Motion does not run afoul of the law.  Here, Plaintiff has only presented *evidence* that supports his original arguments, not new arguments.

In *Tovar*, the court there found that only <u>portions</u> of the reply were improper and only struck those portions, not the entire document as Defendants want to do here. *Tovar,* 3 F.3d at fn.3.

//

---

[1] Defendants cite numerous District Court opinions (which are not binding precedent and therefore may be disregarded), but only two 9th Circuit opinions.

**III. Conclusion.**

For the foregoing reasons, Plaintiff requests that the Court grant leave to exceed pages *nunc pro tunc*, and to deny Defendants' Motion to Strike at Doc. 24.

DATED this 3rd day of March, 2023 by

/s/Stacy Scheff
STACY SCHEFF
Attorney for Plaintiff

Delivered via ECF
to all registered parties