GARY M. RESTAINO
United States Attorney
District of Arizona
DENISE ANN FAULK
Assistant U.S. Attorney
State Bar No. 12700
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: (520) 620-7300
Email: denise.faulk@usdoj.gov
Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith Raniere,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Merrick Garland, et al.,<br><br>　　　　　Defendants. | CV-22-00561-TUC-RCC<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**<br><br>**AND RESPONSE TO PLAINTIFF'S MOTION TO EXCEED PAGE LIMITS** |

Defendants Garland, Peters, Gutierrez and Ulrich, acting in their official capacities by and through undersigned counsel, hereby reply in support of their motion to strike Plaintiff's Reply in Support of Motion for Preliminary Injunction (Doc. 20) and respond to Plaintiff's Motion to Exceed Page Limits (Doc. 25). As demonstrated in the motion to strike, the Reply grossly exceeds the allowed page limits for a reply and impermissibly includes *evidence*[1] not presented in the motion. The motion to exceed page limits seeks an order *nunc pro tunc* but fails to establish any basis for such relief. This reply and response are supported by the attached memorandum of points and authorities and all matters of record.

---

[1] Plaintiff dismissively states that Defendants complained because the Reply "is 'new material.'" (Doc. 25 at 2.) The motion to strike clearly demonstrated that it is improper to introduce new materials, new evidence and new arguments in a reply. (Doc. 24 at 2-3.) Plaintiff admits the exhibits were new evidence that was not presented in the motion for preliminary injunction. (Doc. 25 at 2-3.)

**Memorandum of Points and Authorities**

**I.     Background**

Defendants outlined the background of this proceeding and the prior proceeding in the motion and will not repeat it here. In short, after having an action dismissed for insufficient service of process, Plaintiff filed a second action against the Defendants and a motion for preliminary injunction. (Doc. 24 at 1-2.) Plaintiff supported his motion for preliminary injunction with the *allegations* in his Complaint, not with *evidence.* (*Id.* at 2.)

Defendants responded, citing to evidence including a Declaration bringing the Court up to date since the filings in the prior case and otherwise attaching documents with evidence from the prior case for the Court's convenience. (Doc. 17.) Plaintiff then filed an 18-page Reply and included 241 pages of exhibits. (Doc. 20.) The majority of the exhibits appear[2] to have been created prior to or pertain to events that occurred prior to the instant Complaint and motion for preliminary injunction. (*Id.*; Doc. 20-1 at 2-5; Doc. 20-5 at 2-6.)

Defendants filed the motion to strike under LRCiv 17.2(m)(1) because Plaintiff exceeded the LRCiv 17(e)(2) page limit without first requesting permission and included evidence in the reply that was not included in the motion. (Doc. 24.) In response, Plaintiff filed a Motion to Exceed Page Limit *Nunc Pro Tunc* and Response to Motion to Strike. (Doc. 25.) Plaintiff asserts that the Reply was "necessarily long" because of length of Defendants' response. (*Id.* at 1-2.) However, Plaintiff does not explain why he could not have requested permission to exceed the page limit prior to filing the response.[3] (*Id.*) Additionally, Plaintiff admits that in the Reply he "has only presented *evidence* that supports his original arguments, not new arguments." (*Id.* at 3.) Plaintiff fails to show why he did not present the evidence with the motion, instead of relying therein on the bare allegations of the Complaint. (*Id.*)

---

[2] For the most part, the exhibits are not properly authenticated. (Doc. 20.)
[3] Clearly, Plaintiff was aware of the process to request permission to exceed page limits, as he noted that Defendants did so prior to filing their response. (*Id.* at 1.)

**II.     The Court Should Strike the Reply**

The law is clear: "[w]hen new material is raised in a reply brief, a district court has the discretion to strike that material." *McCoy v. U.S. Collections W., Inc.*, No. CV-14-0048-PHX-LOA, 2014 WL 3898088, 2020 WL 7027558, at *4 (D. Ariz. Aug. 11, 2014) (internal citations omitted); *see also Chalasani v. Paymentwall, Inc.*, No. CV-20-00460-PHX-DGC, *4 (D. Ariz. Nov. 30, 2020) (same).  The rule applies to "*evidence*" presented for the first time, "which may not be raised in reply briefs *absent leave of the court*." *Stud v. Cains*, No. CV-15-01045-PHX-DJH,  2018 WL 11352444, at *5 (D. Ariz. Apr. 20, 2018) (Emphasis added).  This is because when "a party raises a new argument or proffers new *evidence* and information in a reply brief, that argument or *evidence* is improper because the opposing party is deprived of an opportunity to respond." *Freitas v. Thomas*, No. CV-13-01364-PHX-SRB (ESW), 2016 WL 310718, at *4 (D. Ariz. Jan. 26, 2016) (Emphasis added.)  Accordingly, a court struck an affidavit attached to a reply because the party had "not requested leave of the Court to file an untimely affidavit or provided any reason why he could not have raised the new information contained in his affidavit at an earlier time." *McCoy*, 2014 WL 3898088, at *4.  "The rule that a moving party must present all of its evidence or raise all of its legal arguments in a substantive brief, rather than in reply, is a rule rooted in the notion of fairness between parties." *Stickle v. SCI Western Market Support Center*, L.P. No. 08–083–PHX–MHM, 2009 WL 3241790, at *4 (D. Ariz. Sept. 30, 2009).[4]

Plaintiff argues that *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n. 5 (9th Cir. 2003), and *Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1273 n. 3 (9th Cir. 1993), "clarify that it is only new *arguments* raised in the Reply that offend the procedure." (Doc. 25 at 3.)  To the contrary, in *Tovar*, counsel presented an affidavit with the reply brief explaining the source of new statistics first presented in the reply brief. *Id*.  The Ninth Circuit held that

---

[4] Plaintiff blithely asserts "Defendants cite numerous District Court opinions (which are not binding precedent and therefore may be disregarded), but only two 9th Circuit opinions."  (Doc. 25 at 3.)  Plaintiff then chooses not to address the legal standards set forth in those decisions. (*Id.*)

- 3 -

"[t]o the extent that the brief presents new information, it is improper" and struck all of the portions of the brief that included the improper, new information. *Id*. Further, as the cases above demonstrate, new materials, new evidence, new arguments and new issues should be stricken when first raised in a reply. All evidence must be presented in a substantive brief, not in a reply. *See Stickle*, 2009 WL 3241790, at *4.

A party must introduce evidence, not mere allegations, to establish entitlement to a preliminary injunction. *See Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 952–53 (9th Cir. 2013) (denying injunction for failing to raise a serious question that plaintiffs were likely to succeed on the merits when they presented no evidence that the statute was an ineffective means of accomplishing the stated goal); *Herb Reed Enterprises, LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1251 (9th Cir. 2013) ("Those seeking injunctive relief must proffer evidence sufficient to establish a likelihood of irreparable harm"); *Stanley v. Univ. of S. California*, 13 F.3d 1313, 1325 (9th Cir. 1994) (holding the district court had drawn a "logical inference of hardship from this evidence"); *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 675 (9th Cir. 1988) (rejecting evidence that was "too remote and speculative to constitute an irreparable injury meriting preliminary injunctive relief").

Here, Plaintiff filed a motion for preliminary injunction supported only by the bare allegations in his Complaint. (Doc. 3.) When faced with the complete dearth of evidence supporting his motion, he then filed a Reply that included 241 pages of "evidence" that he failed to include in his motion. (Doc. 20.) Other than declarations produced post-motion addressing pre-motion events, the documents primarily appear to be documents that existed prior to the motion. Plaintiff failed to explain why the evidence was not produced with the motion or even why he did not request leave of court to present the evidence with his Reply.

The Court should exercise its discretion to strike Plaintiff's Reply.

### III. The Court Should Deny Plaintiff's Untimely Motion to Exceed Page Limits

Plaintiff is requesting this Court to allow him to exceed the page limits for his

1  Reply.  (doc. 25 at 1-2.)  Plaintiff still fails to explain why he did not and could not have
2  requested permission to exceed the page limits before filing the Reply.  (*Id.*)  He has
3  failed to show he is entitled to a *nunc pro tunc* Order.  *See Roman Cath. Archdiocese of*
4  *San Juan, Puerto Rico v. Acevedo Feliciano*, 140 S. Ct. 696, 700-01 (2020) (recognizing
5  federal courts issue *nunc pro tunc* orders to reflect the reality of what has occurred, not to
6  be an "Orwellian vehicle for revisionist history"); *Singh v. Mukasey*, 533 F.3d 1103, 1110
7  (9th Cir. 2008) (the power to issue *nunc pro tunc* orders "is a limited one, and may be
8  used only where necessary to correct a clear mistake and prevent injustice"); *In re*
9  *Kroeger Properties & Dev., Inc.*, 57 B.R. 821, 822–23 (B.A.P. 9th Cir. 1986) (adopting
10 test from *In re Twinton Properties P'ship*, 27 B.R. 817, 819 (Bankr. M.D. Tenn.), *report*
11 *and recommendation approved,* 33 B.R. 111 (M.D. Tenn. 1983), which includes the
12 attorney's failure to seek approval timely is "satisfactorily explained").
13       The Court should deny Plaintiff's untimely motion to exceed page limits for failure
14 to provide any explanation for his failure to act timely.
15 **IV.   Conclusion**
16       Based on the foregoing and for the reasons set forth in the motion, this Court should
17 strike Plaintiff's Reply in Support of Motion for Preliminary Injunction (Doc. 20).
18       RESPECTFULLY SUBMITTED:  March 10, 2023.

                             GARY M. RESTAINO
                             United States Attorney
                             District of Arizona

                             *s/ Denise Ann Faulk*
                             DENISE ANN FAULK
                             Assistant U.S. Attorney

Copy of the foregoing served via EM/ECF to

Stacy Scheff
LAW OFFICE OF STACY SCHEFF
P.O. Box 40611
Tucson, AZ 85717

s/ *Pamela Vavra*
*/ Reply re MT Strike Reply – Violates All Rules*