GARY M. RESTAINO
United States Attorney
District of Arizona
DENISE ANN FAULK
Assistant U.S. Attorney
State Bar No. 12700
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: (520) 620-7300
Email: denise.faulk@usdoj.gov
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith Raniere,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Merrick Garland, et al.,<br><br>　　　　　Defendants. | CV 22-00561-TUC-RCC<br><br>**STATEMENT OF FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION** |

Defendants Garland, Peters, Gutierrez and Ulrich, acting in their official capacities by and through the attorneys undersigned, file this Statement of Facts in support of Defendants' Motion for Summary Judgment on Exhaustion pursuant to Fed.R.Civ.P. 56.

**A.    Plaintiff**

1.    Plaintiff Keith Raniere is a federal inmate at the United States Penitentiary (USP Tucson) in Tucson, Arizona. (Doc. 17 at 2.)

2.    Plaintiff is serving an aggregate sentence of 120-years for racketeering conspiracy, racketeering, forced labor conspiracy, wire fraud conspiracy, sex trafficking conspiracy, sex trafficking of Jane Doe 5, and attempted sex trafficking of Jane Doe 8 in violation of multiple federal statutes. (*Id.*; Doc. 17-2 at 3, 17-19, 22-25.)

3.    Plaintiff is projected to be released from custody on June 27, 2120. (Doc. 14-2 at 3, 16, 20.)

4.    On January 21, 2021, Plaintiff was given an Inmate Admission &

Orientation (A&O) Handbook, which describes the administrative remedy process. (Ex. A, Mitchell Declaration, ¶ 14, Att. 3, Intake Screening Form & A&O Program Checklist, p. 1.)

5. On March 9, 2021, Plaintiff was briefed on the Bureau's Administrative Remedy Program as part of the A&O Program. (*Id.* p. 2.)

**B.  Administrative Remedy Program**

6. The Bureau has a four-tiered Administrative Remedy Program for inmate grievances, which is codified at 28 C.F.R. § 542.10 *et seq*. The first step is informal resolution with prison staff. 28 C.F.R. § 542.13(a). Requests for Informal Resolution Forms (also known as a BP-8) are not assigned a Remedy ID number and are not tracked. B-8 forms require the inmate to identify: (1) the inmate's complaint; (2) the relief the inmate is requesting; and (3) efforts made by the inmate to informally resolve the complaint, including the names of the staff he contacted. *See* 28 C.F.R. § 542.13(a) ("Each Warden shall establish procedures to allow for the informal resolution of inmate complaints."). The second step is the filing of a formal Request for Administrative Remedy (also known as a BP-9) at the institution in which the inmate is incarcerated. *See* 28 C.F.R. § 542.14. The BP-9 must be filed within "20 calendar days following the date on which the basis for the Request occurred." *See* 28 C.F.R. § 542.14(a). If the inmate feels the response to his BP-9 is not satisfactory, within 20 calendar days of the date the Warden signed the response, the inmate may then appeal the complaint to the Regional Director, by filing a Regional Office Administrative Remedy Appeal (also known as a BP-10). *See* 28 C.F.R. § 542.15(a). If dissatisfied with the Regional Director's response, the inmate may appeal to the Director, National Inmate Appeals, in the Office of the General Counsel in Washington D.C., by filing a Central Office Administrative Remedy Appeal (also known as a BP-11). *Id.* An inmate may not raise in an appeal an issue he did not raise in a lower level filing. *See* 28 C.F.R. § 542.15(b)(2). The Administrative Remedy Coordinator at any level may reject and return to the inmate without response a Request for Administrative Remedy or appeal that does not meet

procedural requirements as outlined in the Code of Federal Regulations. *See* 28 C.F.R. § 542.17(a). (Ex. A ¶ 4.)

7. An inmate has not exhausted his administrative remedies until he has properly sought review at all three formal levels. 28 C.F.R. § 542.17(a). (*Id.* ¶ 5.)

8. Since July 1990, the Bureau has maintained information related to administrative complaints filed by inmates under the Bureau Administrative Remedy Program in SENTRY. One of the many functions of the SENTRY database is to track administrative remedy complaints and appeals, and it allows one to complete a computerized search of complaints and appeals filed by a specific inmate. (*Id.* ¶ 6.)

9. Each formal complaint (i.e., BP-9, BP-10, and BP-11) is logged into SENTRY at the receiving location. If the complaint is an initial filing, it receives a unique Remedy ID Number upon initial entry, which follows the complaint throughout the appeal process. Each Remedy ID Number also contains an extender that identifies the level of review. The extension F-1 indicates the complaint was filed at the institution level (BP-9). The extension R-1 indicates the complaint or appeal was filed at the regional level (BP-10). The extension A-1 indicates the appeal was filed at the national level (BP-11). So, for example, a formal complaint may be identified as 123456-F1 when filed as a BP-9 at the institution level, as 123456-R1 when filed as a BP-10 at the regional level, and as 123456-A1 when filed as a BP-11 at the national level. That is, the unique Remedy ID number follows the complaint through the process but the extension changes to reflect the level at with the complaint is filed. The number at the end of the extension may change if the remedy or appeal is initially rejected[1] and is then re-filed due to a technical problem, such as improper form, failing to include documentation, or improper filing at that level (i.e., 123456-F1; 123456-F2, etc.). (*Id.* ¶ 7.)

---

[1] Per 28 C.F.R. 542.17(a), the administrative remedy coordinator at any level (BP-9, BP-10, and BP-11) may reject and return to the inmate without a response an administrative remedy and/or appeal that "does not meet any other requirements of this part."

**C.       Inmate Access to Administrative Remedy Forms at USP Tucson**

10.     Inmates have access to the Code of Federal Regulations and Bureau Program Statements, including Program Statement 1330.18, *Administrative Remedy Program*,[2] through the institution law library and the Electronic Law Library.  *See* Program Statement 1315.07, *Inmate Legal Activities* at 4, Att. A at 1-2 (identifying required main law library materials such as "Title 28 of the Code of Federal Regulations" and "All current Bureau of Prisons Program Statements which contain rules codified in Chapters III or V of Title 28 of the Code of Federal Regulations" which includes the procedures outlined in the Administrative Remedy Program).[3]  (*Id.* ¶ 8.)

11.     When an inmate arrives at USP Tucson, he participates in an Admission and Orientation (A&O) Program, during which the inmate is introduced to important aspects of the institution and the housing unit to which the inmate is assigned.  The A&O Program includes instructions on the Bureau's Administrative Remedy Program, how to obtain and submit the appropriate forms, and how to exhaust claims through all levels of the Administrative Remedy Program.  (Ex. A, ¶ 9, Att. 1, USP Tucson Inmate A&O Handbook Excerpt (Jan. 2017), pp. 38-39.)  Additionally, staff members give new inmates a copy of the A&O Handbook, which provides valuable information about the institution's operations, including the Administrative Remedy Program.  (*Id.*)

12.     At USP Tucson, to file an administrative remedy or appeal, an inmate may obtain the appropriate forms from, and submit completed forms to, any Unit Team member.  The Unit Team is comprised of the Unit Manager, Case Manager, Correctional Counselor, and Unit Secretary.  (*Id.* ¶ 10, Att. 1, pp. 3, 38 ("All Administrative Remedy forms may be obtained from your assigned Correctional Counselor or Unit Team member."); *see also* 28 C.F.R. § 542.14(c)(1) (Inmates "shall obtain the appropriate form from . . . institution staff (ordinarily, the correctional counselor."); *see also* Att. 2, TCX

---

[2] Available at https://www.bop.gov/policy/progstat/1330_018.pdf (last visited on April 26, 2023).
[3] Available at https://www.bop.gov/policy/progstat/1315_007.pdf (last visited on April 26, 2023).

1330.18B, *Administrative Remedy Program*, p. 3 ("Only unit team members may issue form BP-229, Request for Administrative Remedy (BP-9) to inmates, including those housed in the [SHU]"). While the "Correctional Counselor will initial, date, and write the inmate's last name on the top right hand section of the form for accountability purposes[,]" there is no requirement that an inmate provide a reason for needing an administrative remedy form in order to obtain that form. (*Id.*)

13. "An Inmate Request to Staff Member (form BP-S148), commonly called a Cop-Out, is used to make a written request to a staff member. Any type of request can be made with this form[,]" to include if an inmate believes that his Unit Team is not providing him with administrative remedy forms or is not properly processing administrative remedy forms. (*Id.* ¶ 11, Att. 1, p. 38.) These requests or "cop-outs" can be made to any staff member, including Associate Wardens and the Warden. An inmate may file an inmate request to staff (cop-out), informal grievance (BP-8), or formal grievance (BP-9, BP-10, or BP-11) while in general population or while housed in the SHU. *See* 28 C.F.R. § 541.31(o) ("You can submit a formal grievance challenging any aspect of your confinement in the SHU through the Administrative Remedy Program[.]").

14. "If the inmate reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution, the inmate may submit the Request directly to the appropriate Regional Director." *See* 28 C.F.R. § 542.14(d)(1); (Ex. A, ¶ 12, Att. 1, p. 39 ("If an inmate believes a complaint is of a sensitive nature and he would be adversely affected if the complaint became known to the institution, he may file the complaint directly to the Regional Director.")).

15. If an inmate has an issue that he wants to bring to the attention of staff, he can do so via a written request (cop-out) at any time, as detailed above, or during in-person meetings with multiple Unit Team, and other, staff. (*Id.* ¶ 13.)

**D. Plaintiff's Administrative Remedies**

16. During Plaintiff's incarceration with the Bureau, he has filed twenty

- 5 -

administrative remedies. (Ex. A, ¶ 16, Att. 4, SENTRY Administrative Remedy Index, pp. 1-11.)

17. In Remedy No. 1147194-F1 (10), received on January 9, 2022, Plaintiff requested to return to general population. (*Id.* ¶ 18, Att. 4, p. 2.) This remedy was rejected because Plaintiff did not attach the attempt at informal resolution as part of his BP-9 submission. (*Id.*) He has not filed any appeal to the Office of General Counsel (BP-11) associated with this administrative remedy. (*Id.*)

18. In Remedy No. 1147196-F1 (BP-9), received on January 9, 2022, Plaintiff requested to be unrestrained during legal visits. (*Id.* ¶ 19.) He has not filed any appeals to the Office of General Counsel (BP-11) associated with this administrative remedy. (*Id.*)

19. In Remedy No. 1111640-R1 (BP-10), received on February 25, 2022, Plaintiff appealed disciplinary sanctions imposed with respect to Incident Report No. 3547878. (*Id.* ¶ 20, Att. 4, p. 3; Att. 5, Remedy No. 1111640, p. 1.) In the remedy, Plaintiff asks, "Please expunge these shots and make this situation right." (*Id.*)

20. In Remedy No. 1111640-A1 (BP-11), received on June 30, 2022, Plaintiff further appealed disciplinary sanctions imposed with respect to Incident Report No. 3547878. (*Id.* ¶ 21, Att. 4, p. 3; Att. 5, p. 9.)

21. In Remedy No. 1133790-F1 (BP-9), received on September 14, 2022, Plaintiff requested visitation denial information. (*Id.* ¶ 22, Att. 4, p. 4.) He has not filed an appeal to the Office of General Counsel (BP-11) associated with this administrative remedy. (*Id.*)

22. In Remedy No. 1133798-F1 (BP-9), received on September 14, 2022, Plaintiff requested information about the denial of paralegal on his approved list. (*Id.* ¶ 23, Att. 6, Remedy No. 1133798, p. 2.) As reflected below, Plaintiff's appeal to the Office of General Counsel (BP-11) associated with this administrative remedy was rejected for procedural deficiencies. (*Id.* p. 9.)

23. In Remedy No. 1133808-F1 (BP-9), received on September 14, 2022,

Plaintiff complained about the loss of his contacts in TRULINCS, an inmate computer system. (*Id.* ¶ 24; Att. 4, p. 5.) He has not filed an appeal to the Office of General Counsel (BP-11) associated with this administrative remedy. (*Id.*)

24. In Remedy No. 1137228-F1 (BP-9), received on October 13, 2022, Plaintiff complained about being restrained in the Special Housing Unit for legal visits and legal calls. (*Id.* ¶ 25, Att. 4, p. 5.) This remedy was rejected because Plaintiff did not state the basis for his request. (*Id.*) He has not filed any appeals to the Regional Director (BP-10), or Office of General Counsel (BP-11) associated with this administrative remedy. (*Id.*)

25. In Remedy No. 1139873-F1 (BP-9), received on November 3, 2022, Plaintiff requested information. (*Id.* ¶ 26, Att. 4, p. 6.) This remedy was rejected because Plaintiff was limited to one request per BP-9 submission. *Id.* He has not filed any appeals to the Regional Director (BP-10), or Office of General Counsel (BP-11) associated with this administrative remedy.

26. In Remedy No. 1139878-F1 (BP-9), received on November 3, 2022, Plaintiff requested information regarding visitors removed from his visiting list. (*Id.* ¶ 27, Att. 7, Remedy No. 1139878, p. 2.) This remedy was rejected because Plaintiff was limited to one request per BP-9 submission. (*Id.*, Att. 4, p. 6.) He has not filed any appeal to the Regional Director (BP-10) associated with this administrative remedy. (*Id.*) As reflected below, Plaintiff's two appeals to the Office of General Counsel (BP-11) associated with this administrative remedy were both rejected for procedural deficiencies. (*Id.* pp. 8-9.)

27. In Remedy No. 1140848-F1 (BP-9), received on November 10, 2022, Plaintiff requested to be treated like a general population inmate during legal visits. (*Id.* ¶ 28, Att. 4, p. 7.) This remedy was rejected because Plaintiff failed to state the basis for his request. (*Id.*) He has not filed any appeals to the Regional Director (BP-10), or Office of General Counsel (BP-11) associated with this administrative remedy. (*Id.*)

28. In Remedy No. 1133798-R1 (BP-10), received on January 31, 2023, Plaintiff appealed to the Regional Director about the denial of a paralegal on his approved

list. (*Id.* ¶ 29, Att. 4, p. 7; Att. 6, p. 3.) As reflected below, Plaintiff's appeal to the Office of General Counsel (BP-11) associated with this administrative remedy was rejected for procedural deficiencies. (*Id.* Att. 4, p. 9.)

29. In Remedy No. 1133790-R1 (BP-10), received on January 31, 2023, Plaintiff appealed to the Regional Director about visitation denial information. (*Id.* ¶ 30, Att. 4, p. 8.) He has not filed any appeals to the Office of General Counsel (BP-11) associated with this appeal. (*Id.*)

30. In Remedy No. 1139878-A2 (BP-11), received on February 8, 2023, Plaintiff appealed to the Office of General Counsel (BP-11) regarding his request for information regarding visitors removed from his visiting list. (*Id.* ¶ 31, Att. 4, p. 8.) This appeal was rejected because Plaintiff was limited to one request per submission. (*Id.* Att. 4, p. 8 ("DIR" rejection reason is the annotation for concurring with the prior rejection reasons); Att. 7, p. 6.)

31. In Remedy No. 1139878-A1 (BP-11), received on February 13, 2022, Plaintiff appealed to the Office of General Counsel (BP-11) regarding his request for information regarding visitors removed from his visiting list. (*Id.* ¶ 32, Att. 4, p. 9; Att. 6, p. 4.) This appeal was rejected because Plaintiff was limited to one request per submission. *Id.* Att. 4, p. 8 ("DIR" rejection reason is the annotation for concurring with the prior rejection reasons); Att. 6, p. 5.)

32. In Remedy No. 1133798-A1 (BP-11), received on March 7, 2023, Plaintiff appealed to the Office of General Counsel about the denial of a paralegal on his approved list. (*Id.* ¶ 33, Att. 4, p. 9.) This appeal was rejected because Plaintiff did not provide a copy of his BP-9 and BP-10 and he was instructed to re-submit his appeal in proper form within 15 days from receipt of the rejection notice. (*Id.* ("IRQ RAP RSA" annotations for rejection status reason). He has not re-submitted his appeal to the Office of General Counsel (BP-11) in proper form. (*Id.*)

33. Remedy No. 1147196-R1 (BP-10), received on March 30, 2023, Plaintiff appealed to the Regional Counsel regarding his request to be unrestrained during legal

visits. (*Id.* ¶ 34, Att. 4, p. 10.) This appeal was rejected because he failed to attach his attempt at informal resolution with his submission. (*Id.*) He has not filed any appeals to the Office of General Counsel (BP-11) associated with this appeal. (*Id.*)

34. In Remedy No. 1133808-R1 (BP-10), received on March 30, 2023, Plaintiff appealed to the Regional Director regarding the loss of his contacts in TRULINCS. (*Id.* ¶ 35, Att. 4, p. 10.) This appeal is currently pending a response with a scheduled due date of May 29, 2023. (*Id.*) As the BP-10 is still awaiting a response by the Regional Director, Plaintiff has not filed an appeal with the Office of General Counsel (BP-11) associated with this appeal. (*Id.*)

35. In Remedy No. 1147194-R1 (BP-10), received on April 13, 2023, Plaintiff appealed to the Regional Counsel requesting to be returned to general population. (*Id.* ¶ 36, Att. 4, p. 11.) This appeal was rejected because Plaintiff did not attach the attempt at informal resolution as part of his BP-9 submission. (*Id.* ("DIR" rejection reason is the annotation for concurring with the prior rejection reasons).) He has not filed any appeals to the Office of General Counsel (BP-11) associated with this administrative remedy. (*Id.*)

36. In Remedy No. 1159102-R1 (BP-10), received on April 24, 2023, Plaintiff appealed to the Regional Director about staff. (*Id.* ¶ 37, Att. 4, p. 11.) This appeal was rejected because the issue raised was not deemed to be sensitive and the submission was returned to him. (*Id.* ("SEN" annotation for rejection status reason).) He has not filed any appeals to the Office of General Counsel (BP-11) associated with this appeal. (*Id.*)

37. Of the four appeals Plaintiff has filed with the Office of General Counsel (BP-11), Remedy No. 1111640-A1 pertained to his appeal of disciplinary sanctions imposed on October 26, 2021, and is unrelated to the causes of action in this litigation. (*Id.* ¶ 38, Att. 5.) The remaining three appeals (Remedy Nos. 1139878-A2, 1139878-A1, and 1133798-A1) have been rejected for procedural reasons as reflected above and Plaintiff has not re-filed or cured those filing deficiencies. (*Id.* Atts. 6-7.)

38. Therefore, Plaintiff has not properly filed any appeals, in accordance with

28 C.F.R. § 542.15(a), with the final level of the Administrative Remedy Program (Office of General Counsel (BP-11)) regarding his lack of access to legal calls, lack of access to legal visits, denial of Mr. de la Garza, denial of social visitation, denial of Suneel Chakravorty, his general access to his attorneys, or any other cause of action in this litigation.  (*Id.* ¶ 39.)

DATED:  May 1, 2023.

> GARY M. RESTAINO
> United States Attorney
> District of Arizona
>
> *s/ Denise Ann Faulk*
> DENISE ANN FAULK
> Assistant U.S. Attorney

Copy of the foregoing served via CM/ECF to

Stacy Scheff
LAW OFFICE OF STACY SCHEFF
P.O. Box 40611
Tucson, AZ 85717

*s/ P. Vavra*
/ MSJ - SOF