Exhibit A

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith Raniere, | No. 22-cv-00561-RCC-PSOT |
| Plaintiff, | **DECLARATION OF** |
| vs. | **LORRI MITCHELL** |
| Merrick Garland, US Attorney General, et al., | |
| Defendants. | |

I, Lorri Mitchell, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge and information made known to me from official records reasonably relied upon by me in the course of my employment, hereby make the following declaration relating to the above-titled matter.

1.    I am employed by the United States Department of Justice, Federal Bureau of Prisons (Bureau) as a Legal Assistant at the Federal Correctional Complex in Tucson, Arizona (FCC Tucson). I have been employed by the Bureau, in positions of increasing responsibility since April 2012. I have been employed in my current position since February 2013.

2.    As part of my official duties, I have access to records maintained by the Bureau in the ordinary course of business, including administrative remedy requests of federal inmates, information maintained in the SENTRY[1] database, and inmate central files. All records attached to this declaration are true and accurate copies of Bureau records maintained in the ordinary course of business.

---

[1] SENTRY is the Bureau's national database which tracks various data regarding an inmate's confinement, including, but not limited to, an inmate's institutional history, sentencing information, administrative remedies, and discipline history.

1

2
    **A.**      <u>**Administrative Remedy Program**</u>

3
    3.      I am familiar with all four levels of the inmate administrative grievance

4
procedure created by the Bureau Administrative Remedy Program.  *See* 28 C.F.R. §§

5
542.10 - 542.19.

6
    4.      The Bureau has a four-tiered Administrative Remedy Program for inmate

7
grievances, which is codified at 28 C.F.R. § 542.10 *et seq.*  The first step is informal

8
resolution with prison staff.  28 C.F.R. § 542.13(a).  Requests for Informal Resolution

9
Forms (also known as a BP-8) are not assigned a Remedy ID number and are not tracked.

10
The second step is the filing of a formal Request for Administrative Remedy (also known

11
as a BP-9) at the institution in which the inmate is incarcerated.  *See* 28 C.F.R. § 542.14.

12
The BP-9 must be filed within "20 calendar days following the date on which the basis

13
for the Request occurred."  *See* 28 C.F.R. § 542.14(a).  If the inmate feels the response to

14
his BP-9 is not satisfactory, within 20 calendar days of the date the Warden signed the

15
response, the inmate may then appeal the complaint to the Regional Director, by filing a

16
Regional Office Administrative Remedy Appeal (also known as a BP-10).  *See* 28 C.F.R.

17
§ 542.15(a).  If dissatisfied with the Regional Director's response, the inmate may appeal

18
to the Director, National Inmate Appeals, in the Office of the General Counsel in

19
Washington D.C., by filing a Central Office Administrative Remedy Appeal (also known

20
as a BP-11).  *Id.*  An inmate may not raise in an appeal an issue he did not raise in a lower

21
level filing.  *See* 28 C.F.R. § 542.15(b)(2).  The Administrative Remedy Coordinator at

22
any level may reject and return to the inmate without response a Request for

23
Administrative Remedy or appeal that does not meet procedural requirements as outlined

24
in the Code of Federal Regulations.  *See* 28 C.F.R. § 542.17(a).

25
    5.      An inmate has not exhausted his administrative remedies until he has

26
properly sought review at all three formal levels.  *Id.*

27

28

6. Since July 1990, the Bureau has maintained information related to administrative complaints filed by inmates under the Bureau Administrative Remedy Program in SENTRY. One of the many functions of the SENTRY database is to track administrative remedy complaints and appeals, and it allows one to complete a computerized search of complaints and appeals filed by a specific inmate.

7. Each formal complaint (i.e., BP-9, BP-10, and BP-11) is logged into SENTRY at the receiving location. If the complaint is an initial filing, it receives a unique Remedy ID Number upon initial entry, which follows the complaint throughout the appeal process. Each Remedy ID Number also contains an extender that identifies the level of review. The extension F-1 indicates the complaint was filed at the institution level (BP-9). The extension R-1 indicates the complaint or appeal was filed at the regional level (BP-10). The extension A-1 indicates the appeal was filed at the national level (BP-11). So, for example, a formal complaint may be identified as 123456-F1 when filed as a BP-9 at the institution level, as 123456-R1 when filed as a BP-10 at the regional level, and as 123456-A1 when filed as a BP-11 at the national level. That is, the unique Remedy ID number follows the complaint through the process but the extension changes to reflect the level at with the complaint is filed. The number at the end of the extension may change if the remedy or appeal is initially rejected[2] and is then re-filed due to a technical problem, such as improper form, failing to include documentation, or improper filing at that level (i.e., 123456-F1; 123456-F2, etc.).

8. Inmates have access to the Code of Federal Regulations and Bureau Program Statements, including Program Statement 1330.18, *Administrative Remedy Program*, through the institution law library and the Electronic Law Library. *See* Program Statement 1315.07, *Inmate Legal Activities* at 4, Att. A at 1-2 (identifying required main law library materials such as "Title 28 of the Code of Federal Regulations"

---

[2] Per 28 C.F.R. 542.17(a), the administrative remedy coordinator at any level (BP-9, BP-10, and BP-11) may reject and return to the inmate without a response an administrative remedy and/or appeal that "does not meet any other requirements of this part."

and "All current Bureau of Prisons Program Statements which contain rules codified in Chapters III or V of Title 28 of the Code of Federal Regulations" which includes the procedures outlined in the Administrative Remedy Program).[3]

9.     When an inmate arrives at USP Tucson, he participates in an Admission and Orientation (A&O) Program, during which the inmate is introduced to important aspects of the institution and the housing unit to which the inmate is assigned.  The A&O Program includes instructions on the Bureau's Administrative Remedy Program, how to obtain and submit the appropriate forms, and how to exhaust claims through all levels of the Administrative Remedy Program.  *See* Att. 1, USP Tucson Inmate A&O Handbook Excerpt (Jan. 2017) at 38-39.  Additionally, staff members give new inmates a copy of the A&O Handbook, which provides valuable information about the institution's operations, including the Administrative Remedy Program.  *Id.*

10.     At USP Tucson, to file an administrative remedy or appeal, an inmate may obtain the appropriate forms from, and submit completed forms to, any Unit Team member.  The Unit Team is comprised of the Unit Manager, Case Manager, Correctional Counselor, and Unit Secretary.  *See* Att. 1 at 3, 38 ("All Administrative Remedy forms may be obtained from your assigned Correctional Counselor or Unit Team member."); *see also* 28 C.F.R. § 542.14(c)(1) (Inmates "shall obtain the appropriate form from . . . institution staff (ordinarily, the correctional counselor."); *see also* Att. 2, TCX 1330.18B, *Administrative Remedy Program* at 3 ("Only unit team members may issue form BP-229, Request for Administrative Remedy (BP-9) to inmates, including those housed in the [SHU]").  While the "Correctional Counselor will initial, date, and write the inmate's last name on the top right hand section of the form for accountability purposes[,]" there is no requirement that an inmate provide a reason for needing an administrative remedy form in order to obtain that form.  *See* Att. 2 at 3.

11.     "An Inmate Request to Staff Member (form BP-S148), commonly called a

---

[3] Available at https://www.bop.gov/policy/progstat/1315_007.pdf (last visited on Apr. 26, 2023).

Cop-Out, is used to make a written request to a staff member.  Any type of request can be made with this form[,]" to include if an inmate believes that his Unit Team is not providing him with administrative remedy forms or is not properly processing administrative remedy forms.  *See* Att. 1 at 38.  These requests or "cop-outs" can be made to any staff member, including Associate Wardens and the Warden.  An inmate may file an inmate request to staff (cop-out), informal grievance (BP-8), or formal grievance (BP-9, BP-10, or BP-11) while in general population or while housed in the SHU.  *See* 28 C.F.R. § 541.31(o) ("You can submit a formal grievance challenging any aspect of your confinement in the SHU through the Administrative Remedy Program[.]").

12.    "If the inmate reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution, the inmate may submit the Request directly to the appropriate Regional Director."  *See* 28 C.F.R. § 542.14(d)(1); Att. 1 at 39 ("If an inmate believes a complaint is of a sensitive nature and he would be adversely affected if the complaint became known to the institution, he may file the complaint directly to the Regional Director.").

13.    If an inmate has an issue that he wants to bring to the attention of staff, he can do so via a written request (cop-out) at any time, as detailed above, or during in-person meetings with multiple Unit Team, and other, staff.

**B.    Plaintiff's Administrative Remedy History**

14.    On January 21, 2021, inmate Keith Raniere, Federal Register No. 57005-177, received a copy of the A&O Handbook.  *See* Att. 3, Intake Screening Form & A&O Program Checklist (Redacted) at 1.  On March 9, 2021, Plaintiff was briefed on the Bureau's Administrative Remedy Program as part of the A&O Program.  *Id.* at 2.

15.    I have reviewed the SENTRY information identifying the number and types of administrative remedies and appeals filed by Mr. Raniere.

16.    During Mr. Raniere's incarceration with the Bureau, he has filed twenty administrative remedies and/or appeals.  *See* Att. 4, SENTRY Administrative Remedy Index at 1-11.

17.     I have reviewed the twenty administrative remedies/appeals submitted by Plaintiff during his incarceration.

18.     In Remedy No. 1147194-F1 (BP-9), received on January 9, 2022, Plaintiff requested to return to general population.  *See* Att. 4 at 2.  This remedy was rejected because Plaintiff did not attach the attempt at informal resolution as part of his BP-9 submission.  *Id.* He has not filed any appeal to the Office of General Counsel (BP-11) associated with this administrative remedy.

19.     In Remedy No. 1147196-F1 (BP-9), received on January 9, 2022, Plaintiff requested to be unrestrained during legal visits.  *Id.*  He has not filed any appeals to the Office of General Counsel (BP-11) associated with this administrative remedy.

20.     In Remedy No. 1111640-R1 (BP-10), received on February 25, 2022, Plaintiff appealed disciplinary sanctions imposed with respect to Incident Report No. 3547878.  *Id.* at 3; Att. 5, Remedy No. 1111640 at 1.

21.     In Remedy No. 1111640-A1 (BP-11), received on June 30, 2022, Plaintiff further appealed disciplinary sanctions imposed with respect to Incident Report No. 3547878. *See* Att. 4 at 3; Att. 5 at 9.

22.     In Remedy No. 1133790-F1 (BP-9), received on September 14, 2022, Plaintiff requested visitation denial information.  *See* Att. 4 at 4.  He has not filed an appeal to the Office of General Counsel (BP-11) associated with this administrative remedy.

23.     In Remedy No. 1133798-F1 (BP-9), received on September 14, 2022, Plaintiff requested information about the denial of paralegal on his approved list.  *Id.  See also* Att. 6, Remedy No. 1133798 at 2.  As reflected below, Plaintiff's appeal to the Office of General Counsel (BP-11) associated with this administrative remedy was rejected for procedural deficiencies.  *See* Att. 4 at 9.

24.     In Remedy No. 1133808-F1 (BP-9), received on September 14, 2022, Plaintiff complained about the loss of his contacts in TRULINCS, an inmate computer system.  Id. at 5.  He has not filed an appeal to the Office of General Counsel (BP-11) associated with this administrative remedy.

6

25.     In Remedy No. 1137228-F1 (BP-9), received on October 13, 2022, Plaintiff complained about being restrained in the Special Housing Unit for legal visits and legal calls. *Id.* This remedy was rejected because Plaintiff did not state the basis for his request. *Id.* He has not filed any appeals to the Regional Director (BP-10), or Office of General Counsel (BP-11) associated with this administrative remedy.

26.     In Remedy No. 1139873-F1 (BP-9), received on November 3, 2022, Plaintiff requested information. *Id.* at 6. This remedy was rejected because Plaintiff was limited to one request per BP-9 submission. *Id.* He has not filed any appeals to the Regional Director (BP-10), or Office of General Counsel (BP-11) associated with this administrative remedy.

27.     In Remedy No. 1139878-F1 (BP-9), received on November 3, 2022, Plaintiff requested information regarding visitors removed from his visiting list. *Id. See also* Att. 7, Remedy No. 1139878 at 2. This remedy was rejected because Plaintiff was limited to one request per BP-9 submission. *See* Att. 4 at 6. He has not filed any appeal to the Regional Director (BP-10) associated with this administrative remedy. As reflected below, Plaintiff's two appeals to the Office of General Counsel (BP-11) associated with this administrative remedy were both rejected for procedural deficiencies. *Id.* at 8-9.

28.     In Remedy No. 1140848-F1 (BP-9), received on November 10, 2022, Plaintiff requested to be treated like a general population inmate during legal visits. *Id.* at 7. This remedy was rejected because Plaintiff failed to state the basis for his request. *Id.* He has not filed any appeals to the Regional Director (BP-10), or Office of General Counsel (BP-11) associated with this administrative remedy.

29.     In Remedy No. 1133798-R1 (BP-10), received on January 31, 2023, Plaintiff appealed to the Regional Director about the denial of a paralegal on his approved list. *Id. See also* Att. 6 at 3. As reflected below, Plaintiff's appeal to the Office of General Counsel (BP-11) associated with this administrative remedy was rejected for procedural deficiencies. *See* Att. 4 at 9.

30.     In Remedy No. 1133790-R1 (BP-10), received on January 31, 2023, Plaintiff appealed to the Regional Director about visitation denial information. *Id.* at 8. He has not

7

filed any appeals to the Office of General Counsel (BP-11) associated with this appeal.

31.    In Remedy No. 1139878-A2 (BP-11), received on February 8, 2023, Plaintiff appealed to the Office of General Counsel (BP-11) regarding his request for information regarding visitors removed from his visiting list. *Id.* at 8.  This appeal was rejected because Plaintiff was limited to one request per submission. *Id.* ("DIR" rejection reason is the annotation for concurring with the prior rejection reasons); *see also* Att. 7 at 6.

32.    In Remedy No. 1139878-A1 (BP-11), received on February 13, 2022, Plaintiff appealed to the Office of General Counsel (BP-11) regarding his request for information regarding visitors removed from his visiting list. *See* Att. 4 at 9; Att. 6 at 4.  This appeal was rejected because Plaintiff was limited to one request per submission. *Id.* ("DIR" rejection reason is the annotation for concurring with the prior rejection reasons); Att. 6 at 5.

33.    In Remedy No. 1133798-A1 (BP-11), received on March 7, 2023, Plaintiff appealed to the Office of General Counsel about the denial of a paralegal on his approved list. *Id.*  This appeal was rejected because Plaintiff did not provided a copy of his BP-9 and BP-10 and he was instructed to re-submit his appeal in proper form within 15 days from receipt of the rejection notice. *Id.* at 9 ("IRQ RAP RSA" annotations for rejection status reason).  He has not re-submitted his appeal to the Office of General Counsel (BP-11) in proper form.

34.    Remedy No. 1147196-R1 (BP-10), received on March 30, 2023, Plaintiff appealed to the Regional Counsel regarding his request to be unrestrained during legal visits. *Id.* at 10.  This appeal was rejected because he failed to attach his attempt at informal resolution with his submission. *Id.*  He has not filed any appeals to the Office of General Counsel (BP-11) associated with this appeal.

35.    In Remedy No. 1133808-R1 (BP-10), received on March 30, 2023, Plaintiff appealed to the Regional Director regarding the loss of his contacts in TRULINCS. *Id.*  This appeal is currently pending a response with a scheduled due date of May 29, 2023. *Id.*  As the BP-10 is still awaiting a response by the Regional Director, Plaintiff has not filed an appeal with the Office of General Counsel (BP-11) associated with this appeal.

36.    In Remedy No. 1147194-R1 (BP-10), received on April 13, 2023, Plaintiff

8

appealed to the Regional Counsel requesting to be returned to general population. *Id.* at 11. This appeal was rejected because Plaintiff did not attach the attempt at informal resolution as part of his BP-9 submission. *Id.* ("DIR" rejection reason is the annotation for concurring with the prior rejection reasons).  He has not filed any appeals to the Office of General Counsel (BP-11) associated with this administrative remedy.

37.    In Remedy No. 1159102-R1 (BP-10), received on April 24, 2023, Plaintiff appealed to the Regional Director about staff. *Id.*  This appeal was rejected because the issue raised was not deemed to be sensitive and the submission was returned to him. *Id.* ("SEN" annotation for rejection status reason).  He has not filed any appeals to the Office of General Counsel (BP-11) associated with this appeal.

38.    Of the four appeals Plaintiff has filed with the Office of General Counsel (BP-11), Remedy No. 1111640-A1 pertained to his appeal of disciplinary sanctions imposed on October 26, 2021, and is unrelated to the causes of action in this litigation. *See* Att. 5.  The remaining three appeals (Remedy Nos. 1139878-A2, 1139878-A1, and 1133798-A1) have been rejected for procedural reasons as reflected above and Plaintiff has not re-filed or cured those filing deficiencies. *See* Atts. 6-7.

39.    Therefore, Plaintiff has not properly filed any appeals, in accordance with 28 C.F.R. § 542.15(a), with the final level of the Administrative Remedy Program (Office of General Counsel (BP-11)) regarding his lack of access to legal calls, lack of access to legal visits, denial of Mr. de la Garza, denial of social visitation, denial of Suneel Chakravorty, his general access to his attorneys, or any other cause of action in this litigation.

//
//
//
//
//
//
//

9

Pursuant to the provisions of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief. Executed on this 1st day of May 2023, in Tucson, Arizona.

Lorri Mitchell
Legal Assistant
FCC Tucson, Arizona
Federal Bureau of Prisons

**Enclosures**

Att. 1, USP Tucson Inmate A&O Handbook Excerpt (Jan. 2017)

Att. 2, TCX 1330.18B, *Administrative Remedy Program*

Att. 3, Intake Screening Form & A&O Program Checklist (Redacted)

Att. 4, SENTRY Administrative Remedy Index

Att. 5, Remedy No. 1111640

Att. 6, Remedy No. 1133798

Att. 7, Remedy No. 1139878

Exhibit A

Attachment 1

# INMATE
# ADMISSION & ORIENTATION
# HANDBOOK



## UNITED STATES PENITENTIARY
## TUCSON, ARIZONA

UPDATED:  January 2017

## INTRODUCTION

USP Tucson is a Sex Offender Management Program (SOMP) institution. A primary goal of SOMP institution is to reduce the need to place sexual offenders in protective custody, and to create an institution climate conducive to voluntary participation in treatment. To achieve this goal, SOMP criterion are applied to all inmates at SOMP designated institutions to assist in the effective management of the Bureau's population of sexual offenders and to provide services that minimize this population's risk for sexual re-offense. Effective management of sexual offenders in prisons requires modifications and restrictions in property, mail, correspondence, and visitation for ALL inmates.

## INTAKE, CLASSIFICATION AND THE UNIT TEAM

**Orientation:** Inmates are given a social screening by Unit Management staff and medical screening by Health Services and Mental Health staff at the time of arrival. Inmates are immediately provided with a copy of the institution rules and regulations, which include information on inmate rights and responsibilities. It also includes information on sexual assault and abuse.

Within 28 days of arrival, inmates will participate in the Admission and Orientation (A&O) Program. While in A&O, inmates are advised of the programs, services, policies and procedures regarding the facility.

**Classification Teams (Unit Teams):** Each inmate is assigned to a housing unit. A unit is a self-contained inmate living area that includes both housing sections and office space for unit staff. Each unit is staffed by a Unit Team directly responsible for the inmates living in the unit. The unit offices are located in the units so staff and inmates can have access to each other. The unit staff typically includes a Unit Manager, Case Manager, Correctional Counselor, and Unit Secretary. The Staff Psychologist, Education Advisor and Unit Officer are considered members of the Unit Team and provide input for classification purposes.

Inmates are assigned to a specific Unit Team. Generally, the resolution of issues or matters of interest while at the institution are most appropriately initiated with the Unit Team. Unit Team members are available to assist in many areas, including parole matters, release planning, personal and family problems, counseling and assistance in setting and attaining goals while in prison. A member of the unit staff will be at the institution from 7:30 a.m. to 9:00 p.m., and during the day on weekends and holidays.

## GENERAL FUNCTIONS OF UNIT STAFF

**Unit Manager:** The Unit Manager is the administrative head of the general unit and oversees all unit programs and activities. The Unit Manager is the Chairperson of the team which comprises the Case Manager, Correctional Counselor, with input from Education and Psychology staff. The Unit Manager reviews team decisions and may chair the Unit Discipline Committee (UDC), which is a body that hears disciplinary infractions. The Unit Manager is ordinarily present during initial classification and subsequent program review(s) in which RRC placement is discussed.

**Case Manager:** The Case Manager is responsible for all casework services and prepares classification material, progress reports, release plans, correspondence, and other materials relating to the inmate's commitment. The Case Manager serves as a liaison between the inmate, the administration, and the community.

**Correctional Counselor:** The Counselor provides counseling and guidance for the inmates of the unit in areas of institutional adjustment, personal difficulties, and plans for the future. He/She plays a leading role in segments of unit programs relating to inmate activities. The Unit Counselor may conduct counseling groups for inmates in his/her unit and/or groups open to the general population.

**Unit Secretary:** The Unit Secretary performs clerical and administrative duties, to include the preparation of release paperwork.

**Ex. A, Att. 1, p. 2**

she will then usually begin serving the previously imposed term of supervised release.  If an inmate's RIS request is denied, the inmate will be provided a statement of reasons for the denial.  The inmate may appeal a denial through the Administrative Remedy Procedure.

Denials by the General Counsel or the Director are final agency decisions and are not appealable.  Inmates who feel their request is of an emergency nature (e.g., a terminal medical condition) may state as such in accordance with the regulation.   (See 28 CFR part 542, subpart B).

## PROBLEM RESOLUTION

**Inmate Request to Staff Member:**  An Inmate Request to Staff Member (form BP-S148), commonly called a Cop-Out, is used to make a written request to a staff member.  Any type of request can be made with this form.  Cop-outs may be obtained in the living units from the Correctional Officer on duty.  Staff members will answer the request within a reasonable period of time.

**Administrative Remedy Process:**  The BOP emphasizes and encourages the resolution of complaints.  The first step of the Administrative Remedy process is to attempt an **Informal Resolution**, utilizing the appropriate Informal Resolution form.  (See the Administrative Remedy Institution Supplement, Attachment A.) When an informal resolution is not successful, an inmate can access the Administrative Remedy Program.   All Administrative Remedy forms may be obtained from your assigned Correctional Counselor or Unit Team member.

If the issue cannot be informally resolved, a formal complaint may be filed with a Request for Administrative Remedy (formerly BP-229), commonly referred to as a BP-9.  The inmate may place a single complaint or related issues on the form.  If the form contains multiple unrelated issues, the submission will be rejected.  The inmate will return the completed BP-9 to the Correctional Counselor, who will deliver it to the Administrative Remedy Coordinator (BP-9 will be rejected unless processed through staff).  The BP-9 complaint must be filed within twenty (20) calendar days from the date on which the basis for the incident or complaint occurred, unless it was not feasible to file within that period of time which should be documented in the complaint.  Institution staff has twenty (20) calendar days to act on the complaint and to provide a written response to the inmate.  This time limit for the response may be extended for an additional twenty (20) calendar days.  The inmate will be notified of the extension.

If the inmate is not satisfied with the Warden's response to the BP-9, he may file an appeal to the Regional Director.  This appeal must be received in the Regional Office within twenty (20) calendar days from the date of the BP-9 response.  The regional appeal is filed on a Regional Administrative Remedy Appeal (form BP-230), commonly referred to as a BP-10, and must include the appropriate number of copies of the BP-9 form, the Warden's response, and any exhibits.

The regional appeal must be answered within thirty (30) calendar days, but the time limit may be extended an additional thirty (30) days.  The inmate will be notified of the extension.

If the inmate is not satisfied with the Regional Director's response, he may appeal to the General Counsel in the Central Office. The national appeal must be made on the Central Office Administrative Remedy Appeal (form BP-231), commonly referred to as a BP-11, and must have the appropriate number of copies of the BP-9, BP-10, both responses, and any exhibits.  The national appeal must be answered within forty (40) calendar days, but the time limit may be extended an additional twenty (20) days.  The inmate will be notified of the extension.

When filing a Request for Administrative Remedy or an Appeal (BP-9, BP-10, or BP-11), the form should contain the following information:

- ·   Statement of Facts
- ·   Grounds for Relief
- ·   Relief Requested
- ·

**Ex. A, Att. 1, p. 3**

**Sensitive Complaints:**  If an inmate believes a complaint is of a sensitive nature and he would be adversely affected if the complaint became known to the institution, he may file the complaint directly to the Regional Director.  The inmate must explain, in writing, the reason for not filing the complaint with the institution.
If the Regional Director agrees the complaint is sensitive, it shall be accepted and a response to the complaint will be processed.  If the Regional Director does not agree the complaint is sensitive, the inmate will be advised in writing of that determination and the complaint will be returned.  The inmate may then pursue the matter by filing a BP-9 at the institution.

**General Information**:  When a complaint is determined to be of an emergency and threatens the inmate's immediate health or welfare, the reply must be made as soon as possible, usually within seventy-two (72) hours from the receipt of the complaint.

For detailed instructions see Program Statement 1330.16, <u>Administrative Remedy Program</u>.

## DISCIPLINARY PROCEDURES

Inappropriate sexual behavior towards staff and other inmates will not be tolerated.  Inappropriate sexual behavior is defined as verbal or physical conduct perceived as a sexual proposal, act, or threat. Examples of inappropriate inmate sexual behavior include: displaying sexually explicit materials; making sexually suggestive jokes, comments, proposals, and gestures; and engaging in stalking, indecent exposure, masturbation, or physical contact.  Inmates who engage in this type of behavior will be disciplined and sanctioned accordingly, through the inmate discipline process.

**Discipline:** The inmate discipline program helps ensure the safety, security, and orderly operation for all inmates.  Violations of BOP rules and regulations are handled by the Unit Discipline Committee (UDC) and, for more serious violations, the Disciplinary Hearing Officer (DHO).  Upon arrival at an institution, inmates are advised of the rules and regulations and are provided with copies of the Prohibited Acts and Available Sanctions, as well as local regulations.

**Inmate Discipline Information:** When a staff member witnesses or reasonably believes an inmate has committed a prohibited act, a staff member will issue an incident report, a written copy of the charges against an inmate.  The incident report will ordinarily be delivered to the inmate within 24 hours of the time staff became aware of the inmate's involvement in the incident.  If the incident is referred for prosecution, the incident report is delivered by the end of the next work day after it has been released for administrative processing.  An informal resolution of the incident may be attempted at any stage of the discipline process.  If an informal resolution is accomplished, the incident report will be removed from the inmate's central file.  Informal resolution is encouraged for all violations in the Moderate and Low severity categories. Staff may suspend disciplinary proceedings up to two calendar weeks while informal resolution is undertaken. If an informal resolution is not accomplished, staff will reinstate the discipline process at the stage at which they were suspended. Violations in the Greatest and High severity categories cannot be informally resolved and must be forwarded to the DHO for final disposition.

**Initial Hearing:** Inmates will ordinarily be given an initial hearing within five (5) work days after the incident report is issued, excluding the day it was issued, weekends, and holidays. The Warden must approve, in writing, the any extension over five (5) days.  The inmate is entitled to be present at the initial hearing and may make statements and present documentary evidence.  The UDC must give its decision in writing to the inmate by the close of the next work day.  The UDC may make findings on Moderate and Low severity offenses.  The UDC will automatically refer Greatest and High severity offenses to the DHO for final disposition.

### DISCIPLINE HEARING OFFICER (DHO)

The Disciplinary Hearing Officer (DHO) conducts disciplinary hearings on all Greatest and High severity prohibited acts and other violations referred by the UDC at the Moderate and Low severity levels.  The DHO may not hear any case not referred by the UDC.  An inmate will be provided with advance written notice of the

Exhibit A
Attachment 2

<u>Certification</u>

The Attached FCC Tucson Supplement: **1330.18B – Administrative Remedy Program** was certified as current on **5/15/2020.**



**U.S. Department of Justice**
Federal Bureau of Prisons
Federal Correctional Complex
Tucson, Arizona

# Complex Supplement

**OPI:** EXEC
**NUMBER:** TCX 1330.18B
**DATE:** 9/9/2019
**SUBJECT:** Administrative
Remedy Program

1.  <u>PURPOSE AND SCOPE</u>.   To implement standard procedures by which inmates confined at the Federal Correctional Complex Tucson (FCC Tucson) may seek formal review of complaints or issues relating to any aspect of their confinement.

2.  <u>DIRECTIVES AFFECTED</u>

   a.  <u>Directives Referenced</u>

| | |
|---|---|
| PS 1320.06 | Federal Tort Claims Act (08/01/03) |
| PS 4500.12 | Trust Fund/Deposit Fund Manual (03/15/18) |
| PS 5212.07 | Control Unit Programs (02/20/01) |
| PS 5214.04 | HIV Positive Inmates Who Pose Danger to Other, Procedures for Handling of (02/04/98) |
| PS 5264.08 | Inmate Telephone Regulations (01/24/08) |
| PS 5270.09 | Inmate Discipline Program (07/08/11) |
| PS 5324.12 | Sexually Abusive Behavior Prevention and Intervention Program (06/04/15) |
| PS 5890.13 | SENTRY - National On-Line Automated Information System (12/14/99) |
| 28 CFR 301 | Inmate Accident Compensation |
| 28 CFR 513 | Fees (for records requested pursuant to the Freedom of Information Act (FOIA)) |

   b.  <u>Directives Rescinded</u>

| | |
|---|---|
| TCX 1330.18A | Administrative Remedy Procedures for Inmates (5/03/14) |

3.   <u>STANDARDS REFERENCED</u>.  American Correctional Association Standards for Adult Correctional Institutions, 4th Edition: 4-4214M, 4-4226, 4-4227, 4-4228, 4-4361.

American Correctional Association Performance Based Standards for Adult Local Detention Facilities, 4th Edition: 4-ALDF-3A-01, 4-ALDF-4C-21.

4.   <u>RESPONSIBILITY</u>

   a.   The Executive Assistant is designated as the Administrative Remedy Coordinator at FCC Tucson.  Requests for Administrative Remedy that are of a sensitive nature or require emergency attention will be brought to the Warden's attention by the Executive Assistant.

   b.   The Associate Warden's Secretary is designated as the Administrative Remedy Clerk for the Complex.

5.   <u>ISSUES IMPROPERLY FILED.</u>  All improperly filed issues will be returned to the inmate with a SENTRY generated rejection notice.  The Administrative Remedy Clerk will initiate the SENTRY transaction and refer the rejection notice to the unit team for distribution to the inmate, and file a copy in the appropriate BP-9 folder.

6.   <u>INITIAL FILINGS</u>

   a.   <u>Informal Resolution.</u>  The Correctional Counselor has the responsibility to make every effort to attempt to successfully informally resolve the issue or complaint with the inmate.  The Unit Manager has the responsibility to review each attempt at informal resolution and to also attempt to successfully informally resolve any issue or complaint in the event the Correctional Counselor was unsuccessful.

Inmates with complaints should complete the first four sections of Attachment A, Informal Resolution and submit the form to their respective Correctional Counselor. Inmates will be allowed to attach one continuation page with their Informal Resolution, with text on one side.

Unit Team will have (5) working days to provide a response  to the inmate's informal resolution.  If the informal resolution is regarding a medical concern, Unit Team will have (7) working

days to provide a response.  If attempts at informal resolution
are unsuccessful, the Correctional Counselor shall issue a BP-
229 form, Request for Administrative Remedy (BP-9), upon
inmate's request.

b.  Filing.  Once attempts at informal resolution have proven
unsuccessful, the inmate shall obtain a Form BP-229, Request for
Administrative Remedy (BP-9), from their Correctional Counselor.

The Correctional Counselor will initial, date, and write the
inmate's last name on the top right hand section of the form for
accountability purposes.  Copies of Administrative Remedy forms
will not be accepted.

Inmates may obtain BP-229, BP-230, Request for Administrative
Appeal (BP-10) and BP-231, Central Office Administrative Remedy
Appeal (BP-11) forms from their respective Correctional
Counselor.  Only unit team members may issue form BP-229,
Request for Administrative Remedy (BP-9) to inmates, including
those housed in the Special Housing Unit (SHU).

The inmate shall return the completed BP-229 form and the
Informal Resolution documentation to the Correctional Counselor
or Unit Manager.  The Unit Manager shall review the inmate's
complaint and ensure opportunities for informal resolution have
been exhausted.  In the Unit Manager's absence, the acting Unit
Manager will review the BP-229 for compliance.

The Correctional Counselor or other authorized staff member
shall then deliver the BP-229 form, along with the Informal
Resolution documentation, to the Administrative Remedy Clerk the
following workday.

Sentry generated receipts will serve as acknowledgment of a
submission for a Request for Administrative Remedy.  The Unit
Manager, or designee, is responsible for ensuring that SENTRY is
checked daily for inmate notices of "receipts", "extensions",
and "receipt disregards".  These notices to inmates are to be
printed and forwarded to the inmates addressees.

Unit Discipline Committee (UDC) appeals do not require
completion of the Informal Resolution documentation.  However,
the inmate must attach a copy of the Incident Report (including
UDC findings) with the Administrative Remedy BP-229 form.

The Correctional Counselor or other authorized staff shall then deliver the BP-229 form, along with the Incident Report with UDC hearing documentation, to the Administrative Remedy Clerk by the following day.

An inmate can withdraw his BP-229 (BP-9), by either submitting an Inmate Request to Staff Member or by signing a Withdrawal of Administrative Remedy Appeal form (Attachment C).  Both forms shall include the remedy ID number and the reason for withdrawal.  Upon request, unit staff will assist and/or provide assistance for inmates in completing the Administrative Remedy form.  Inmates may obtain assistance from another inmate or other source in preparing a request.  Inmates, who are illiterate, disabled, or who are not functionally literate in English,  will be provided assistance by unit staff.

7.  <u>REMEDY PROCESSING</u>

   a.  <u>Response Time Limits.</u>  A Request for Administrative Remedy is considered filed when the information is logged in the SENTRY database, and a Remedy ID Number is assigned.  Once filed, the Warden's response is due within 20 calendar days from the date the complaint is received by the Administrative Remedy Clerk.  If the complaint is determined to be of an emergency nature, the Warden shall respond within 72 hours from the filing of the complaint.

Extensions to response time limits, up to 20 days, may be granted for good cause and inmates will be informed in writing of such extensions.  Unit staff will issue a SENTRY generated extension memo.

   b.  <u>Response Preparation.</u>  The Administrative Remedy Clerk will refer the Administrative Remedy to a department head to conduct an investigation and prepare the response.  Department heads who have been assigned to review a Request for Administrative Remedy, will have seven (7) business days from the date of receipt to review and prepare a draft response.  The formal written response will be prepared, with a copy stored on the M:drive in the BP-9 folder, which will be provided with the investigation.

If a staff member assigned to review the request is alleged to be specifically involved in the complaint, or another reason

exists why the staff member should not review the complaint, the staff should immediately (upon receipt) contact the clerk or coordinator to have the investigation reassigned.  Also, members of a Unit Discipline Committee will not review UDC appeals from their assigned unit.  The review and proposed response to an emergency complaint is to be completed within 24 hours of assignment.  A response will be forwarded to the inmate within the time frame established in P.S. 1330.18.

    c.  <u>Remedy Form Distribution.</u>  Upon completion of the response, the Warden's File Copy will be filed in the Administrative Remedy Coordinator's office.  Three copies of the response and any other documentation generated by the inmate will be forwarded back to the inmate's unit team for distribution to the inmate.  Unit team will have the inmate sign an Acknowledgment of Receipt of Administrative Remedy Appeal (attachment D).  Once signed, Unit Team will then return it to the Administrative Remedy Coordinator's office for filing.

8.  ISSUING DEPARTMENT.  Executive Assistant.

B. von Blanckensee    Jared Rardin
Complex Warden      Warden

```
TCX 1330.18B
  9/9/2019
   Page 6
```

Attachment A

# INFORMAL RESOLUTION FORM

<u>NOTICE TO INMATE</u>: You are advised that prior to receiving and filing a Request for Administrative Remedy Form (BP-9), you MUST attempt to informally resolve your complaint through your Correctional Counselor. Briefly state the complaint below and list what effort you have made to resolve your complaint informally. Also, please state names of staff contacted.

| Inmate Name: | Reg. No.: | Unit: |
|---|---|---|

Informal resolution form issued by Correctional Counselor on: (date)

**INMATE'S COMMENTS: (Inmate MUST FILL OUT items 1-4 and signature block)**

1.   Complaint:

2.   Efforts made by inmate to informally resolve incident (Which staff members did you talk to and what did they say?)

3.   State what action you want staff to take to correct the situation:

Date returned to Correctional Counselor:

| Inmate Signature | Reg. No. | Date |
|---|---|---|

**CORRECTIONAL COUNSELOR'S COMMENTS:**

Efforts made to informally resolve and staff contacted:
*a.   Discussed the complaint with (staff member) --- and he/she stated...*
*b.   I further explained to the inmate that ...*
*c.   But, the inmate insisted he wanted to file a BP-9 because...*

| Date informally resolved: | Signature: |
|---|---|

Informal Resolution was not accomplished for the following reason:
*After I personally explained that ..., he still insisted that he was wronged because...*

Unit Manager's review and Signature:
*a.   Can this request be resolved at the Unit Level?*
*b.   Steps taken to resolve (who was contacted, results of that contact – do not forward for lack of contact):*

_____
Unit Manager / Date Signed

TCX 1330.18B
9/9/2019
Page 7

Attachment B



**FEDERAL BUREAU OF PRISONS**

**FEDERAL CORRECTIONAL COMPLEX**

**TUCSON, ARIZONA**

# <u>WITHDRAWAL OF ADMINISTRATIVE REMEDY APPEAL</u>

I_____ Reg. No. _____ further acknowledge by

my signature, withdrawal of my Administrative Remedy Appeal No._____

dated _____.  This is voluntary and not of influence on the part of any staff member

of the Federal Bureau of Prisons (FCC Tucson).


_____
Signature of Inmate

_____
Register Number


_____
Date

_____
Signature/Title of Staff Witness

**Ex. A, Att. 2, p. 8**

TCX 1330.18B
9/9/2019
Page 8

Attachment C



**FEDERAL BUREAU OF PRISONS**

**FEDERAL CORRECTIONAL COMPLEX**

**TUCSON, ARIZONA**

| Unit:_____ |
| ☐ Region |
| ☐ Central Office |
| ☐ BP-9 Response |
| ☐ BP-9 Rejection |

## <u>ACKNOWLEDGMENT OF RECEIPT OF</u>
## <u>ADMINISTRATIVE REMEDY APPEAL</u>

I, _____, Reg. No. _____, further acknowledge by

my signature, receiving Administrative Remedy Appeal No. _____.  The

Administrative Remedy Appeal was hand-delivered to me.

Received on this _____ day of _____, 2020.


_____
Signature of Inmate

_____
Register Number


_____
Date

_____
Signature/Title of Staff Witness

Exhibit A
Attachment 3

```
NAME.......: RANIERE, KEITH          UNIT.....:
REGISTER NO: 57005-177               DOB (AGE):         1960 (60)
RACE / SEX.: WHITE / MALE            ETHNIC...: OTHER THAN HISP
RESIDENCE..:                         RSP OF...: TCP A-DES
```

******************   I N M A T E   I N T E R V I E W   ******************

DATE / TIME ARRIVED:  01-21-2021   19:05        TIME INTERVIEWED: _____

1) DO YOU KNOW OF ANY REASON THAT YOU SHOULD NOT BE
   PLACED IN GENERAL POPULATION ?

2) HAVE YOU ASSISTED LAW ENFORCEMENT AGENTS IN ANY WAY ?

3) ARE YOU A CIM CASE ?

4) HAVE YOU TESTIFIED AGAINST ANYONE IN COURT ?

5) ARE YOU A MEMBER/ASSOCIATE OF ANY GANG ?

6A) HAVE YOU EVER BEEN SEXUALLY ASSAULTED ?

6B) HAVE YOU RECENTLY BEEN SEXUALLY ASSAULTED ?

INTERVIEWER COMMENTS:

_____

_____


CIRCLE ONE:
I HAVE / HAVE NOT  RECEIVED A BUREAU OF PRISONS "ADMISSIONS AND
ORIENTATION BOOKLET" DEFINING MY "RIGHTS AND RESPONSIBILITIES" AND THE
"PROHIBITED ACTS AND DISCIPLINARY SEVERITY SCALE".

DO YOU WISH TO SELF-IDENTIFY YOUR SEXUAL
ORIENTATION, GENDER IDENTITY, ANY DISABILITIES,
AND/OR SELF-PERCEPTION OF VULNERABILITY ?

INMATE COMMENT:

INMATE SIGNATURE: _____        DATE: _____

INTERVIEWER: _____   TITLE: U/M        DATE: 01-21-2021

******************   S T A F F   C H E C K L I S T   ******************




IF GENERAL PHYSICAL APPEARANCE IS NOT GOOD, EXPLAIN: _____
                                          good

OK FOR GENERAL POPULATION:  YES ✓  NO ___  (IF NO, EXPLAIN) _____

_____

_____

BP-A0518
JUN 10

U.S. DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS

INSTITUTION ADMISSION AND ORIENTATION PROGRAM CHECKLIST

| Inmate's Name Vanpevre, Keith | Register No. 57005-177 | Institution FCC TUCSON |
|---|---|---|

| | Program Content | AUTHORIZED STAFF | DATE | | |
|---|---|---|---|---|---|
| 1. | UNICOR Interview | Closed | 3 | 9 | 21 |
| 2. | Correctional Services | Correctional Svc | 3 | 9 | 2021 |
| 3. | Medical Services (including AIDS film & Lecture) | Health Svc | Damon Bass | 3/9/2021 | |
| 4. | Chaplaincy Services | Religious Svc | 3 | 9 | 2021 |
| 5. | Inmate Systems/ Records Office/ R&D/ Mail Room | CSD DP | 3 | 9 | 21 |
| 6. | Commissary Services/ Inmate Accounts | Trust Fund | 3 | 9 | 21 |
| 7. | Clothing Requests/ Laundry Procedures | Trust Fund | 3 | 9 | 21 |
| 8. | Food Service | Food Service | 3 | 9 | 21 |
| 9. | Psychology Services/Drug Abuse Program | Psychology | 3 | 9 | 21 |
| 10. | Sexual Abuse/Assault Prevention and Intervention | Psychology DH | 3 | 9 | 21 |
| 11. | Diversity in the Criminal Justice System | Psychology J.H | 3 | 9 | 21 |
| 12. | Safety and Sanitation | Safety AL | 3 | 9 | 21 |
| 13. | Inmate Accident Compensation | Safety AL | 3 | 9 | 21 |
| 14. | Facilities / Mechanical Services | Facilities | 3 | 9 | 21 |
| 15. | Educational Services | Education | 3 | 9 | 21 |
| 16. | Veterans / Social Security Benefits | Reentry Coord | 3 | 9 | 21 |
| 17. | Treaty Transfer of Offenders to Foreign Countries | CMC JS | 3 | 9 | 21 |
| 18. | Selective Service System / BOP Registration Program | Reentry Coord | 3 | 9 | 21 |
| 19. | Inmate Financial Responsibility Program | CMC JS | 3 | 9 | 21 |
| 20. | Community-Based Activities | CMC JS | 3 | 9 | 21 |
| 21. | Release Preparation Program | Education | 3 | 9 | 21 |
| 22. | Administrative Remedy Program | Assoc Warden / UM | 3 | 9 | 21 |
| 23. | Unit Management | Unit Management | 3 | 9 | 21 |
| 24. | Visiting | Correctional Svc | 3 | 9 | 21 |
| 25. | Telephone Regulations / Procedures | Correctional Svc | 3 | 9 | 21 |
| 26. | Reentry/Second Chance Video/ REENTRY ENVELOPE | Reentry Coord | 3 | 9 | 21 |
| 27. | Recreation | Recreation | 3 | 9 | 21 |
| 28. | Associate Warden | Associate Warden | 3 | 9 | 21 |
| 29. | Warden | Warden | 3 | 9 | 2021 |
| 30. | | | | | |

Comments: A&O Completed via DVD

| I have attended all classes of the A & O Program as listed above. | Date | Unit |
|---|---|---|
| Signature of Inmate Keith Vanpevre | 3 9 2021 | B Cunit |

Central File - Section 3

FILE IN SECTION 3 UNLESS APPROPRIATE FOR PRIVACY FOLDER

# SECTION 3

PDF    **\*A&O COMPLETED VIA DVD\***    Prescribed by P5264    Replaces BP-S518.052 dated Sept 99

**Ex. A, Att. 3, p. 2**

Exhibit A
Attachment 4

```
PHXC4              *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      04-26-2023
PAGE 001 OF                                                           06:47:14
       FUNCTION: L-P SCOPE: REG   EQ 57005-177   OUTPUT FORMAT: FULL
   ------LIMITED TO SUBMISSIONS WHICH MATCH ALL LIMITATIONS KEYED BELOW----------
DT RCV: FROM _____ THRU _____ DT STS: FROM _____ THRU _____
DT STS: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT RDU
DT TDU: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT TRT
STS/REAS: _____ _____ _____ _____ _____ _____ _____ _____ _____ _____
SUBJECTS: _____ _____ _____ _____ _____ _____ _____ _____ _____ _____
EXTENDED: _ REMEDY LEVEL: _ _            RECEIPT: _ _ _ "OR" EXTENSION: _ _ _
RCV  OFC : EQ _____      _____      _____      _____      _____      _____
TRACK:  DEPT: _____ _____ _____ _____ _____ _____
        PERSON: _____      _____      _____      _____      _____      _____
          TYPE: _____      _____      _____      _____      _____      _____
EVNT FACL: EQ _____      _____      _____      _____      _____      _____
RCV FACL.: EQ _____      _____      _____      _____      _____      _____
RCV UN/LC: EQ _____ _____ _____ _____ _____ _____
RCV QTR..: EQ _____ _____ _____ _____ _____ _____
ORIG FACL: EQ _____      _____      _____      _____      _____      _____
ORG UN/LC: EQ _____ _____ _____ _____ _____ _____
ORIG QTR.: EQ _____ _____ _____ _____ _____ _____




G0002       MORE PAGES TO FOLLOW . . .
```

Ex. A, Att. 4, p. 1

```
PHXC4          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      04-26-2023
PAGE 002 OF      *            FULL SCREEN FORMAT            *      06:47:14


REGNO: 57005-177 NAME: RANIERE, KEITH
RSP OF...: TCP UNT/LOC/DST: 4 GP               QTR.: C01-118U   RCV OFC: TCP
REMEDY ID: 1147194-F1      SUB1: 25ZM SUB2:       DATE RCV:   01-09-2022
UNT  RCV..:UNIT C      QTR RCV.: C01-108U      FACL RCV: TCP
UNT  ORG..:UNIT C      QTR ORG.: C01-108U      FACL ORG: TCP
EVT FACL.: TCP     ACC LEV:                         RESP DUE:
ABSTRACT.: REQUESTING TO RETURN TO GENERAL POPULATION
STATUS DT: 01-09-2023  STATUS CODE: REJ STATUS REASON: OTH
INCRPTNO.:            RCT:    EXT:   DATE ENTD: 01-09-2023
REMARKS..: NEEDS BP-8 PAPERWORK ATTACHED TO BP-9



REGNO: 57005-177 NAME: RANIERE, KEITH
RSP OF...: TCP UNT/LOC/DST: 4 GP               QTR.: C01-118U   RCV OFC: TCP
REMEDY ID: 1147196-F1      SUB1: 25ZM SUB2:       DATE RCV:   01-09-2022
UNT  RCV..:UNIT C      QTR RCV.: C01-108U      FACL RCV: TCP
UNT  ORG..:UNIT C      QTR ORG.: C01-108U      FACL ORG: TCP
EVT FACL.: TCP     ACC LEV:                         RESP DUE:
ABSTRACT.: REQUESTING TO BE UNRESTRAINED FOR LEGAL VISIT
STATUS DT: 01-09-2023  STATUS CODE: REJ STATUS REASON: OTH
INCRPTNO.:            RCT:    EXT:   DATE ENTD: 01-09-2023
REMARKS..: NEEDS BP-8 PAPERWORK ATTACHED TO BP-9
```

```
G0002      MORE PAGES TO FOLLOW . . .
```

**Ex. A, Att. 4, p. 2**

```
PHXC4          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      04-26-2023
PAGE 003 OF      *              FULL SCREEN FORMAT          *      06:47:14


REGNO: 57005-177 NAME: RANIERE, KEITH
RSP OF...: TCP UNT/LOC/DST: 4 GP              QTR.: C01-118U   RCV OFC: WXR
REMEDY ID: 1111640-R1     SUB1: 20DM SUB2:    DATE RCV:   02-25-2022
UNT  RCV..:UNIT C      QTR RCV.: C01-108U     FACL RCV: TCP
UNT  ORG..:UNIT C      QTR ORG.: C01-108U     FACL ORG: TCP
EVT FACL.: TCP    ACC LEV: WXR  1 BOP  1         RESP DUE: TUE  04-26-2022
ABSTRACT.: DHO HEARING 10-26-21 CODE: 396 / 397
STATUS DT: 04-01-2022  STATUS CODE: CLD STATUS REASON: DNY
INCRPTNO.: 3547878   RCT: P EXT: P DATE ENTD: 02-26-2022
REMARKS..:




REGNO: 57005-177 NAME: RANIERE, KEITH
RSP OF...: TCP UNT/LOC/DST: 4 GP              QTR.: C01-118U   RCV OFC: BOP
REMEDY ID: 1111640-A1     SUB1: 20BM SUB2:    DATE RCV:   06-30-2022
UNT  RCV..:UNIT C      QTR RCV.: C01-108U     FACL RCV: TCP
UNT  ORG..:UNIT C      QTR ORG.: C01-108U     FACL ORG: TCP
EVT FACL.: TCP    ACC LEV: WXR  1 BOP  1         RESP DUE: MON  08-29-2022
ABSTRACT.: DHO HEARING 10-26-21 CODE: 396 / 397
STATUS DT: 09-30-2022  STATUS CODE: CLD STATUS REASON: DNY
INCRPTNO.: 3547878   RCT: P EXT: P DATE ENTD: 07-11-2022
REMARKS..:
```

```
G0002      MORE PAGES TO FOLLOW . . .
```

**Ex. A, Att. 4, p. 3**

```
PHXC4        *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      04-26-2023
PAGE 004 OF      *            FULL SCREEN FORMAT          *      06:47:14


REGNO: 57005-177 NAME: RANIERE, KEITH
RSP OF...: TCP UNT/LOC/DST: 4 GP              QTR.: C01-118U  RCV OFC: TCP
REMEDY ID: 1133790-F1     SUB1: 18AM SUB2:        DATE RCV:  09-14-2022
UNT  RCV..:4 GP        QTR RCV.: Z01-119LAD  FACL RCV: TCP
UNT  ORG..:4 GP        QTR ORG.: Z01-119LAD  FACL ORG: TCP
EVT FACL.: TCP    ACC LEV:  TCP  1 WXR  1          RESP DUE:  MON 10-24-2022
ABSTRACT.: REQUESTING VISIT DENIAL INFORMATION
STATUS DT: 10-07-2022  STATUS CODE: CLD STATUS REASON: DNY
INCRPTNO.:              RCT: P EXT: P DATE ENTD: 09-14-2022
REMARKS..:




REGNO: 57005-177 NAME: RANIERE, KEITH
RSP OF...: TCP UNT/LOC/DST: 4 GP              QTR.: C01-118U  RCV OFC: TCP
REMEDY ID: 1133798-F1     SUB1: 33EM SUB2:        DATE RCV:  09-14-2022
UNT  RCV..:4 GP        QTR RCV.: Z01-119LAD  FACL RCV: TCP
UNT  ORG..:4 GP        QTR ORG.: Z01-119LAD  FACL ORG: TCP
EVT FACL.: TCP    ACC LEV:  TCP  1 WXR  1          RESP DUE:  MON 10-24-2022
ABSTRACT.: RQSTNG INFO DENIAL PHNE CALL PARA LEGAL APPROVE LIST
STATUS DT: 10-07-2022  STATUS CODE: CLD STATUS REASON: DNY
INCRPTNO.:              RCT: P EXT: P DATE ENTD: 09-14-2022
REMARKS..:
```

```
G0002       MORE PAGES TO FOLLOW . . .
```

**Ex. A, Att. 4, p. 4**

```
PHXC4        *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      04-26-2023
PAGE 005 OF        *            FULL SCREEN FORMAT           *      06:47:14


REGNO: 57005-177 NAME: RANIERE, KEITH
RSP OF...: TCP UNT/LOC/DST: 4 GP             QTR.: C01-118U   RCV OFC: TCP
REMEDY ID: 1133808-F1      SUB1: 16GM SUB2:      DATE RCV:   09-14-2022
UNT  RCV..:4 GP        QTR RCV.: Z01-119LAD   FACL RCV: TCP
UNT  ORG..:4 GP        QTR ORG.: Z01-119LAD   FACL ORG: TCP
EVT FACL.: TCP    ACC LEV: TCP 1 WXR 1          RESP DUE: MON 10-24-2022
ABSTRACT.: LOSS OF CONTACT IN TRULINCS
STATUS DT: 11-17-2022  STATUS CODE: CLO STATUS REASON: XPL
INCRPTNO.:            RCT: P EXT: P DATE ENTD: 09-14-2022
REMARKS..:




REGNO: 57005-177 NAME: RANIERE, KEITH
RSP OF...: TCP UNT/LOC/DST: 4 GP             QTR.: C01-118U   RCV OFC: TCP
REMEDY ID: 1137228-F1      SUB1: 22ZM SUB2:      DATE RCV:   10-13-2022
UNT  RCV..:4 GP        QTR RCV.: Z01-119LAD   FACL RCV: TCP
UNT  ORG..:4 GP        QTR ORG.: Z01-119LAD   FACL ORG: TCP
EVT FACL.: TCP    ACC LEV:                      RESP DUE:
ABSTRACT.: REGARDING RESTRAINTS IN SHU FOR ATTORNEY VIST OR CAL
STATUS DT: 10-13-2022  STATUS CODE: REJ STATUS REASON: OTH
INCRPTNO.:            RCT:   EXT: DATE ENTD: 10-13-2022
REMARKS..: WHAT ARE THE BASIS OF YOUR REQUEST
```

```
G0002       MORE PAGES TO FOLLOW . . .
```

**Ex. A, Att. 4, p. 5**

```
PHXC4          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      04-26-2023
PAGE 006 OF      *            FULL SCREEN FORMAT          *      06:47:14


REGNO: 57005-177 NAME: RANIERE, KEITH
RSP OF...: TCP UNT/LOC/DST: 4 GP                QTR.: C01-118U  RCV OFC: TCP
REMEDY ID: 1139873-F1      SUB1: 25ZM SUB2:      DATE RCV:  11-03-2022
UNT  RCV..:4 GP        QTR RCV.: Z01-117LAD   FACL RCV: TCP
UNT  ORG..:4 GP        QTR ORG.: Z01-117LAD   FACL ORG: TCP
EVT FACL.: TCP    ACC LEV:                        RESP DUE:
ABSTRACT.: REQUESTING INFORMATION
STATUS DT: 11-03-2022  STATUS CODE: REJ STATUS REASON: OTH
INCRPTNO.:            RCT:   EXT:  DATE ENTD: 11-03-2022
REMARKS..: ONE REQUEST PER BP-9



REGNO: 57005-177 NAME: RANIERE, KEITH
RSP OF...: TCP UNT/LOC/DST: 4 GP                QTR.: C01-118U  RCV OFC: TCP
REMEDY ID: 1139878-F1      SUB1: 18AM SUB2:      DATE RCV:  11-03-2022
UNT  RCV..:4 GP        QTR RCV.: Z01-117LAD   FACL RCV: TCP
UNT  ORG..:4 GP        QTR ORG.: Z01-117LAD   FACL ORG: TCP
EVT FACL.: TCP    ACC LEV:                        RESP DUE:
ABSTRACT.: REQUESTING INFORMATION ON VISITORS REMOVAL
STATUS DT: 11-03-2022  STATUS CODE: REJ STATUS REASON: OTH
INCRPTNO.:            RCT:   EXT:  DATE ENTD: 11-03-2022
REMARKS..: ONE REQUEST PER BP-9












G0002      MORE PAGES TO FOLLOW . . .
```

**Ex. A, Att. 4, p. 6**

```
PHXC4          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *     04-26-2023
PAGE 007 OF     *              FULL SCREEN FORMAT              *     06:47:14


REGNO: 57005-177 NAME: RANIERE, KEITH
RSP OF...: TCP UNT/LOC/DST: 4 GP                QTR.: C01-118U   RCV OFC: TCP
REMEDY ID: 1140848-F1     SUB1: 25ZM SUB2:       DATE RCV:   11-10-2022
UNT  RCV..:4 GP        QTR RCV.: Z01-117LAD    FACL RCV: TCP
UNT  ORG..:4 GP        QTR ORG.: Z01-117LAD    FACL ORG: TCP
EVT FACL.: TCP    ACC LEV:                        RESP DUE:
ABSTRACT.: REQUESTING TO BE TREATED AS GP DURING LEGAL VISIT
STATUS DT: 11-10-2022  STATUS CODE: REJ STATUS REASON: OTH
INCRPTNO.:          RCT:   EXT:  DATE ENTD: 11-10-2022
REMARKS..: WHAT ARE THE BASIS OF YOUR REQUEST




REGNO: 57005-177 NAME: RANIERE, KEITH
RSP OF...: TCP UNT/LOC/DST: 4 GP                QTR.: C01-118U   RCV OFC: WXR
REMEDY ID: 1133798-R1     SUB1: 33EM SUB2:       DATE RCV:   01-31-2023
UNT  RCV..:4 GP        QTR RCV.: Z01-120LAD    FACL RCV: TCP
UNT  ORG..:4 GP        QTR ORG.: Z01-119LAD    FACL ORG: TCP
EVT FACL.: TCP    ACC LEV: TCP 1 WXR  1          RESP DUE:  THU  03-02-2023
ABSTRACT.: RQSTNG INFO DENIAL PHNE CALL PARA LEGAL APPROVE LIST
STATUS DT: 03-06-2023  STATUS CODE: CLD STATUS REASON: DNY
INCRPTNO.:          RCT: N EXT:  DATE ENTD: 01-31-2023
REMARKS..:


















G0002      MORE PAGES TO FOLLOW . . .
```

**Ex. A, Att. 4, p. 7**

```
PHXC4          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      04-26-2023
PAGE 008 OF     *            FULL SCREEN FORMAT            *      06:47:14


REGNO: 57005-177 NAME: RANIERE, KEITH
RSP OF...: TCP UNT/LOC/DST: 4 GP             QTR.: C01-118U   RCV OFC: WXR
REMEDY ID: 1133790-R1     SUB1: 18AM SUB2:      DATE RCV:    01-31-2023
UNT  RCV..:4 GP        QTR RCV.: Z01-120LAD  FACL RCV: TCP
UNT  ORG..:4 GP        QTR ORG.: Z01-119LAD  FACL ORG: TCP
EVT FACL.: TCP    ACC LEV: TCP  1 WXR  1        RESP DUE: THU  03-02-2023
ABSTRACT.: REQUESTING VISIT DENIAL INFORMATION
STATUS DT: 01-31-2023  STATUS CODE: ACC STATUS REASON:
INCRPTNO.:            RCT: N EXT:  DATE ENTD: 01-31-2023
REMARKS..:




REGNO: 57005-177 NAME: RANIERE, KEITH
RSP OF...: TCP UNT/LOC/DST: 4 GP             QTR.: C01-118U   RCV OFC: BOP
REMEDY ID: 1139878-A2     SUB1: 18AM SUB2:      DATE RCV:    02-08-2023
UNT  RCV..:4 GP        QTR RCV.: Z01-120LAD  FACL RCV: TCP
UNT  ORG..:4 GP        QTR ORG.: Z01-117LAD  FACL ORG: TCP
EVT FACL.: TCP    ACC LEV:                      RESP DUE:
ABSTRACT.: REQUESTING INFORMATION ON VISITORS REMOVAL
STATUS DT: 03-09-2023  STATUS CODE: REJ STATUS REASON: DIR
INCRPTNO.:            RCT:  EXT:  DATE ENTD: 03-09-2023
REMARKS..:












G0002      MORE PAGES TO FOLLOW . . .
```

**Ex. A, Att. 4, p. 8**

```
PHXC4        *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *     04-26-2023
PAGE 009 OF       *            FULL SCREEN FORMAT            *     06:47:14


REGNO: 57005-177 NAME: RANIERE, KEITH
RSP OF...: TCP UNT/LOC/DST: 4 GP            QTR.: C01-118U   RCV OFC: BOP
REMEDY ID: 1139878-A1      SUB1: 18AM SUB2:      DATE RCV:   02-13-2023
UNT  RCV..:4 GP        QTR RCV.: Z01-120LAD   FACL RCV: TCP
UNT  ORG..:4 GP        QTR ORG.: Z01-117LAD   FACL ORG: TCP
EVT FACL.: TCP    ACC LEV:                      RESP DUE:
ABSTRACT.: REQUESTING INFORMATION ON VISITORS REMOVAL
STATUS DT: 02-24-2023  STATUS CODE: REJ STATUS REASON: DIR
INCRPTNO.:          RCT:  EXT:  DATE ENTD: 02-24-2023
REMARKS..:




REGNO: 57005-177 NAME: RANIERE, KEITH
RSP OF...: TCP UNT/LOC/DST: 4 GP            QTR.: C01-118U   RCV OFC: BOP
REMEDY ID: 1133798-A1      SUB1: 33EM SUB2:      DATE RCV:   03-07-2023
UNT  RCV..:4 GP        QTR RCV.: Z01-111LAD   FACL RCV: TCP
UNT  ORG..:4 GP        QTR ORG.: Z01-119LAD   FACL ORG: TCP
EVT FACL.: TCP    ACC LEV:  TCP 1 WXR 1          RESP DUE:
ABSTRACT.: RQSTNG INFO DENIAL PHNE CALL PARA LEGAL APPROVE LIST
STATUS DT: 03-24-2023  STATUS CODE: REJ STATUS REASON: IRQ RAP RSA
INCRPTNO.:          RCT:  EXT:  DATE ENTD: 03-24-2023
REMARKS..:
```

**Ex. A, Att. 4, p. 9**

```
PHXC4          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      04-26-2023
PAGE 010 OF     *            FULL SCREEN FORMAT              *      06:47:14


REGNO: 57005-177 NAME: RANIERE, KEITH
RSP OF...: TCP UNT/LOC/DST: 4 GP              QTR.: C01-118U   RCV OFC: WXR
REMEDY ID: 1147196-R1     SUB1: 25ZM SUB2:      DATE RCV:   03-30-2023
UNT  RCV..:4 GP        QTR RCV.: C01-118U      FACL RCV: TCP
UNT  ORG..:UNIT C      QTR ORG.: C01-108U      FACL ORG: TCP
EVT FACL.: TCP    ACC LEV:                      RESP DUE:
ABSTRACT.: REQUESTING TO BE UNRESTRAINED FOR LEGAL VISIT
STATUS DT: 03-30-2023  STATUS CODE: REJ STATUS REASON: DIR
INCRPTNO.:          RCT:    EXT:  DATE ENTD: 03-30-2023
REMARKS..: NEEDS BP-8 PAPERWORK ATTACHED TO BP-9




REGNO: 57005-177 NAME: RANIERE, KEITH
RSP OF...: TCP UNT/LOC/DST: 4 GP              QTR.: C01-118U   RCV OFC: WXR
REMEDY ID: 1133808-R1     SUB1: 16GM SUB2:      DATE RCV:   03-30-2023
UNT  RCV..:4 GP        QTR RCV.: C01-118U      FACL RCV: TCP
UNT  ORG..:4 GP        QTR ORG.: Z01-119LAD    FACL ORG: TCP
EVT FACL.: TCP    ACC LEV: TCP 1 WXR 1          RESP DUE:  MON  05-29-2023
ABSTRACT.: LOSS OF CONTACT IN TRULINCS
STATUS DT: 03-30-2023  STATUS CODE: ACC STATUS REASON:
INCRPTNO.:          RCT: N EXT: N DATE ENTD: 03-30-2023
REMARKS..:
```

```
G0002      MORE PAGES TO FOLLOW . . .
```

**Ex. A, Att. 4, p. 10**

```
PHXC4          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      04-26-2023
PAGE 011 OF 011 *              FULL SCREEN FORMAT           *      06:47:14


REGNO: 57005-177 NAME: RANIERE, KEITH
RSP OF...: TCP UNT/LOC/DST: 4 GP            QTR.: C01-118U  RCV OFC: WXR
REMEDY ID: 1147194-R1     SUB1: 25ZM SUB2:      DATE RCV:  04-13-2023
UNT  RCV..:4 GP        QTR RCV.: C01-118U      FACL RCV: TCP
UNT  ORG..:UNIT C      QTR ORG.: C01-108U      FACL ORG: TCP
EVT FACL.: TCP    ACC LEV:                      RESP DUE:
ABSTRACT.: REQUESTING TO RETURN TO GENERAL POPULATION
STATUS DT: 04-13-2023  STATUS CODE: REJ STATUS REASON: DIR
INCRPTNO.:          RCT:  EXT:  DATE ENTD: 04-13-2023
REMARKS..:




REGNO: 57005-177 NAME: RANIERE, KEITH
RSP OF...: TCP UNT/LOC/DST: 4 GP            QTR.: C01-118U  RCV OFC: WXR
REMEDY ID: 1159102-R1     SUB1: 34ZM SUB2:      DATE RCV:  04-24-2023
UNT  RCV..:4 GP        QTR RCV.: C01-118U      FACL RCV: TCP
UNT  ORG..:4 GP        QTR ORG.: C01-118U      FACL ORG: TCP
EVT FACL.: TCN    ACC LEV:                      RESP DUE:
ABSTRACT.: STAFF COMPLAINT / SHU
STATUS DT: 04-24-2023  STATUS CODE: REJ STATUS REASON: SEN
INCRPTNO.:          RCT:  EXT:  DATE ENTD: 04-24-2023
REMARKS..:










           20 REMEDY SUBMISSION(S) SELECTED
G0000        TRANSACTION SUCCESSFULLY COMPLETED
```

**Ex. A, Att. 4, p. 11**

# Exhibit A
# Attachment 5

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: RANIERE, Keith, A        57005-177        C-1        USP Tucson
    LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.        UNIT        INSTITUTION

**Part A - REASON FOR APPEAL** I have a high-profile case which I believe adversely affects my dealings with the B.O.P. I am taking this step, even though I have finished my sanctions, hoping an injustice will be rectified, and to document the journey. Here are 3 issues: ① No one will tell me which policy I violated: S.I.S. claimed I didn't violate any policy but knowingly circumvent one un-named. ② DHO claims I didn't circumvent one, but broke one — they will not tell me which. I have searched all my resources; I did not violate any policy. I have a right to know which policy I violated ② Not knowing what policy I violated deprives me of the ability to defend myself. I need this policy and time to defend DO HO additionally deprived me of this notification. DHO threw out the original charges but instead different charges which contradicts the S.I.S. charges. I should be allowed to defend against these new charges.

Here are the uncontested events: ① I gave the phone number of my 15-year romantic partner to another inmate urging him to call her. She runs a national effort to help inmates. I felt this inmate could benefit from her services.② Unbeknownst to me she began to have email correspondence with him. After the inmate told me he suggested they call me "K-day" ~~~~~ we both thought that was funny.③ I was not restricted from communicating with my partner. I called her sometimes multiple times per day. I also saw her for 12 hours every two weeks — she came every time we had visiting ④ At some point, when I knew the inmate might speak to my partner, I told him to A) Send my love & B) I will see her Saturday. This is my crime. Which policy do these actions violate?

My DHO report claims I made statements and admissions to S.I.S. yet claims I remained silent ⑥ It also says I denied the charge yet says I neither admits nor denies charges. ⑦ the report claims no delays. ⑧ My S.I.S. investigation was extended 30 days with no additional activity ⑨ the codefendant had his hearing one month before mine. This delay effectively lengthened my sanctions — almost doubling them. I was told this delay was because my staff rep. was away. Staff from her unit confirmed this was not true. Please expunge these shots and make this situation right.

1/6/22 [This was not given to me on 12/17, it was slipped under my door 12/31]
         see camera footage

DATE                                                    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

FEB 25 2022

DATE                                        REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE        CASE NUMBER: _____

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: Raniere, Keith, A        57005-177        C-1        USP Tucson
    LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.        UNIT        INSTITUTION

SUBJECT: Expunging shots and rectifying situation

DATE                                        SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN LVN                                                                BP-230(13)
                                                                       JUNE 2002

**Ex. A, Att. 5, p. 1**



BP-A0304     **DISCIPLINE HEARING OFFICER REPORT**

Dept. of Justice / Federal Bureau of Prisons

| Institution: TUCSON USP | Incident Report Number: 3547878 |
|---|---|

| NAME OF INMATE: RANIERE, KEITH | REG.NO.: 57005-177 | UNIT: UNIT C |
|---|---|---|

| Date of Incident Report: 09-16-2021 | Offense Code(s): 196 197 199 |
|---|---|

Date of Incident: 07-22-2021

Summary of Charges:

(199 -- DISRUPTIVE CONDUCT-GREATEST) MOST LIKE , 196 -- MAIL ABUSE, CRIMINAL. 197 -- PHONE ABUSE, CRIMINAL.

---

**I.    NOTICE OF CHARGE(S)**

A.    Advanced written notice of charge (copy of Incident Report) was given to inmate on __09-16-2021__ at __1614 hrs__ (by staff member) __K.FALCONER__

B.    The DHO Hearing was held on __10-26-2021__ at __1152 hrs__

C.    The inmate was advised of the rights before the DHO by (staff member): __S. Watson__ on __09-18-2021__

and a copy of the advisement of rights form is attached.

D.    Delay in Process    **None**

---

**II.    STAFF REPRESENTATIVE**

A.    Inmate waived right to staff representative:    [Yes] ___    [No] __X__

B.    Inmate requested staff representative and __A. Lopez__ appeared.

C.    Staff Representative's Statement:
"I reviewed everything, and met with him. He admitted that he gave the inmate the information and made the statements, so there's nothing else I can say."

D.    Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that:
**NA**

E.    Staff representative __NA__ was appointed.

---

**III.    PRESENTATION OF EVIDENCE**

A.    Inmate **neither admits nor denies the charge(s).**

B.    Summary of Inmate Statement:
Inmate Keith Raniere, Reg. No. 57005-177 stated " I suggested he contact her because she runs a inmate program and her information on a DNA site."

---

.Prescribed by P5270                                    Replaces BP-304(52) of Jan 88



**Ex. A, Att. 5, p. 2**



BP-A0304     **DISCIPLINE HEARING OFFICER REPORT**

Dept. of Justice / Federal Bureau of Prisons

C.    Witnesses

1.    The inmate waived right to witnesses.  [Yes] **X**     [No] __

2.    The following persons were called as witness at this hearing and appeared
(Each witness name and statement listed below):
**NA**

3.    The following persons requested were not called for the reason(s) given
(Each witness name and statement listed below):
**NA**

4.    Unavailable witnesses were requested to submit written statements and
those statements received were considered (Each witness name and
statement listed below):
**Inmate Timothy Brooks 86832-079 provided a written statement.**

D.    Documentary Evidence. In addition to the Incident Report and
Investigation, the DHO considered the following documents:
**Incident Report -- (BP-A288)**
**Inmate Rights at Discipline Hearing -- (BP-A293)**
**Notice of Discipline Hearing Before the (DHO) -- (BP-A294)**
**DHO Report - Witness Statement -- (DHO-WITSTM)**
**Incident Report - SIS Reports -- (BOP-IRSIS)**
**Incident Report - Threat Assessments -- (BOP-IRTHRA)**
**Incident Report - TRU System Documentation -- (BOP-IRTRU)**
**Duties of Staff Representative -- (BP-A306)**

E.    Confidential information was used by DHO in support of his findings, but
was not revealed to the inmate. The confidential information was documented
in a separate report. The confidential information has been (confidential
informants have been) determined to be reliable because:
**NA**

IV.    FINDINGS OF THE DHO
_ A. The act was committed as charged.    _ C. No prohibited act was committed:
**X** B. The following act was committed:     Expunge according to inmate
**397 396**                         discipline PS.

V.    SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations
written documents, etc.)
**DHO FINDINGS:**

**The inmate s due process rights were read and reviewed by the DHO to the inmate. The DHO
confirmed the inmate received a copy of his incident report and did want a staff representative and
she was present during the DHO hearing.  The inmate did request a witness and the witness
statement was received in writing and read to you. You signed the acknowledgement to allow the
witness statement to be written and read to you in the DHO hearing. The inmate had no
documentary evidence to submit. The inmate understood his due process rights, and was ready to
proceed with the DHO Hearing.**

**Ex. A, Att. 5, p. 3**



BP-A0304 · **DISCIPLINE HEARING OFFICER REPORT**

Dept. of Justice / Federal Bureau of Prisons

Based on the evidence, the DHO finds you committed the prohibited act of Code 396- Use of the mail (email) for abuses other than criminal activity and Code 397 -Use of the telephone for abuses other than criminal activity. To make this finding the DHO relied upon the following:

It was made aware on September 16, 2021, at approximately 11:00 a.m., the SIS Investigation was closed for inmates Keith Raniere, Reg. No. 57005-177 and Inmate Timothy Brooks, Reg. No. 86832-079. It is concluded both inmates Raniere and Brooks, knowingly and admitted to circumventing the Bureau of Prisons communication policy. Specifically, Inmate Brooks sent email correspondence to a " Nicki Clyne" at the email of " moonwalk4me@protonmail.com" and stated if there was a need to have contact with Raniere that they can do it through the email. In the email it also describes a nickname for Raniere of " K-Dog" to be discreet in their communications. Inmate Raniere's TRULINCS account has been restricted for public messaging. In a memorandum authored by the Bureau of Prisons, Counter Terrorism Unit, discovered " Nicki Clyne" was under several inmates TRULINCS accounts under false pretenses while inmate Raniere was housed at MDC Brooklyn. " Nicki Clyne" at this time is an un-indicted co-conspirator of Raniere's " Inner Circle" or " First line masters" of the NXIVM cult. In an interview with inmate Raniere, he admits to utilizing inmate Brooks to send messages to " Nicki Clyne" on his TRULINCS account and in visitation to pass along messages to his co-conspirator, Carol Bronfman, Reg. No. 91010-053, who is housed at FDC Philadelphia.

The DHO notes during the investigation you elected to remain silent. During your UDC hearing you stated " This does not violate policy. I didn't pass any messages. I didn't admit anything to SIS."

The DHO asked if you admitted or denied the charge against you. You denied the charge stating, " I suggested he contact her because she runs a inmate program and her information on a DNA site." The DHO finds credible the staff member's account of this incident as stated above. The supporting documentation (TRUFONE/TRUVIEW reports, staff memo, SIS investigation, copies of email correspondence) submitted corroborates the incident. Specifically, email correspondence from inmate Brooks states "anytime you need to get work to Keith you can contact me. Just be discrete and maybe we can call him K-dog, that keeps everything out of the man's face and me kosher." Also sent via inmate Brooks, "K-dog say see you Sat.". These emails support messages being sent on your behalf and an attempt to try and circumvent communication by having message sent to inmate Brooks for you via his email account, and to use a coded name. This information supports the charges. Further, the investigation showed a phone number connected to "Nicki Clyne" was on several inmate accounts in an attempt to send messages without monitoring. Your staff representative was present during the DHO hearing, and stated that you gave inmate Brooks the information to your contacts, so there was no further information or defense she could assist with. You stated during the DHO hearing that you didn't know you could not have another inmate contact your personal contact on your behalf, which was false, as the DHO had previously met with you and informed you of the rules regarding telephone, and email due to a previous incident. This showed a lack of credibility to the DHO.

Although the inmate denied the charge, the DHO based her decision on the greater weight of the evidence. Specifically, the DHO relies upon the reporting officer's eyewitness statement. The DHO found no reason to question the validity of the reporting officer, since his observations were made strictly in the performance of his duties, without any reason to submit a false report.

The DHO advised the inmate that the code was being amended to support the description of the incident. The inmate had no objection to the changing of the charge.

Therefore, based on the facts, evidence presented, the DHO finds you committed the prohibited act of 396 -Use of the mail (email) for abuses other than criminal activity and Code 397- Use of the telephone for abuses other than criminal activity.



BP-A0304 | **DISCIPLINE HEARING OFFICER REPORT**

Dept. of Justice / Federal Bureau of Prisons

VI.   SANCTION OR ACTION TAKEN
   **396 - LP EMAIL 45 DAYS,  397 - LP PHONE 45 DAYS**

VII.   REASON FOR SANCTION OR ACTION TAKEN

**396**
Use of the mail for abuses other than criminal activity which do not circumvent mail monitoring; or use of the mail to commit or further a Moderate category prohibited act.

**397:**
The action on the part of any inmate to use the telephone in an unauthorized manner poses a serious threat to the ability of staff to control the use of the telephone and monitor whether inmates are making calls for prohibited or illegal purposes. It is indicative of the intent to participate in unauthorized activities that could lead to disruptive behavior. The use of telephones is a privilege for inmates to maintain contact with their family and to maintain ties with them and not for criminal use. The sanctions imposed by the DHO were taken to express the seriousness of the infraction.

Loss of Privileges:
The sanctions of loss of privileges were given to remind the inmate that he and he alone is responsible for his behavior. The DHO imposes the sanctions listed above to convey the seriousness and inappropriate of your actions. The above listed sanctions are imposed to deter you and others from exhibiting future acts of misbehavior. Sanctions are imposed to encourage you to use better judgment in further interactions and you must be accountable for you actions.

VIII.   APPEAL RIGHTS:   **X**   The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

IX.   Discipline Hearing Officer

| Printed Name | Signature | Date |
|---|---|---|
| A. ESTRADA | A. ESTRADA | 11-17-2021 |

DHO Report Delivered to Inmate by:

| B. Nicholsen | | 12-17-2021 / 0800 |
|---|---|---|
| Printed Name of Staff | Signature of Staff | Date & Time Delivered |

Not done ↑

12-21-2021 / 18:00 (≈6pm)

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

**Ex. A, Att. 5, p. 5**

1111640-R1
FCC TUCSON
Page 1 of 2

You are requesting administrative relief regarding the decision of the Discipline Hearing Officer (DHO) on October 26, 2021, in which you were found to have committed the prohibited act of Mail Abuse-No Circumvention, Code 396 and Phone Abuse - No Circumvention, Coe 397. You make various claims which are addressed below.    For relief, you seek to have this incident expunged from your discipline record.

On appeal, the appropriate reviewing authority shall consider: a. Whether the UDC or DHO substantially complied with the regulations on inmate discipline; b. Whether the UDC or DHO based its decision on some facts, and if there was conflicting evidence, whether the decision was based on the greater weight of the evidence; and c. Whether an appropriate sanction was imposed according to the severity level of the prohibited act, and other relevant circumstances.

A review of the disciplinary action indicated that you were provided due process as required by Program Statement 5270.09, Inmate Discipline Program.   You were given advanced written notice of the charge against you more than 24 hours prior to your appearance before the DHO. You were afforded the opportunity to have staff representation and to call witnesses.   Your staff representative appeared and your witness provided a written statement.   You were afforded the opportunity to make a statement to the DHO and present documentary evidence on your behalf. Your statement is reflected and addressed in the DHO report and there was no indication in the record that you presented written documentary evidence.

The DHO report clearly indicates the basis for the finding that you committed the prohibited act and explains the purpose of imposing the sanctions which are within policy.

You claim or infer you are innocent.   Bureau of Prisons policy directs the DHO to consider all evidence presented at the hearing and to make a decision based on some facts, and if there is conflicting evidence, to base the decision on the greater weight of the evidence.   Evidence weighted against you included the statement provided by the reporting office and other documentary evidence contained in the discipline packet.   Such evidence supports the fact that on the said date, time and place of the incident, staff reviewed an email and discovered that you were utilizing another inmate's Trulincs and Trufone account to receive messages.   That evidence, coupled by the fact that you were unable to present credible or verifiable evidence which exonerates you from the charge, reasonably led the DHO to make a guilty finding.

You claim you were not advised of your rights before the DHO.   Bureau of Prison policy and Federal Regulations state that the investigator will specifically inform you of the charge(s) against you; and that you may remain silent at all stages of the discipline process.   Evidence reflects that on September 16, 2021, you were advised of that right.   Evidence found in the record also reflects that on October 26, 2021, you were advised of your rights before the DHO. The advisement forms bear what appears to be your signature.   Contrary to your claim, evidence found within the record reflects you were advised of all rights afforded during the discipline process.

1111640-R1
FCC TUCSON
Page 2 of 2

You claim you did not receive written notice of the charge against you in a timely manner. Specifically, you allege staff became aware of the incident on July 22, 2021, but staff did not write the incident report until September 16, 2021.   Upon review of the record, we note your incident report was written at the conclusion of a SIS Investigation.   Reasons for conducting an investigation before writing an incident report are to ascertain if there is sufficient evidence or information to charge an inmate with misconduct, as well as to rule out, or rule in, potential suspects.   Contrary to your belief, your incident report was issued to you in a timely manner as it was written and issued to you after the official investigation was closed on September 16, 2021.

You claim you did not receive advance notice of the charge levied against you after the DHO found you guilty of a different act.   Policy states that the DHO shall find that the inmate committed the prohibited act charged and/or a similar prohibited act if reflected in the incident report.   The record indicates you were initially charged with committing two offenses (Codes196 and 197).   After reviewing all the facts, and since the incident report clearly describes your behavior, the DHO felt (Code 396 and 397) best describes your misconduct and held you accountable for committing that prohibited acts (Code 396 and 397), rather than (Codes 296 and 297).   We find no abuse of discretion in this matter

You claim the DHO misstated you.   Specifically, you claim you did not make statements and admission to SIS. Policy requires the DHO to prepare a record of the proceedings which need not be verbatim.   This record must be sufficient to document the advisement of inmate rights; the DHO's findings, the DHO's decision and the specific evidence relied on by the DHO, and must include a brief statement of the reasons for the sanctions imposed.   The evidence relied upon, the decision, and the reasons for the actions taken must be set out in specific terms unless doing so would jeopardize institutional security.   Contrary to your claim, we found evidence which indicates the record was adequately documented.

The allegations presented in your request for relief have been investigated and determined to be without merit. Thus, your request for relief from the discipline action or sanctions is denied.

If dissatisfied with this response, you may appeal to the Office of the General Counsel, Bureau of Prisons, 320 First Street, NW, Washington, D.C., 20534.   Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

__4|1|22__
Date

M. Rios, Regional Director

**Ex. A, Att. 5, p. 7**



**FEDERAL BUREAU OF PRISONS**

**UNITED STATES PENITENTIARY**

**TUCSON, ARIZONA**

| _____ Unit | ☐ Region | ☐ Central |
|---|---|---|
| | ☐ WDN | ☐ REJ |

# ACKNOWLEDGMENT OF RECEIPT OF
# ADMINISTRATIVE REMEDY APPEAL

I, Chapiere , Reg. 57005177 further acknowledge by my signature, receiving

Administrative Remedy Appeal, 111640 R1 . The Administrative Remedy Appeal was

hand-delivered to me.

Received on this 7 day of June , 2022.

_____
Signature of Inmate

_____
Register Number

_____
Signature/Title of Staff Witness

**Ex. A, Att. 5, p. 8**

**U.S. Department of Justice**                    **Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: RANIERE, KEITH A.          57005-177        C-1        Tucson USP
          LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.          UNIT          INSTITUTION

**Part A - REASON FOR APPEAL**

The regional report by M. Rios appears to ignore the 3 issues raised and, additionally, claims evidence that does not exist in the OHO report or SIS investigation. Specifically, M. Rios claims I <u>received</u> messages through another inmate. Nowhere else is this even alleged. It did not happen.

You will be contacted by my attorney Stacy Scheff or you can contact her at (520)-471-8333 or stacy.scheff@gmail.com

6/9/22
DATE                                    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

JUN 3 0 2022

Administrative Remedy Section
Federal Bureau of Prisons

_____                           _____
DATE                                  GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE            CASE NUMBER: 1111684041

**Part C - RECEIPT**
                                      CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____                           _____
DATE                                  SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

UPN LVN                                              BP-231(13)
                                                     JUNE 2002

Ex. A, Att. 5, p. 9

Exhibit A
Attachment 6

TCX 1330.18B
9/9/2019
Page 6

Copy

Content copied

Attachment A

## INFORMAL RESOLUTION FORM

NOTICE TO INMATE: You are advised that prior to receiving and filing a Request for Administrative Remedy Form (BP-9), you MUST attempt to informally resolve your complaint through your Correctional Counselor. Briefly state the complaint below and list what effort you have made to resolve your complaint informally. Also, please state names of staff contacted.

| Inmate Name: Keith Alan Raniere | Reg. No.: 57005-177 | Unit: C-1 (SHU A) |
|---|---|---|

Informal resolution form issued by Correctional Counselor on: (date)

INMATE'S COMMENTS: (Inmate MUST FILL OUT items 1-4 and signature block)

1. Complaint: Suneel Chakravorti is my friend, power of attorney and a paralegal on my legal team. He was banned from communicating with me. He is stated for 2phone calls then banned a second time. i) Why was he banned a second time? 2) Who made this decision? 3) What evidence was used for this decision. I want him reinstated ASAP.

2. Efforts made by inmate to informally resolve incident (Which staff members did you talk to and what did they say?)  Spoke to Staff

3. State what action you want staff to take to correct the situation:
Find out (from above) 1)-3), Do 4)

Date returned to Correctional Counselor:

| Inmate Signature Keith Alan Raniere | Reg. No. 57005-177 | Date |
|---|---|---|

CORRECTIONAL COUNSELOR'S COMMENTS:

Efforts made to informally resolve and staff contacted:
a.  *Discussed the complaint with (staff member) --- and he/she stated...*
b.  *I further explained to the inmate that ...*
c.  *But, the inmate insisted he wanted to file a BP-9 because...*

Date informally resolved:                    Signature:

Informal Resolution was not accomplished for the following reason:
*After I personally explained that ..., he still insisted that he was wronged because...*

Unit Manager's review and Signature:
a.  *Can this request be resolved at the Unit Level?*
b.  *Steps taken to resolve (who was contacted, results of that contact – do not forward for lack of contact):*

_____
Unit Manager

**Ex. A, Att. 6, p. 1**

U.S. DEPARTMENT OF JUSTICE                                    **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

Copy BP9
Content Copy

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Raniere, Keith, A        57005-177        C-1 (SHU A)        Tucson USP
      LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.        UNIT            INSTITUTION

**Part A- INMATE REQUEST** Suneel Chakravorti is my friend, power of attorney, and a para-legal on my legal team. He was banned from communicating with me, reinstated for 2 phone calls, then banned a second time. 1) Why was he banned the second time? 2) What event caused this? 3) Who made this decision? 4) What evidence was used for this decision? 5) How did my continuing to have contact with him, beyond the second call after his reinstatement, endanger the safety and/or security of this institution (this is the reason given for this action — see response to my BP-8 — my questions were not answered)? 6) I want him reinstated ASAP!
   **\*\*** I want to know and understand this decision — not simply hear, in effect, this decision was made, if you want to appeal it use the administrative remedy process.
   How can I appeal a decision if I know nothing about it, how was made? I need the above questions answered before I can do a proper appeal! Thank you.

9/8/22                                         _Keith Alan Raniere_
DATE                                            SIGNATURE OF REQUESTER

**Part B- RESPONSE**

DATE                                                     WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                        CASE NUMBER: _____

                                                  CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.        UNIT        INSTITUTION

SUBJECT: _____
                                                    **Ex. A, Att. 6, p. 2**

DATE                        RECIPIENT'S SIGNATURE (STAFF MEMBER)        BP-229(13)
                                                                        APRIL 1982

U.S. Department of Justice

Federal Bureau of Prisons

Content copy

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Raniere, Keith, A     57005-177    C-1 (SHU A)    USP Tucson

       LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT       INSTITUTION

**Part A - REASON FOR APPEAL** The BP-9 response does not address the situation or questions. This BP-9 is concerned with the second time communication was blocked - not the first. Additionally, it raises several new issues. 1) I have had numerous calls recorded and/or notes taken which can be used for podcasts or other media. I have been told specifically by DHO - in the process of having a shot expunged - this does not violate policy in any way. Please tell me the policy this now violates? 2) I have not heard, nor received, any shot or warning about the alleged allias I used to contact Mr. Chakravorti. Please provide the specific evidence to prove this and any policies this alleged behavior would violate

    It is important to know these things in order to follow policies and also legitimately appeal determinations based on this unknown data.

    Additionally, please answer the questions and requests raised in the BP-9.

10/24/22                   _Keith Alan Raniere_

    DATE                            SIGNATURE OF REQUESTER

**Part B - RESPONSE**

 

 

 

    DATE                                     REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                      CASE NUMBER: _____

**Part C - RECEIPT**

                                           CASE NUMBER: _____

Return to: _____

         LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

**Ex. A, Att. 6, p. 3**

    DATE                            SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN LVN             PRINTED ON RECYCLED PAPER                                      BP-230(13)

                                                               JUNE 2002

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

| From: | Raniere, Keith, A | 57005-177 | C-1 (SHU A) | USP Tucson |
|-------|-------------------|-----------|-------------|------------|
|       | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL** I have not received a response from the Regional Office, I have been in the SHU for over 6 months during which the facility was locked down for over a month, and my cell has been raided a number of times. Most notably important, well-marked, packages from my attorney were taken as well as numerous papers and notes. I mention this as the reason I do not have many of the past forms, extensions answers etc. There is also a paucity of resources, forms, etc in this SHU compounding these difficulties. Please answer the questions raised on the enclosed content copies of the BP-9 and BP-10. Thank you.

| 2/17/23 | Keith Alan Raniere |
|---------|---------------------|
| DATE | SIGNATURE OF REQUESTER |

**Part B - RESPONSE**

IRG → B
RAP → B
12SD

**RECEIVED**

MAR 0 7 2023

Administrative Remedy Section
Federal Bureau of Prisons

| | GENERAL COUNSEL |
|---|---|
| DATE | CASE NUMBER: 1133798 A1 |

ORIGINAL: RETURN TO INMATE

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

| DATE | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL |
|------|------------------------------------------------|

Ex. A, Att. 6, p. 4

BP-231(13)

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MARCH 24, 2023

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : KEITH RANIERE, 57005-177
      TUCSON USP   UNT: 4 GP   QTR: Z01-112LAD
      9300 SOUTH WILMOT ROAD
      TUCSON,  AZ 85756

FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID      : 1133798-A1     CENTRAL OFFICE APPEAL
DATE RECEIVED  : MARCH 7, 2023
SUBJECT 1      : LEGAL PHONE CALLS
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT PROVIDE A COPY OF YOUR    INSSITUTION
                 ADMINISTRATIVE REMEDY REQUEST (BP-9) FORM OR   A COPY
                 OF THE (BP-09) RESPONSE FROM THE WARDEN.

REJECT REASON 2: YOU DID NOT PROVIDE A COPY OF YOUR    REGIONAL OFFICE
                 ADMINISTRATIVE REMEDY APPEAL (BP-10) FORM OR   A COPY
                 OF THE (BP-10) RESPONSE FROM THE REGIONAL DIRECTOR.

REJECT REASON 3: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 15 DAYS OF THE DATE OF THIS REJECTION NOTICE.

**Ex. A, Att. 6, p. 5**

Exhibit A

Attachment 7

TCX 1330.18B
9/9/2019
Page 6

Attachment A

*Copy*

## INFORMAL RESOLUTION FORM

**NOTICE TO INMATE:** You are advised that prior to receiving and filing a Request for Administrative Remedy Form (BP-9), you MUST attempt to informally resolve your complaint through your Correctional Counselor. Briefly state the complaint below and list what effort you have made to resolve your complaint informally. Also, please state names of staff contacted.

| Inmate Name: Raniere, K. | Reg. No.: 57005-177 | Unit: C |
|---|---|---|

Informal resolution form issued by Correctional Counselor on: (date)   10/23/2022

**INMATE'S COMMENTS: (Inmate MUST FILL OUT items 1-4 and signature block)**

1. Complaint: My account was "scrubbed" and I am currently on special restrictions; 1) What did I do to cause this? 2) Why were my contacts erased instead of just blocked? 3) Who ordered Gellon to do this? 4) What evidence was used for this decision? 5) How can I reverse this?

2. Efforts made by inmate to informally resolve incident (Which staff members did you talk to and what did they say?)   Spoke to staff and emailed Gellion

3. State what action you want staff to take to correct the situation:   Find out (from above) 1)-5)

Date returned to Correctional Counselor:

Inmate Signature Keith Alan Raniere   Reg. No. 57005-177   Date 8/29/22

**CORRECTIONAL COUNSELOR'S COMMENTS**

Efforts made to informally resolve and staff contacted:
a. *Discussed the complaint with (staff member) --- and he/she stated...*
b. *I further explained to the inmate that ...*
c. *But, the inmate insisted he wanted to file a BP-9 because...*

Date informally resolved:                    Signature:

Informal Resolution was not accomplished for the following reason:
*After I personally explained that ..., he still insisted that he was wronged because...*

Unit Manager's review and Signature:
a. *Can this request be resolved at the Unit Level?*
b. *Steps taken to resolve (who was contacted, results of that contact – do not forward for lack of contact):*

_____
Unit Manager

**Ex. A, Att. 7, p. 1**

UNICOR FEDERAL PRISON INDUSTRIES, INC.
LEAVENWORTH, KANSAS

U.S. DEPARTMENT OF JUSTICE    Copy

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

**From:** Raniere, Keith, A     57005-177    C-1 (SHU A)   USP Tucson

LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.         UNIT          INSTITUTION

**Part A- INMATE REQUEST** My account was "scrubbed" and I am currently on special restrictions: 1) What act did I do now to cause this? 2) Why were the contacts erased instead of just "blocked"? 3) Who ordered Gallion to do this? 4) What evidence was used for this decision? 5) How could my having this information "blocked" instead of erased, endanger the safety and/or security of this institution (this is the reason given for this action—see response to my BP-8—my questions were not answered)? 6) How do I reverse this?

** I want to know and understand this decision—not simply hear, in effect, this decision was made, if you want to appeal it use the administrative remedy process.

How can I appeal a decision if I nothing about how it was made? I need the above questions answered before I can do a proper appeal). Thank you.

9/8/22

DATE

Keith Alan Raniere

SIGNATURE OF REQUESTER

**Part B- RESPONSE**

DATE                                          WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**                          CASE NUMBER: _____

                                                         CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.       UNIT        INSTITUTION

SUBJECT: _____

**Ex. A, Att. 7, p. 2**

DATE _____

USP LVN            RECIPIENT'S SIGNATURE (STAFF MEMBER)              BP-229(13)
                                                                     APRIL 1982

PRINTED ON RECYCLED PAPER

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: Raisere, Keith, A.          5700S-177     C-1 (SHU A)   USP Tucson
      LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A - REASON FOR APPEAL** All of my administrative remedies are either delayed, lost, rejected, or otherwise thwarted. I never received a reply to my BP-10, I have enclosed my written copies of the final BP-8, BP-9, and BP-10 (written on a BP-9 form for I could not get a BP-10) in this series. I am in the S.H.U, and have been trying to get forms for the 6 months I've been in the S.H.U. I borrowed a BP-11 form tonight. Please answer these questions (1-6 on my enclosed BP-9 copies) and return my Trulincs account to where it was before this "scrubbing." Thank you.

1/31/23
    DATE

Keith Ahn Raisere
    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

DJT

---

    DATE          GENERAL COUNSEL

SECOND COPY: REGIONAL FILE COPY          CASE NUMBER: 1137070-A2

**Part C - RECEIPT**          CASE NUMBER: _____

Return to: _____
    LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION
SUBJECT: _____

    DATE          SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

**Ex. A, Att. 7, p. 3**

UPN-LVN          BP-231(13)
    JUNE 2002

UNICOR FEDERAL PRISON INDUSTRIES, INC.
LEAVENWORTH, KANSAS

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

*Copy of BP-10*

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Raniere, Keith, A          57005-177          G1 (SHU A)     USP Tucson
       LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.          UNIT          INSTITUTION

**Part A- INMATE REQUEST**   The response to my BP-9 only generally addresses question #4 of the 6, highly related, questions raised. The reason given violates my 1st amendment rights, and also is not a valid logical conclusion from the premises. Please answer these (enclosed on past BP-9) questions. Thank you.

Note: I just received this today. It is very late and seems unreasonably delayed. This whole incident, along with others, appears to be retaliatory and this, in particular, seems retaliation for the motion 33 I filed in early May (see docket, also online press conference with Alan Dershowitz).

12/14/02                                    *Keith Alan Raniere*
DATE                                         SIGNATURE OF REQUESTER

**Part B- RESPONSE**

_____

DATE                                    WARDEN OR REGIONAL DIRECTOR
*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**                    CASE NUMBER: _____

                                                  CASE NUMBER: _____

**Part C- RECEIPT**
Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

                                                  **Ex. A, Att. 7, p. 4**

_____
DATE                          RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN        PRINTED ON RECYCLED PAPER                    BP-229(13)
                                                            APRIL 1982

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: Ratiere, Keith, A     57005-177    C-1 (SHU A)   USP Tucson
     LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

Part A - REASON FOR APPEAL   All of my administrative remedies are either delayed, lost, rejected, or otherwise thwarted. I never received a reply to my BP-10, I have enclosed re-written copies of the final BP-8, BP-9, and BP-10 (written on a BP-9 form for I could not get a BP-10) in this series. I am in the S.H.U, and have been trying to get forms for the 6 months I've been in the S.H.U, I borrowed a BP-11 form tonight, Please answer these questions (1.-6. on my enclosed BP-9 copies) and return my Trulincs account to where it was before this "scrubbing". Thank you,

1/31/23
DATE

_Keith Alan Ratiere_
SIGNATURE OF REQUESTER

Part B - RESPONSE

DIP

RECEIVED

FEB 0 8 2023

Administrative Remedy Section
Federal Bureau of Prisons

DATE

GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE      CASE NUMBER: _1139878-A2_

Part C - RECEIPT

CASE NUMBER: _____

Return to: _____
     LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

**Ex. A, Att. 7, p. 5**

DATE      SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

UPN LVN      PRINTED ON RECYCLED PAPER      BP-231(13)
     JUNE 2002

REJECTION NOTICE – ADMINISTRATIVE REMEDY

DATE: MARCH 9, 2023

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : KEITH RANIERE, 57005-177
      TUCSON USP    UNT: 4 GP    QTR: Z01-111LAD
      9300 SOUTH WILMOT ROAD
      TUCSON,  AZ 85756

FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID    : 1139878-A2    CENTRAL OFFICE APPEAL
DATE RECEIVED  : FEBRUARY 8, 2023
SUBJECT 1     : VISITING LIST
SUBJECT 2     :
INCIDENT RPT NO:

REJECT REASON 1: CONCUR WITH RATIONALE OF REGIONAL OFFICE AND/OR INSTITUTION
                 FOR REJECTION. FOLLOW DIRECTIONS PROVIDED ON PRIOR REJECTION
                 NOTICES.

**Ex. A, Att. 7, p. 6**