GARY M. RESTAINO
United States Attorney
District of Arizona
DENISE ANN FAULK
Assistant U.S. Attorney
State Bar No. 12700
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: (520) 620-7300
Email: denise.faulk@usdoj.gov
Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith Raniere, | CV-22-00561-TUC-RCC |
| Plaintiff, | **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND MOTION FOR LIMITED DISCOVERY** |
| vs. | |
| Merrick Garland, et al., | |
| Defendants. | |

Defendants Garland, Peters, Gutierrez and Ulrich, acting in their official capacities by and through undersigned counsel, hereby respond to Plaintiff's Motion for Extension of Time to Respond to Motion for Summary Judgment[1] and Motion for Limited Discovery Regarding Exhaustion of Administrative Remedies (Doc. 38). The Court should deny Plaintiff's motion for discovery because he failed to comply with Rule 56(d), Fed. R. Civ. P. This response is supported by all matters of record and the following:

**Memorandum of Points and Authorities**

I.    **Background**

   A.    **Plaintiff Keith Raniere**

A jury convicted Plaintiff Keith Raniere of Racketeering, Racketeering Conspiracy, Forced Labor Conspiracy, Wire Fraud Conspiracy, Sex Trafficking, Attempted Sex

---

[1] Plaintiff subsequently filed a second motion to extend time to respond to the Motion for Summary Judgment, which this Court granted. (Docs. 39 and 40.) Plaintiff's first motion to extend time is therefore moot, and Defendants will not discuss it herein.

1   Trafficking and Sex Trafficking Conspiracy, and he was sentenced to 120 years in prison.

2   *Raniere v. Garland*, No. 22-CV-00212-RCC (D. Ariz. June 9, 2022), Dkt. 14 at 1, 14-2 at

3   3, 16-17, 21-24.  Plaintiff is projected to be released from custody on June 27, 2120.  *Id.*

4   Dkt. 14-2 at 3.

5         **B.    Complaint and Motion for Preliminary Injunction**

6         In December 2022, Plaintiff brought his second action against the Defendants.

7   (Doc. 1.)  As in his first action, Plaintiff asserted First and Sixth Amendment claims based

8   on two allegedly dropped legal calls with attorneys in May 2022, allegations of retaliatory

9   conduct and the banning of three of Plaintiff's NXIVM affiliated people – two of whom

10  have violated Bureau rules, including by being added to Plaintiff's contact list under a

11  false name after having been banned and for transmitting messages to Plaintiff's co-

12  defendant who is serving time in federal prison.  (*Id.*)  Notably, each of the claimed

13  retaliatory events in the Complaint is alleged "on information and belief" except the purely

14  speculative claim that "[t]he short time between" Plaintiff's attorneys filing a Rule 33 and

15  the Bureau scrubbing his contact list of non-lawyers "raises a substantial likelihood that

16  Defendants actions were retaliatory."[2]  (*Id*. at 35.)

17        The Complaint sought an injunction restraining Defendants and their agents from

18  interfering with Plaintiff's telephonic communication with his attorneys and their

19  employees and agents or Plaintiff's visiting with his attorneys, "subject only to modest

20  limitations that are reasonably related to legitimate penological interests of Defendants."

21  (Doc. 1 at 36.)  He also filed a Motion for Preliminary Injunction seeking four injunctions.

22  (Doc. 3.)

23        The Court screened the Complaint, ordered Plaintiff to serve Defendants and

24  Defendants to answer the Complaint "or otherwise respond by appropriate motion within

25

26       [2] The docket in Plaintiff's criminal case belies his claim that he is being denied
    access to the court.  Plaintiff's criminal attorneys filed a Rule 33 motion, and Plaintiff filed
27  one as well.  *United States v. Raniere*, Case No. 1:18-cr-00204-NGG-VMS, Dkt. 1169,
    1178.  His criminal attorneys also filed a petition for a writ of mandamus, which the
28  Second Circuit denied.  *Id.*, Dkt. 1185.  In short, the docket demonstrates his robust access
    to his criminal attorneys and the court.

the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure." (Doc. 6 at 4.)  The Court also ordered Defendants to respond to the motion for preliminary injunction. (*Id.* at 5.)  The Court subsequently denied the motion for preliminary injunction because Plaintiff failed to show a likelihood of success on the merits or irreparable harm. (Doc. 34 at 19.)

### C.    Motion for Summary Judgment

Plaintiff failed to exhaust administrative remedies prior to filing the Complaint. Accordingly, Defendants filed a Motion for Summary Judgment on Exhaustion, supported by a Statement of Facts, exhibit and attachments. (Docs. 35, 36.)  This Court ordered Plaintiff to "file a response to Defendants' Motion for Summary Judgment (Doc. 35) together with copies of grievances, sworn declarations or other admissible evidence, no later than June 5, 2023." (Doc. 37 at 5.)

### D.    Motion for Limited Discovery

Plaintiff asserts he is requesting "leave to conduct limited scope discovery regarding the facts asserted in Defendants' Motion." (Doc. 38 at 1.)  Specifically, "Plaintiff requests the opportunity to do limited-scope discovery regarding the availability of remedies pursuant to *Ross* [*v. Blake*, 578 U. S. 632, 642 (2016)]."  He asserts he "intends to request policies regarding exhaustion generally, as well as records regarding the actions of Defendants as to Plaintiff's use of the grievance system specifically." (*Id.* at 2.)

## II.    Legal Discussion

Rule 56(d), Fed. R. Civ. P., provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1)    defer considering the motion or deny it;
>
> (2)    allow time to obtain affidavits or declarations or to take discovery; or
>
> (3)    issue any other appropriate order.

1   Thus, to obtain relief under Rule 56(d), a party "must identify by affidavit the
2   specific facts that further discovery would reveal, and explain why those facts would
3   preclude summary judgment." *Tatum v. City and County of San Francisco*, 441 F.3d
4   1090, 1100 (9th Cir. 2006).  The party seeking Rule 56(d) bears the burden of showing it
5   is appropriate.  *See Atay v. County of Maui*, 842 F.3d 688, 698 (9th Cir. 2016).  He must
6   show the facts "exist" and are "essential to oppose summary judgment." *Family Home*
7   *and Finance Center Inc. v. Freddie Mac*, 525 F.3d 822, 827 (9th Cir. 2008).  Further, the
8   claim that additional discovery would reveal relevant information must have foundation
9   in the record.  *Nordstrom, Inc. v. Chubb & Son, Inc.*, 54 F.3d 1424, 1436 (9th Cir. 1995).
10   Plaintiff fails to include a declaration or affidavit with his motion.  (Doc. 38.)  He
11   fails to identify what specific facts discovery would reveal or explain why they would
12   preclude summary judgment.  (*Id.*)  He fails to show that those facts exist and are
13   essential to oppose summary judgment.  (*Id.*)
14   Instead, Plaintiff asserts he intends to "request policies regarding exhaustion
15   generally." (*Id.* at 2.)  He does not address that Bureau policies are freely available on
16   the internet and that the relevant policies were referenced in the motion and statement of
17   facts (Docs. 35, 36). (Doc. 38.)  He also asserts he intends to request "records regarding
18   the actions of Defendants as to Plaintiff's use of the grievance system specifically." (*Id.*
19   at 2.)  However, again, he does not explain what records exist that were not already
20   provided in the motion and statement of facts, what specific facts they would reveal or
21   how they would preclude summary judgment.  (*Id.*)  In short, Plaintiff wholly fails to
22   comply with Rule 56(d).

**III.    Conclusion**

24   Because Plaintiff has not made the required showing under Rule 56(d), Fed. R.
25   Civ. P., to obtain discovery and delay the Motion for Summary Judgment, Defendants
26   respectfully request that this Court deny Plaintiff's motion for discovery (Doc. 38).

1    RESPECTFULLY SUBMITTED:  June 8, 2023.

2                                      GARY M. RESTAINO
                                       United States Attorney
3                                      District of Arizona

4
                                       *s/ Denise Ann Faulk*
5                                      DENISE ANN FAULK
                                       Assistant U.S. Attorney
6

7    Copy of the foregoing
     served via CM/ECF to
8
     Stacy Scheff
9    LAW OFFICE OF
     STACY SCHEFF
10   P.O. Box 40611
     Tucson, AZ 85717
11

12   *s/ Pamela Vavra*
     */ Resp to MF Discovery*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28