Case 4:22-cv-00561-RCC   Document 71-5   Filed 06/21/24   Page 1 of 7

# EXHIBIT E

24

```
Case 4:22-cv-00561-RCC   Document 42   Filed 06/15/23   Page 1 of 11
```

Stacy Scheff
LAW OFFICE OF STACY SCHEFF
P.O. Box 40611, Tucson, AZ 85717-0611
(520) 471-8333 • FAX (520) 300-8033
stacy@ScheffLaw.com
State Bar No. 028364
*Counsel for Plaintiff*

## DISTRICT COURT FOR THE UNITED STATES
## DISTRICT OF ARIZONA

| Keith Raniere, | Case No.: 4:22-cv-00561-RCC-PSOT |
|---|---|
| Plaintiff, | **PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION LIMITED DISCOVERY REGARDING EXHAUSTION OF ADMINISTRATIVE REMEDIES** |
| v. | |
| Merrick Garland, *et. al.* | |
| Defendants | |

Plaintiff, via counsel, replies in support of his Motion for Limited Discovery Regarding Exhaustion of Administrative Remedies. Doc. 38.

Defendants assert that Plaintiff did not explain what limited discovery would reveal and how those facts would preclude summary judgment. Doc. 41, p.4. Defendants complain that no affidavits or declarations supported the Motion for Limited Discovery as required under F.R.Civ.P. 56 (Summary Judgment). *Id.*

However, Defendants are confusing the rules for opposing summary judgment with the Motion for Limited Discovery. Plaintiff need not submit affidavits in support of a motion for limited discovery. The purpose of the limited discovery is to obtain evidence needed to oppose summary judgment, including affidavits. Further, Plaintiff has already submitted affidavits showing that he has been denied access to the grievance procedures, therefore satisfying Defendants' requirement. *Raniere I*, 4:22-cv-212-RCC, Doc. 29, pp.14-16 (Attached again here as Exhibit 1.)

1

Case 4:22-cv-00561-RCC   Document 42   Filed 06/15/23   Page 2 of 11

1  Defendants must first show that there is an available grievance program, then "the
2  burden shifts to the plaintiff to rebut by showing that the local remedies were ineffective,
3  unobtainable, unduly prolonged, inadequate, or obviously futile" *Albino v. Baca*, 747 F.
4  3d 1162 (9th Cir. 2014)

5      Plaintiff has asked that the court allow limited discovery on
6      the exhaustion issue. Exhaustion should be decided, if
    feasible, before reaching the merits of a prisoner's claim. If
7      discovery is appropriate, the district court may in its
    discretion limit discovery to evidence concerning exhaustion,
8      leaving until later — if it becomes necessary — discovery
    directed to the merits of the suit.

9  (*Id.*) Citing *Pavey v Conley* 544 F.3d 742. (7th Cir. 2004).

10      Plaintiff has many gaps in his knowledge about the availability of the remedies.
11  For example, while it is clear that Mr. Raniere must obtain the correct grievance or appeal
12  form from "a unit team member" it is entirely unclear from the affidavit whether "any"
13  unit manager, counselor or secretary can provide documents, or if they must be obtained
14  from the grievant's particular unit team.

15      Further, Defendants opine about the function and availability of "cop-outs",

16      11. "An Inmate Request to Staff Member (form BP-S148),
    commonly called a Cop-Out, is used to make a written request to a
17      staff member. Any type of request can be made with this form[,]" to
    include if an inmate believes that his Unit Team is not providing him
18      with administrative remedy forms or is not properly processing
    administrative remedy forms. See Att. 1 at 38. These requests or
19      "cop-outs" can be made to any staff member, including Associate
    Wardens and the Warden. An inmate may file an inmate request to
20      staff (cop-out), informal grievance (BP-8), or formal grievance (BP-
    9, BP-10, or BP-11) while in general population or while housed in
21      the SHU. See 28 C.F.R. § 541.31(o) ("You can submit a formal
22

2

grievance challenging any aspect of your confinement in the SHU through the Administrative Remedy Program[.]"). (*Id.*)

Plaintiff wonders why staff would make "cop-outs" available when grievance forms were not. Even when Plaintiff was able to obtain the forms, the ability to make copies was not always provided to Plaintiff. But grievances were rejected due to failure to attach a copy. This would make the grievances unavailable under *Ross v. Blake*.

If limited discovery were granted, Plaintiff would ask for the following:

## LOGS

1. SHU entry, daily or other logs indicating the frequency, or lack thereof, of visits by Mr. Raniere's unit team to the SHU. This would bolster his claim that he was unable to get the appropriate forms either at all or in a timely manner. Mr. Raniere has filed (and attaches here) affidavits indicating that he was unable to timely obtain grievance forms while he was in the SHU.

## POLICY CLARIFICATION

2. According to §542.14 (2) "The inmate shall place a single complaint or a reasonable number of closely related issues on the form."
   - The application of this rule is unclear and seemingly arbitrarily enforced. Who decides if issues are closely related enough, or what a reasonable number of issues is? It appears from looking at the rejected grievances filed by Defendants that the rule is interpreted to summarily reject any grievance with more than one issue, regardless of their interrelatedness. Plaintiff would seek to

3

discover the policy that Defendants have propounded instructing staff on how to handle such issues.

### REPORTS AND INVESTIGATIONS

3. According to CFR §§ 541.11 a(1) each level of the grievance process is supposed to have a person who "[is] responsible for the implementation and operation of the Administrative Remedy Program at the Community Corrections Center (CCC), institution, regional and Central Office levels, respectively, and **shall:** (1) Establish procedures for receiving, recording, reviewing, investigating and responding to Administrative Remedy Requests (Requests) or Appeals (Appeals) submitted by an inmate", and (3) "Conduct an investigation into each Request or Appeal"
    - Allowing limited discovery would allow Mr. Raniere to pierce the veil of obscurity surrounding the grievance process and let him see what procedures defendants have put in place to make sure the grievance process he is subject to is not a Sisyphean task doomed to failure. Mr. Raniere would seek to discover these people, and their "established procedures" allowing him to acquire records of the investigations performed at each level of the process would show that defendants are operating, as they must, in good faith, and not rejecting grievances for the smallest defect or procedural flaw, real or imagined, without investigating the issues raised.

4. Any reports responsive to Plaintiff's grievances, or generated through the investigatory process.

4

Case 4:22-cv-00561-RCC   Document 71-5   Filed 06/21/24   Page 6 of 7

Plaintiff contends that there is an abundance of information that could be obtained through discovery regarding the true availability, adequacy and futility of Defendant's grievance procedure.

DATED this 15th day of June, 2023 by

/s/Stacy Scheff
STACY SCHEFF
Attorney for Plaintiff

Delivered via ECF
to all registered parties