# EXHIBIT A

Arthur L. Aidala, Esq.
LAW OFFICES OF AIDALA, BERTUNA & KAMINS, P.C.
546 Fifth Avenue, 6th Floor, New York, NY 10036
(212) 486-0011 * Fax - (917) 261-4832
aidalaesq@aidalalaw.com
Attorney Appearing Pro Hac Vice
Counsel for Plaintiff

## DISTRICT COURT FOR THE UNITED STATES DISTRICT OF ARIZONA

-------------------------------------------------------------- X
                                                               :
KEITH RANIERE,                                                 :
                                                               :
                                                               :
                    Plaintiff,                                 :        Civil Action No.:
                                                               :        4:22-cv-00561-RCC
                                                               :
          v.                                                   :
                                                               :
MERRICK GARLAND, US ATTORNEY                                    :
GENERAL; COLETTE PETERS, DIRECTOR                              :
FEDERAL BUREAU OF PRISONS; UNKNOWN                             :
CURRENT WARDEN USP TUCSON, ANTHONY                            :
GALLION (all in their official capacities),                    :
                                                               :
                    Defendants.                                :
                                                               :
-------------------------------------------------------------- X

**STATEMENT OF FACTS IN OPPOSITION TO DEFENDANTS' STATEMENT OF FACTS IN SUPPORT OF DEFENDANTS' SUMMARY JUDGMENT MOTION**

**AIDALA, BERTUNA & KAMINS P.C.**

Arthur L. Aidala, Esq.
546 5th Avenue, 6th Floor
New York, New York
(212) 486-0011
aidalaesq@aidalalaw.com

*Attorneys for Plaintiff Keith Raniere*

1.     On May 5, 2022, Keith Raniere ("Plaintiff") filed a Complaint in this Court, requesting injunctive relief in the form of an order that the Bureau of Prisons ("BOP") stop retaliating against him by banning communications with his power-of-attorney and paralegal to his legal team, Suneel Chakravorty ("Mr. Chakravorty").  See *Raniere v. Garland*, AZDC 4:22-cv-00212-RCC, Doc, No. 1.

2.     On June 17, 2022, USP Tucson Warden Gutierrez recognized Mr. Chakravorty as a legal professional who was covered by attorney-client privilege and allowed to have a confidential legal call with Mr. Raniere.  *Id.*, p. 25.

3.     On June 19, 2022, Mr. Chakravorty was again recognized as a paralegal and permitted to have another confidential legal call with Mr. Raniere.  *Id.*

4.     After these two calls, each subsequent request to be recognized as a paralegal was denied. Thereafter, on July 26, 2022, Plaintiff was assaulted in the chow hall and sent to the Special Housing Unit ("SHU") where he remained until March 28, 2023, despite being exonerated of any wrongdoing in the incident. *Id,* p. 26.

5.     The BOP has four levels of grievances: (1) BP-8 (Informal Resolution Form), (2) BP-9 (Formal Request for Administrative Remedy), (3) BP-10 (Regional Office Administrative Remedy Appeal), and (4) BP-11 (Central Office Administrative Remedy Appeal).  Doc. No. 35, pp. 3-4.

6.     Each grievance is given a unique number with an extension.  The extension F-1 indicates the complaint was filed at the institution level (BP-9). The extension R-1 indicates the complaint or appeal was filed at the regional level (BP-10). The extension A-1 indicates the appeal was filed at the national level (BP-11). Doc. No. 36, p. 3.

7.     On August 8, 2022, Mr. Raniere submitted an Informal Resolution Form (BP-8) complaining that Mr. Chakravorty was banned from communicating with him for a second time. On September 6, 2022, Counselor D. Flores responded that "[b]ased on the safety and security [sic] running of the institution, it has been determined that your visitor/ contact is not appropriate at this time. You may

appeal the decision using the administrative remedy process." Annexed hereto as **EXHIBIT 1** is

Counselor D. Flores' response.

8.     On September 8, 2022, in Remedy No. 1133798-F1 (BP-9), Plaintiff requested

information about the denial of Mr. Chakravorty on his approved list. Annexed hereto as **EXHIBIT 2** is

Plaintiff's request, which states:

> "Suneel Chakravorty is my friend, power of attorney, and a para-legal on
> my legal team.  He was banned from communicating with me, reinstated
> for 2 phone calls, then banned a second time.  1) Why was he banned the
> second time?  2) What event caused this?  3) Who made this decision?  4)
> What evidence was used for this decision?  5) How did my continuing to
> have contact with him, beyond the second call after his reinstatement,
> endanger the safety and/or security of this institution (this is the reason
> given for this action – see response to my BP-8 – my questions were not
> answered)? 6) I want him reinstated ASAP!
>
> I want to know and understand this decision – not simply hear, in effect,
> this decision was made, if you want to appeal it use the administrative
> remedy process.
>
> How can I appeal a decision if I know nothing about how it was made?  I
> need the above questions answered before I can do a proper appeal!
>
> Thank you."

9.     On October 9, 2022, an unsigned response to Remedy Request Number: 1133798-Fl was

issued. Such response is Annexed hereto as **EXHIBIT 3** and it states the following:

> "This is in response to your Request for Administrative Remedy received in this office on
> September 14, 2022, wherein you are contesting the determination to restrict your
> communication with Suneel Chakravorty.
>
> The Federal Bureau of Prisons determined your contact with individuals affiliated with
> NXIVM, including Mr. Chakravorty, represents a threat to the security and good order of
> the institution. The Bureau's determination is consistent with, and supported by, your
> judgment and conviction which states, you shall not associate or contact such individuals
> upon release. If your contact with NXIVM members after release is a safety concern, it is
> also a safety and security concern while you are incarcerated.
>
> Additionally, you demonstrated a disregard for the law and the system
> of justice in your previous calls with Mr. Chakravorty. Calls with Mr. Chakravorty were
> also recorded for use in podcasts and other media, in violation of Bureau policy. After
> contact with Mr. Chakravorty was suspended in July 2020, you used an alias to continue

2

to contact Mr. Chakravorty. For these and other violations of Bureau policy, your contact with Mr. Chakravorty is restricted.

With regard to your assertion that Mr. Chakravorty is a paralegal and member of your legal team, both law and Bureau policy provide that the Warden may prohibit a legal assistant from visiting or corresponding with an inmate when necessary to maintain the security or good order of the institution. Our decision to restrict your contact with Mr. Chakravorty is consistent with this law and policy.

Based on the above, your request for Administrative Remedy is denied.

If you are dissatisfied with this response, you may appeal to the Western Regional Director. Your appeal must be received by the Regional Administrative Remedy Coordinator, Federal Bureau of Prisons, Western Regional Office, 7338 Shoreline Dr., Stockton, California, 95219, within twenty (20) calendar days from the date of this response.”

10.     Thereafter, on October 24, 2022, Plaintiff filed a Regional Administrative Remedy Appeal for ID 1133798-R1. Annexed hereto as **EXHIBIT 4** is the relevant part of the aforementioned Regional Administrative Remedy Appeal, stating as follows:

“The BP-9 response does not address the situation or questions.  This BP-9 is concerned with the <u>second</u> time communication was blocked – <u>not</u> the first.  Additionally, it raises several new issues: 1) I have had numerous calls recorded and/or calls take[n] which can be used for podcasts or other media.  I have been told specifically by DHO – in the process of having a shot expunged – this does <u>not</u> violate policy in any way.  Please tell me the policy this now violates?   2) I have not heard, nor received any shot or warning about, the alleged alias I used to contact Mr. Chakravorti [sic].  Please provide the specific evidence to prove this and any policies this alleged behavior would violate.

It is important to know these things in order to follow policies and also legitimately appeal determinations based on this unknown date.  Additionally, please answer the questions and requests raised in the BP-9.”

11.     On December 16, 2022, Plaintiff filed his second lawsuit for injunctive relief for an order that the BOP stop retaliating against him. This lawsuit includes additional facts such as the assault and being placed in the SHU.  Doc. No. 1.

12.     On January 31, 2023, Plaintiff filed a Remedy Request (ID 1139878-A2). Such request is annexed hereto as **EXHIBIT 5**, and it states as follows:

"All of my administrative remedies are either delayed, lost, rejected, or otherwise thwarted. I never received a reply to my BP-10. I have enclosed re-written copies of the final BP-8, BP-9, and BP 10 (written on a BP-9 form for I could not get a BP-10) in this series. I am in the SHU and have been trying to get forms for the 6 months I've been in the SHU. I borrowed a BP-11 form tonight. Please answer these questions: (1-6 on my enclosed BP-9 copies) and return my Trulincs account to where it was before this "scrubbing". Thank you."

13.     On February 17, 2023, Plaintiff filed an appeal in Remedy ID 1139878-A1 to the Central

office. Annexed hereto as **EXHIBIT 6** is the relevant part of the aforementioned Regional Administrative

Remedy Appeal, stating as follows:

"I have not received a response from the Regional Office. I have been in the [SHU] for over 6 months during which the facility was locked down for over a month, and my cell has been raided a number of times. Most notably important, well-marked packages from my attorney [was] taken as well as numerous papers and notes. I mention this as the reason I do not have many of the past forms, extensions, answers, etc. There is also a paucity of resources, forms, etc. in this SHU, compounding these difficulties. Please answer the questions raised on the enclosed content copies of the BP-9 and BP-10. Thank you."

14.     On March 6, 2023, the Regional Director in Remedy ID 1133798-RI issued a response,

which is annexed hereto as **EXHIBIT 7**, and which states as follows:

"This is in response to your Administrative Remedy Appeal of the Warden's decision dated October 9, 2022, wherein you state you are being denied access to call a certain individual. For relief, you request to have this individual be placed on your TRULINCS account.

Your appeal has been investigated. Program Statement 5264.08, Telephone Regulations, "The Associate Warden has authority to block a number on an inmate account in a case-by-case determination. In such cases, the Associate Warden or designee must notify the inmate of any administrative block, ordinarily within five calendar days following the denial or removal of the number." Based on an investigation by the institution of your ties to this individual, you were restricted from adding this individual to your TRULINCS account based on safety and security considerations. Based on our independent review of their investigation, we concur with their judgment and uphold their decision.

4

Your appeal is denied.  If dissatisfied with this response, you may appeal to the Office of General Counsel, Bureau of Prisons, 320 First Street, NW, Washington, D.C., 20534.  Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

M. Rios Marques, Regional Director."

15.     On March 9, 2023, a Rejection Notice for Remedy ID 1139878-A2 was issued. Such notice stated the following:

"FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL IS BEING REJECTED AND RETURNED TO YOU.  YOU SHOULD INCLUDE A COPY OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION…

REJECT REASON 1: CONCUR WITH RATIONALE OF REGIONAL OFFICE AND/OR INSTITUTION FOR REJECTION.  FOLLOW DIRECTIONS PROVIDED ON PRIOR REJECTION NOTICES." Doc. 36-1, p.64.

16.     On March 24, 2023, a Rejection Notice for Remedy ID 1133798-A1 was issued. Annexed hereto as **EXHIBIT 8** is the aforementioned notice, which states that Plaintiff did not provide a copy of his institution administrative remedy request (BP-9) form or a copy of the (BP-09) response from the warden, and he did not provide a copy of his institution administrative remedy request (BP-9) form or a copy of the (BP-09) response from the regional director. The notice also stated that Plaintiff could have resubmitted his appeal in proper form within fifteen (15) days after the rejection notice.

17.     Lastly, on April 7, 2023, a Memorandum for Contact Restriction, annexed hereto as **EXHIBIT 9**, was issued to inform Plaintiff that the communication restriction from Mr. Chakravorty had been approved.

Dated: New York, New York
      August 13, 2024

**AIDALA, BERTUNA & KAMINS P.C.**

    /s/ *Arthur L. Aidala*
Arthur L. Aidala, Esq.
546 5th Avenue, 6th Floor
New York, New York
(212) 486-0011
aidalaesq@aidalalaw.com

*Attorneys for Plaintiff Keith Raniere*

EXHIBIT 1

**RANIERE, Keith**                                          09/06/2022

Reg. No. 57005-177

Based on the safety and security running of the institution, it has been determined that
your visitor/contact is not appropriate at this time. You may appeal the decision using the
administrative remedy process.

D. Flores, CCC

EXHIBIT 2

U.S. DEPARTMENT OF JUSTICE                    **REQUEST FOR ADMINISTRATIVE REMEDY**

Federal Bureau of Prisons

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Raniere, Keith, A          57005-177      C-1          Tucson
    LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A– INMATE REQUEST** Suneel Chakravorti, my friend, power of attorney and a para-legal on my legal team, He was banned from communicating with me, reinstated for 2 phone calls, then banned a second time. 1) Why was he banned the second time? 2) What event caused this? 3) Who made this decision? 4) What evidence was used for this decision? 5) How did my continuing to have contact with him beyond the second call after his reinstatement endanger the safety and/or security of this institution (this is the reason given for this action – see response to my BP-8 – my questions were not answered)? 6) I want him reinstated ASAP!

I want to know and understand this decision – not simply hear, in effect, this decision was made, if you want to appeal it then use the administrative remedy process.

How can I appeal a decision if I know nothing about how it was made? I need the above questions answered before I can do a proper appeal! Thank you.

9/8/22                                  [signature] Keith VanRaniere
    DATE                                  SIGNATURE OF REQUESTER

**Part B– RESPONSE**

---

    DATE                                  WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**                    CASE NUMBER: 1133 798 -F1

                                        CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
    LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

    DATE                              RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 1982

EXHIBIT 3

U.S. Department of Justice  
Federal Bureau of Prisons  
FCC Tucson

Request for Administrative Remedy  
Part B - Response

---

Admin. Remedy Number: 1133798-F1

This is in response to your Request for Administrative Remedy received in this office on September 14, 2022, wherein you are contesting the determination to restrict your communication with Suneel Chakravorty.

The Federal Bureau of Prisons determined your contact with individuals affiliated with NXIVM, including Mr. Chakravorty, represents a threat to the security and good order of the institution. The Bureau's determination is consistent with, and supported by, your judgment and conviction which states, you shall not associate or contact such individuals upon release. If your contact with NXIVM members after release is a safety concern, it is also a safety and security concern while you are incarcerated.

Additionally, you demonstrated a disregard for the law and the system of justice in your previous calls with Mr. Chakravorty. Calls with Mr. Chakravorty were also recorded for use in podcasts and other media, in violation of Bureau policy. After contact with Mr. Chakravorty was suspended in July 2020, you used an alias to continue to contact Mr. Chakravorty. For these and other violations of Bureau policy, your contact with Mr. Chakravorty is restricted.

With regard to your assertion that Mr. Chakravorty is a paralegal and member of your legal team, both law and Bureau policy provide that the Warden may prohibit a legal assistant from visiting or corresponding with an inmate when necessary to maintain the security or good order of the institution. Our decision to restrict your contact with Mr. Chakravorty is consistent with this law and policy.

Based on the above, your request for Administrative Remedy is denied.

If you are dissatisfied with this response, you may appeal to the Western Regional Director. Your appeal must be received by the Regional Administrative Remedy Coordinator, Federal Bureau of Prisons, Western Regional Office, 7338 Shoreline Dr., Stockton, California, 95219, within twenty (20) calendar days from the date of this response.

EXHIBIT 4

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: RANIERE, Keith, A    57005-177    C-1    USP Tucson
      LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A - REASON FOR APPEAL** The BP-9 response does not address the situation or questions. This BP-9 is concerned with the second time communication was blocked - not the first. Additionally, it raises several new issues: 1) I have had numerous calls recorded and/or notes take which can be used for podcasts or other media. I have been told specifically by Otto - in the process of having a shot expunged - this does not violate policy in any way. Please tell me the policy this now violates? 2) I have not heard, nor received any shot or warning about, the alleged alias I used to contact Mr. Chakravorti. Please provide the specific evidence to prove this and any policies this alleged behavior would violate.

It is important to know these things in order to follow policies and also legitimately appeal determinations based on this unknown data. Additionally, please answer the questions and requests raised in the BP-9.

10/24/22
/ DATE

_Keith Alan Raniere_
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

JAN 3 1 2024

WESTERN REGIONAL OFFICE

_____
DATE

REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE            CASE NUMBER: 1137798-R1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
      LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____
DATE

SIGNATURE, RECIPIENT OF REGIONAL APPEAL

FPI-PEPR      PRINTED ON RECYCLED PAPER

BP-230(13)
JUNE 2002

EXHIBIT 5

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: Raniere, Keith, A          57005-177          C-1 (SHU A)     USP Tucson
      LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A - REASON FOR APPEAL** All of my administrative remedies are either delayed, lost, rejected, or otherwise thwarted. I never received a reply to my BP-10, I have enclosed re-written copies of the final BP-8, BP-9, and BP-10 (written on a BP-9 form for I could not get a BP-10) in this series. I am in the S.H.U, and have been trying to get forms for the 6 months I've been in the S.H.U, I borrowed a BP-11 form tonight, please answer these questions (1.- 6. on my enclosed BP-9 copies) and return my Trulincs account to where it was before this "scrubbing". Thank you.

1/31/23
DATE

~~Keith Alan Raniere~~ (signature)
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

D!P

RECEIVED

FEB 13 2023

Administrative Remedy Section
Federal Bureau of Prisons

_____          GENERAL COUNSEL
DATE

ORIGINAL: RETURN TO INMATE          CASE NUMBER: 1139878-A2

**Part C - RECEIPT**
                                        CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION
SUBJECT: _____

_____          _____
DATE                     SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

UPN LVN          PRINTED ON RECYCLED PAPER          BP-231(13)
                                                    JUNE 2002

# EXHIBIT 6

U.S. Department of Justice

**Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeals.

From: __Raniere, Keith, A__     __57005-177__    __C-1 (SHU A)__   __USP Tucson__
       LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A - REASON FOR APPEAL** I have not received a response from the Regional Office. I have been in the for over 6 months during which the facility was locked down for over a month, and my cell has been raided a number of times. Most notably important, well-marked, packages from my attorney taken as well as numerous papers and notes. I mention this as the reason I do not have many of the past forms, extensions answers etc. There is also a paucity of resources, forms, etc in this SHU compounding these difficulties. Please answer the questions raised on the enclosed content copies of the BP-9 and BP-10. Thank you.

__2/17/23__
DATE

__Keith Alan Raniere__
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

1RQ
RAP>B
125A

RECEIVED

MAR 0 7 2023

Administrative Remedy Section
Federal Bureau of Prisons

_____     _____
DATE                   GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE     CASE NUMBER: __1137798-A1__

**Part C - RECEIPT**
                            CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____
DATE              SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

UPN LVN        PRINTED ON RECYCLED PAPER                             BP-231(13)
                                                             JUNE 2002

# EXHIBIT 7

1133798-R1
USP Tucson

This is in response to your Administrative Remedy Appeal of the Warden's decision dated
October 9, 2022, wherein you state you are being denied access to call a certain individual. For
relief, you request to have this individual be placed on your TRULINCS account.

Your appeal has been investigated. Program Statement 5264.08, Telephone Regulations, "The
Associate Warden has authority to block a number on an inmate account in a case-by-case
determination. In such cases, the Associate Warden or designee must notify the inmate of an
administrative block, ordinarily within five calendar days following the denial or removal of the
number." Based on an investigation by the institution of your ties to this individual, you were
restricted from adding this individual to your TRULINCS account based on safety and security
considerations. Based on our independent review of their investigation, we concur with their
judgment and uphold their decision.

Your appeal is denied. If dissatisfied with this response, you may appeal to the Office of the
General Counsel, Bureau of Prisons, 320 First Street, N.W., Washington, D.C., 20534. Your
appeal must be received in the General Counsel's Office within 30 calendar days of the date of
this response.

3 6 23
Date

M. Rios Marques, Regional Director

EXHIBIT 8

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MARCH 24, 2023

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : KEITH RANIERE, 57005-177
      TUCSON USP    UNT: 4 GP    QTR: Z01-112LAD
      9300 SOUTH WILMOT ROAD
      TUCSON,  AZ 85756

FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID      : 1133798-A1      CENTRAL OFFICE APPEAL
DATE RECEIVED  : MARCH 7, 2023
SUBJECT 1      : LEGAL PHONE CALLS
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT PROVIDE A COPY OF YOUR    INSTITUTION
                ADMINISTRATIVE REMEDY REQUEST (BP-9) FORM OR   A COPY
                OF THE (BP-09) RESPONSE FROM THE WARDEN.

REJECT REASON 2: YOU DID NOT PROVIDE A COPY OF YOUR    REGIONAL OFFICE
                ADMINISTRATIVE REMEDY APPEAL (BP-10) FORM OR   A COPY
                OF THE (BP-100 RESPONSE FROM THE REGIONAL DIRECTOR.

REJECT REASON 3: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                15 DAYS OF THE DATE OF THIS REJECTION NOTICE.

EXHIBIT 9



**U.S. Department of Justice**

**Federal Bureau of Prisons**

**Federal Correctional Complex**

*Tucson, Arizona 85756*

April 7, 2023

## MEMORANDUM FOR CONTACT RESTRICTION

**SUBJECT:** Keith Raniere 57005-177

This memorandum is to serve the purpose to inform you, Keith Raniere, that a communication restriction from Suneel Chakravorty has been approved.