GARY M. RESTAINO
United States Attorney
District of Arizona
DENISE ANN FAULK
Assistant U.S. Attorney
Arizona State Bar No. 12700
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: (520) 620-7300
Email: denise.faulk@usdoj.gov
Attorneys for the Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith Raniere,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Merrick Garland, et al.,<br><br>　　　　　Defendants. | CV 22-00561-TUC-RCC<br><br>**DEFENDANTS' RESPONSE TO MOTION FOR LEAVE TO FILE PLAINTIFF'S STATEMENT OF FACTS AND CONTROVERTING STATEMENT OF FACTS IN OPPOSITION TO DEFENDANTS' STATEMENT OF FACTS IN SUPPORT OF DEFENDANTS' SUMMARY JUDGMENT MOTION** |

　　　　Defendants Garland, Peters, Gutierrez and Ulrich, acting through undersigned counsel in their official capacities, respond to Plaintiff's Motion for Leave to File Plaintiff's Statement of Facts and Controverting Statement of Facts in Opposition to Defendants' Statement of Facts in Support of Defendants' Summary Judgment Motion *Nunc Pro Tunc* (Doc. 73.)  The Court should deny the motion because Plaintiff's proposed documents fail to comply with LRCiv 56.1.  This response is supported by the following memorandum of points and authorities and all matters of record.

　　　　　　　　　　　**Memorandum of Points and Authorities**

**I.　　Background**

　　　　On May 1, 2023, Defendants filed their motion for summary judgment.  (Doc. 35.) Defendants supported the motion with a separate Statement of Facts (SOF).  (Doc. 36.)

The SOF was based on a sworn Declaration and authenticated documents.  (*Id.*)

On May 2, 2023, this Court entered its Order warning Plaintiff that the Court could dismiss his Complaint if he did not properly respond to the motion.  (Doc. 37.)  The Court specifically warned Plaintiff that he "cannot simply rely on what [his] complaint says."  (*Id.* at 2.)  And the Court directed Plaintiff to LRCiv 56.1(b), which provides the requirements for controverting a statement of facts.  (*Id.* at 3.)  Finally, the Court directed Plaintiff to cite to the specific paragraph in his statement of facts that supports each assertion of fact in his memorandum.  (*Id.*, citing LRCiv 56.1(e.).)

Thereafter, Plaintiff filed many motions to extend the time to respond to the motion.  (Docs. 38, 39, 48, 52, 55, 57, 59, 61, 63, 65, 67, 69.)  The Court eventually extended Plaintiff's deadline to June 21, 2024, over one year after the original deadline.  (Doc. 70.)

On June 21, 2024, Plaintiff filed his Response to the Defendants' Motion for Summary Judgment on Exhaustion.  (Doc. 71.)  Plaintiff did not file a controverting statement of facts.  (Docket, generally.)  Plaintiff did not include references to "the specific admissible portion of the record supporting the party's position."  (Doc. 71.)

On July 8, 2024, Defendants filed their reply, in which they noted Plaintiff's failure to file a controverting statement of facts and failure to cite to the specific portion of the record supporting his position.  (Doc. 72 at 2.)  The motion has been deemed ready for decision without oral argument since July 9, 2024.  (Doc. 37 at 5.)

On August 13, 2024, Plaintiff filed the instant motion, seeking leave to file a statement of facts and a controverting statement of facts.  (Doc. 73.)  He asserts that the "documents have been inadvertently omitted in Plaintiff's previous filings due to a clerical error by a staffer."  (*Id.* at 2.)  He attaches his proposed statement of facts (PSOF) as Exhibit A and his proposed controverting statement of facts (PCSOF) as Exhibit B.  (Docs. 73-1 and 73-2, respectively.)  Exhibit A includes nine unauthenticated documents, Exhibits 1-9.  (Doc. 73-1 at 9-26.)

Paragraph 1 of Plaintiff's PSOF cites to the Complaint in *Raniere v. Garland*, No. 4:22-cv-00212-RCC (*Raniere I*) (D. Ariz.).  (Doc. 73-1 at 3.)  Paragraphs 2, 3 and 4 cite to

- 2 -

the same document, but they appear to reference the allegations in the current Complaint. (*Id.*)  Paragraphs 7-10, 12-14 and 16-17 cite to the unauthenticated documents attached to P's PSOF.  (*Id.* at 3-7.)

Plaintiff's PCSOF does not include any citations.  (Doc. 73-2.)

**II.   Plaintiff's PSOF and PCSOF do not comply with LRCiv 56.**

LRCiv 56(b) provides

> Any party opposing a motion for summary judgment must file a statement, separate from that party's memorandum of law, setting forth: (1) for each paragraph of the moving party's separate statement of facts, a correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and *a reference to the specific admissible portion of the record supporting the party's position if the fact is disputed*; and (2) any additional facts that establish a genuine issue of material fact or otherwise preclude judgment in favor of the moving party.  *Each additional fact* must be set forth in a separately numbered paragraph and *must refer to a specific admissible portion of the record where the fact finds support.*  No reply statement of facts may be filed.

(Emphasis added.)

Plaintiff's PCSOF does not refer to a specific portion of the record supporting the party's position as to disputed facts.  (Doc. 73-2.)  Plaintiff's PSOF does not refer to a specific admissible portion of the record where the fact finds support.  (Doc. 73-1.)  In other words, despite Plaintiff's admission that he was required to comply with LRCiv. 56(b) (Doc. 73 at 2), his PCSOF and PSOF simply do not.

Plaintiff similarly failed to follow this Court's Order.  The Court warned Plaintiff that he "cannot simply rely on what [his] complaint says."  (Doc. 37 at 2.)  The first four paragraphs of Plaintiff's PSOF do just that.  (Doc. 73-1 at 3.)  The Court directed Plaintiff to "set out *specific facts in . . . authenticated documents*" to contradict Defendants' facts "and show that there is a genuine issue of material fact for trial."  (Doc. 37 at 2.) Paragraphs 7-10, 12-14 and 16-17 cite to *unauthenticated* documents.  (Doc. 73-1 at 3-7.)

Plaintiff also violated LRCiv 56.1(e), which requires a party to cite to the specific paragraph in his statement of facts that supports each assertion of fact in his memorandum.[1]  (Doc. 71.)  Plaintiff's memorandum does not include any citations to his

---

[1] The Court also reminded Plaintiff of this requirement in its Order.  (Doc. 37 at 3.)

PSOF or to his PCSOF. (*Id.*) Instead, Plaintiff's memorandum cites to his Complaint and to unauthenticated documents attached to his memorandum.[2] (*Id.* at 8, 10-12, 15.)

This Court denied Plaintiff's last request for a *nunc pro tunc* Order in this case, quoting *In re Miller*, 620 B.R. 637, 640 (Bankr. E.D. Cal. 2020) (cleaned up), as follows:

> Federal courts may issue *nunc pro tunc orders*, or 'now for then' orders, to reflect the reality of what has already occurred[.] Such a decree presupposes a decree allowed, or ordered, but not entered, through inadvertence of the court. Put colorfully, *nunc pro tunc* orders are not some Orwellian vehicle for revisionist history - creating 'facts' that never occurred in fact. Put plainly, the court cannot make the record what it is not.

(Doc. 29 at 1.) At the time, the Court noted that Plaintiff "gives no explanation why a *nunc pro tunc* Order is appropriate now." (*Id.* at 2.)

Here, Plaintiff does not explain why he waited to file the instant motion until 53 days after filing the Response without a controverting statement of facts. (Doc. 73.) He does not explain why he waited 36 days after Defendants pointed out his failure in their Reply. (*Id.*) He does not explain why the Court should grant him leave to file the PSOF and PCSOF when his memorandum does not reference either, as LRCiv 56(e) requires. (*Id.*) And he does not explain why the Court should allow him to file a statement of facts that does not follow LRCiv 56(b). (*Id.*) In short, once again Plaintiff fails to explain "why a *nunc pro tunc* Order is appropriate now." (*See* Doc. 29 at 2.)

**III. Conclusion**

Plaintiff has not shown that this Court should allow him to file a statement of facts that does not follow local rules over a month after the motion was deemed ready for decision. Based on the foregoing, Defendants respectfully request that this Court deny Plaintiff's motion (Doc. 73).

---

[2] Plaintiff does not explain how "a clerical error during the ECF filing process" could lead to Plaintiff's memorandum being filed *with* citations to documents attached thereto and *without* citations to his PSOF and PCSOF. (Doc. 73.)

- 4 -

RESPECTFULLY SUBMITTED:  August 26, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona


*s/ Denise Ann Faulk*
DENISE ANN FAULK
Assistant U.S. Attorney

Copy of the foregoing
served via CM/ECF to:

Arthur L Aidala
Law Offices of Aidala, Bertuna
& Kamins PC - Brooklyn, NY
8118 13th Ave.
Brooklyn, NY 11228
Email: aidalaesq@aidalalaw.com
Attorney for Plaintiff

*s/ M. Parker*
/ Resp to MF Leave to File SOF - ND