
Arthur L. Aidala, Esq.
LAW OFFICES OF AIDALA, BERTUNA & KAMINS, P.C.
546 Fifth Avenue, 6th Floor, New York, NY 10036
(212) 486-0011 * Fax - (917) 261-4832
aidalaesq@aidalalaw.com
Attorney Appearing Pro Hac Vice
Counsel for Plaintiff

## DISTRICT COURT FOR THE UNITED STATES DISTRICT OF ARIZONA

------------------------------------------------------------X
KEITH RANIERE,

                Plaintiff,

                v.

MERRICK GARLAND, US ATTORNEY GENERAL; COLETTE PETERS, DIRECTOR FEDERAL BUREAU OF PRISONS; UNKNOWN CURRENT WARDEN USP TUCSON, ANTHONY GALLION (all in their official capacities),

                Defendants.
------------------------------------------------------------X

Civil Action No.:
4:22-cv-00561-RCC

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO MOTION FOR LEAVE TO FILE PLAINTIFF'S STATEMENT OF FACTS AND CONTROVERTING STATEMENT OF FACTS IN OPPOSITION TO DEFENDANTS' STATEMENT OF FACTS IN SUPPORT OF DEFENDANTS' SUMMARY JUDGMENT MOTION *NUNC PRO TUNC***

**AIDALA, BERTUNA & KAMINS P.C.**

Arthur L. Aidala, Esq.
546 5th Avenue, 6th Floor
New York, New York
(212) 486-0011
aidalaesq@aidalalaw.com
*Attorneys for Plaintiff Keith Raniere*

Plaintiff, Keith Raniere ("Plaintiff"), respectfully submits this Reply to Defendants' Response to Plaintiff's Motion for Leave to File Plaintiff's Statement of Facts and Controverting Statement of Facts in Opposition To Defendants' Statement of Facts in Support of Defendants' Summary Judgment Motion *Nunc Pro Tunc* ("Plaintiff's Motion"). Plaintiff would not oppose any request by the Defendants to supplement their Reply should Defendants deem it necessary to do so in light of the documents Plaintiff seeks to file. In reply to Defendants' Response, Plaintiff states as follows:

1. While Defendants submit that the additional documents ("Lodged Documents") should not be allowed, they fail to demonstrate any specific prejudice that would result from their inclusion. The proposed additional documents are directly relevant to the issues raised in Defendants' Motion for Summary Judgment and serve to clarify and support the arguments previously made in Plaintiff's Memorandum of Law in Support of his Opposition to Defendants' Summary Judgment Motion ("Plaintiff's Opposition").

2. By allowing Plaintiff to submit the Lodged Documents referred to in Plaintiff's Motion, this Court would ensure that it will have a complete and accurate record on which to base its decision. Plaintiff is not seeking to introduce new arguments or legal theories. Quite to the opposite, Plaintiff is seeking to supplement the record with documents that directly address the matters already at issue and which were intended to be filed contemporaneously with his Memorandum of Law. If this Court will grant Plaintiff leave to file the Lodged Documents, the scope or nature of Plaintiff's Opposition will not be expanded. Rather, Plaintiff would simply be allowed to provide a clearer understanding of the issues before the Court.

3. "The determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length

of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v United States Postal Serv.*, 231 F3d 1220 (9th Cir. 2000).

4. First, Defendants will not suffer any prejudice as a result of the filing of these additional documents. The Lodged Documents do not present any unexpected or overly burdensome material that would disrupt Defendants' ability to respond adequately, if they wish to request the opportunity to submit a further Reply. If necessary, the Court may grant Defendants an opportunity to address the Lodged Documents, thus ensuring procedural fairness, without Plaintiff's opposition and with his consent. Therefore, the inclusion of these documents only serves the interest of justice by enabling the Court to fully evaluate the merits of the case with all pertinent information.

5. Moreover, here, similarly to *Bateman*, there would be no disadvantage to Defendants, "beyond that suffered by any party which loses a quick victory." *Id*. While Plaintiff timely filed an opposition, it failed to file additional documents required by Local Rules (i.e., LRCiv. 56(b)). As such, if this Court were to deny the instant Motion, the statement of facts submitted by Defendants would be considered as if it were unopposed by Plaintiff. However, "[a] motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule." *Henry v. Gill Indus., Inc.,* 983 F2d 943 (9th Cir. 1993), quoting *Hibernia Natl. Bank v Administracion Cent. Sociedad Anonima*, 776 F2d 1277 (5th Cir. 1985). Further, "[a] local rule that requires the entry of summary judgment simply because no papers opposing the motion are filed or served, and without regard to whether genuine issues of material fact exist, would be inconsistent with Rule 56, hence impermissible under Rule 83." *Id.* By granting Defendants' Summary Judgment Motion due to Plaintiff's

failure to attach a statement of facts and controverting statement of facts per LRCiv. 56(b), would create a similar inconsistency to that addressed in *Gill Industries*.

6.      If this Court were to deny the instant motion, and grant Defendants' Summary Judgment Motion, it would effectively grant a "quick victory" to the Defendants despite the presence of statements of material facts and controverting facts that highlight genuine issues of material fact which, although they have not been filed due to a clerical mistake, would be able to at least weigh in the assessment of whether the Summary Judgment should be granted or denied. In other words, by their Response Defendants seek to capitalize on a mere good-faith, clerical error, disregarding the substantive material issues that exist and warrant the denial of summary judgment.

## **CONCLUSION**

In sum, an Order granting leave Plaintiff's Motion would not disadvantage Defendants, since Plaintiff would not oppose any request by the Defendants to supplement its Reply should Defendants deem it necessary to do so in light of the documents Plaintiff seeks to file. Therefore, considering the inherent lack of prejudice to Defendants, Plaintiff respectfully requests that this Court grant his Motion *nunc pro tunc*, or provide for any other relief that this Court deems appropriate in order to place the record in the proper state as if the documents were timely filed.

Dated: September 13, 2024
         New York, New York

                                    Respectfully submitted,

                                    **AIDALA, BERTUNA & KAMINS P.C.**

By:

                                    _____*/s/ Arthur L. Aidala*_____
                                    Arthur L. Aidala, Esq.
                                    546 5th Avenue, 6th Floor
                                    New York, New York
                                    (212) 486-0011
                                    aidalaesq@aidalalaw.com